**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARGARETTE SMITH, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br><br>Defendant. | CASE NO. 16cv2519-GPC(BLM)<br><br>**ORDER DEFERRING RULING ON MOTION TO DISMISS** |

Before the Court is Defendant's motion to dismiss the first amended complaint ("FAC"). (Dkt. No. 19.) Plaintiff filed an opposition and Defendant filed a reply. (Dkt. Nos. 22, 23.) Based on the reasoning below, the Court DEFERS ruling on Defendant's motion to dismiss until the Court's ruling on the motion to substitute parties that Plaintiff intends to file by July 25, 2017.

**Background**

On October 7, 2016, Plaintiff Margarette Smith ("Plaintiff" or "Smith") filed a purported class action complaint against Defendant Specialized Loan Servicing, LLC ("Defendant" or "SLS") for violations of Regulation X of the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. § 1024.41 and related causes of action. (Dkt. No. 1.) On May 3, 2017, the Court granted in part and denied in part Defendant's motion to dismiss with leave to amend. (Dkt. No. 16.) On May 10, 2017, Plaintiff

1  filed a first amended purported class action complaint against Defendant for violations
2  of Regulation X, 12 C.F.R. §1024.41, and California Unfair Competition Law
3  ("UCL"), Cal. Bus. & Prof. Code 17200 *et seq.* (Dkt. No. 17, FAC.)

Prior to the filing of the FAC, Smith died on April 18, 2017. (Id. ¶ 8.) According to her last will and testament filed with the San Diego Recorder's Office, Smith's home at 2452 Blackton Drive, San Diego, CA 92105, the subject property at issue in this case, is part of an irrevocable trust to which her three granddaughters, Zarah Kimble, Seher Basak, and Sarah Sakinah Groza O'Loughlin are equal beneficiaries. (Id.) According to the FAC, Smith's granddaughters are her successors in interest and succeeded to Smith's interest in the property. (Id.)

In its motion, Defendant moves to dismiss the FAC for lack of Article III standing simply because Plaintiff has passed away and no longer has a cognizable interest in the outcome of the pending litigation, and her successors in interest or representatives have not been named as parties to the action.[1] Defendant also contends that Smith lacks prudential standing because she does not have the capacity to sue under Rule 17(b)(1) as a deceased plaintiff. In response, Plaintiff's counsel argues that she informed defense counsel about Smith's death and requested that defense counsel stipulate to a joint motion to substitute in Smith's successors-in-interest. When defense counsel declined to stipulate, Plaintiff's counsel asserts that she intends to file a motion to substitute parties under Rule 25(a)(1) by the deadline of July 25, 2017.

It is not disputed that Smith, now deceased, is not a proper plaintiff in this action and a successor-in-interest or a personal representative must be substituted in pursuant to Rule 25(a)(1). After a review of the parties' briefs, the Court questions why Defendant did not take up Plaintiff's counsel's offer to stipulate for an extension of time to respond to the FAC to allow Plaintiff to file a motion to substitute in order to

---

[1] Alternatively, in the event the Court declines to dismiss the action, Defendant also argues that the class allegations should be struck pursuant to Rule 12(f) as the successor in interest issue will delay class certification and unique defenses by the purported successors cannot satisfy the typicality or adequate representation elements for class certification.

- 2 -

avoid unnecessary filings and conserve judicial resources. The Court also questions why Plaintiff's counsel did not seek leave of court for an extension of time to file the FAC in order to address substitution issues. In the interests of efficiency and conserving resources, the Court DEFERS its ruling on the motion to dismiss until the substitution issues are resolved.

In opposition, Plaintiff's granddaughters request leave to amend and to be substituted in as Plaintiffs; however, an opposition is not the proper avenue to seek substitution of parties. Even if it were proper, although the parties address the substitution issues in the motion to dismiss, the Court is not in the position to make a determination based on the lack of sufficient documentation and legal authority provided by the parties. In the upcoming motion to substitute parties, the parties must provide the Court with relevant legal authority and supporting documentation, including whether the subject property was transferred to the Trust or is subject to probate.

The hearing date set for July 21, 2017 shall be **vacated.**

IT IS SO ORDERED.

DATED: July 12, 2017

HON. GONZALO P. CURIEL
United States District Judge