**TYCKO & ZAVAREEI LLP**
Annick M. Persinger (State Bar No. 272996)
483 Ninth St., Suite 200
Oakland, CA 94607
Telephone: (510) 254-6810
Facsimile: (510) 210-0571
E-Mail:   apersinger@tzlegal.com

**TYCKO & ZAVAREEI LLP**
Jonathan K. Tycko
Lorenzo B. Cellini
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
E-Mail:  jtycko@tzlegal.com
         lcellini@tzlegal.com

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARETTE SMITH on Behalf of Herself and all Others Similarly Situated,<br><br>                              Plaintiff,<br><br>         v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br><br>                              Defendant. | Case No. 3:16-cv-02519-GPC-BLM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR THE SUBSTITUTION OF PARTIES PURSUANT TO FED. R. CIV. PROC. 25**<br><br>Date:  September 15, 2017<br>Time:  1:30 p.m.<br>Courtroom: 2D<br><br><br>Hon. Gonzalo P. Curiel |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

**PAGE(S)**

I.     INTRODUCTION ........................................... 1
II.    LEGAL STANDARD ......................................... 2
III.   PLAINTIFF'S GRANDDAUGHTERS ARE SUCCESSORS IN INTEREST AND MAY BE SUBSTITUTED IN THIS ACTION................... 4
IV.   CONCLUSION ............................................... 10

## I.     INTRODUCTION

Movants Zarah Kimble, Sarah Sakinah Groza O'Loughlin, and Seher Basak ("Movants"), Plaintiff Margarette Smith's granddaughters, regret to report that Plaintiff Smith died April 18, 2017.  Movants are Plaintiff Smith's successors in interest to this action and to the family home at issue, 2452 Blackton Drive, San Diego, CA 92105 (the "Family Home").  *See* Declaration of Zarah Kimble; Declaration of Sarah Sakinah Groza O'Loughlin; Declaration of Seher Basak; Cal Code Civ. Proc. § 377.32; *Frank v. J.P. Morgan Chase Bank, N.A.*, 2016 WL 3055901 (N.D. Cal. May 31, 2016) (finding that decedent's successor in interest had standing to sue as a borrower under RESPA).  Indeed, not only are Movants successors in interest to the Family Home, both Sarah Sakinah Groza O'Loughlin, and Seher Basak currently live there. *See* Declaration of Zarah Kimble ¶ 8; Declaration of Sarah Sakinah Groza O'Loughlin ¶ 7; Declaration of Seher Basak ¶ 7. Since Movants are Plaintiff Smith's successors in interest, Movants seek to substitute themselves as Plaintiffs in this action. As detailed below, Movants have submitted the necessary documentation for substitution and the Family Home is property of the trust and is not subject to probate. Accordingly, the Court should grant their motion.

## II. FACTUAL BACKGROUND

On March 18, 2003, Plaintiff Margarette Smith executed The Margarette Smith Trust (the "Trust"). Declaration of Zarah Kimble at Ex. A. Ms. Smith was named as both the trustor and trustee of the Trust. *Id.*, Ex. A at 2. All trust property was identified in Schedule "A" attached to the Trust. *Id.*, Ex. A at 2, 16. The Trust stated that all trust property identified in Schedule "A" was transferred and conveyed to Ms. Smith as trustee of the Trust. *Id.* Schedule "A" identified the Family Home as trust property: "**Real Estate:** 2452 Blackton Drive, San Diego, CA 92150." *Id.* at 16. The Trust identified Stephanie Spiers and the Movants' mother, Lynette Ethan-Groza, as successor trustees in the event Ms. Smith could no longer serve as trustee. *Id.*, Ex. A at ¶ 3.1. The Trust also identified Ms. Spiers and Ms. Groza as beneficiaries of the

1  Trust, unless Ms. Spiers or Ms. Groza predeceased Ms. Smith, in which case their
2  children would be the beneficiaries. *Id.*, Ex. A at ¶ 4.2.

3       On May 31, 2005, Ms. Smith executed the Will of Margarette Smith (the
4  "Will"). Declaration of Zarah Kimble at Ex. B. The Will included a "pour-over"
5  provision that conveyed all Ms. Smith's estate to the trustee of the Trust. *Id.*, Ex. B
6  ("A. Gift to Trust. I give all of my estate to the trustee then in office of the [Trust] . . .
7  to be held an administered by the trustee according to the terms and conditions of that
8  trust including, without limitation, any amendment made to it before my death[.]").

9       On May 31, 2005, Ms. Smith and Ms. Groza executed the First Amendment To
10 The Margarette Smith Trust (the "Amendment"). Declaration of Zarah Kimble at Ex.
11 C. The Amendment removed Ms. Spiers as a successor trustee and identified Ms.
12 Groza as the sole successor trustee. *Id.*, Ex. D at ¶ 3.1. The Amendment then
13 identified Movant Zarah Kimble (formerly Zarah Groza-Shrooki) as successor trustee
14 in the event that her mother could not serve as successor trustee. *Id.* The Amendment
15 also identified Ms. Groza as the sole beneficiary of the trust, unless Ms. Groza
16 predeceased Ms. Smith, in which case Ms. Groza's children would be equal-part
17 beneficiaries. *Id.*, Ex. C. at ¶ 4.2.[1] The Amendment further included a "Schedule A" to
18 the Trust, which contained a legal description of the Family Home property. *Id.* Ex. C
19 at 5; *see also* ECF No. 19-3 at pp. 20 (same legal description in deed of trust).

20      Ms. Groza passed away in August 2016. Declaration of Zarah Kimble at Ex. D.
21 Ms. Smith passed away in April 2017. *Id.* at Ex. E. Thus, pursuant to the terms of the
22 Trust, Ms. Smith's Will, and the Amendment to the Trust, Movant Zarah Kimble is
23 now the successor trustee of the Trust and the Movants share the benefits of the trust
24 and Ms. Smith's estate equally.

25 **II.  LEGAL STANDARD**

26      Federal Rule of Procedure 25 governs motions for the substitution of parties in

27 _____
   [1] The Will and the Amendment intentionally failed to provide for Ms. Spiers.
28 Declaration of Zarah Kimble, Ex. C at 1, Ex. D at ¶ 4.2.

the event of a party's death. Rule 25 provides in pertinent part:

> (a) Death.
>
> (1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. …

Fed. R. Civ. P. 25.

Under Rule 17(b), whether Movants are Plaintiff Smith's successors is governed by California law. Fed. R. Civ. P. 17(b) ("[C]apacity to sue or be shall be determined by the law of the state in which the district court is held."); *see also e.g.*, *Estate of Ruben Nunez*, 2016 WL 3854583, at *1 (S.D. Cal. Jul. 14, 2016).

"Under California law, '[a] cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest, ... and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest.'" *Estate of Ruben Nunez*, 2016 WL 3854583, at *1 (quoting Cal. Code Civ. Proc. § 377.30).

"Successor in interest" is defined as "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Code Civ. Proc. § 377.11. "Beneficiary of the decedent's estate" means '[i]f the decedent died leaving a will, the sole beneficiary or all of the beneficiaries who succeed to a cause of action, or to a particular item or property that is the subject of a cause of action, under the decedent's will." Cal. Code Civ. Proc. § 377.10(a).

In California, the person who seeks to commence an action as the decedent's successor in interest is required to execute and file an affidavit or declaration under penalty of perjury, stating the following:

> (1) The decedent's name.
>
> (2) The date and place of the decedent's death.
>
> (3) "No proceeding is now pending in California for administration of the decedent's estate."

(4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.

(5) Either of the following, as appropriate, with facts in support thereof:

    (A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."

    (B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."

(6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding."

(7) The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct."

Cal. Code Civ. Proc. § 377.32(a).  Additionally, a "certified copy of the decedent's death certificate shall be attached to the affidavit or declaration." Cal. Code Civ. Proc. § 377.32 (c). As detailed below, Movants are Plaintiff Smith's successors in interest and have met their burden of demonstrating that they should be substituted as plaintiffs in this action.

## III.   PLAINTIFF'S GRANDDAUGHTERS ARE SUCCESSORS IN INTEREST AND MAY BE SUBSTITUTED IN THIS ACTION

For the following reasons Movants, Plaintiff Smith's granddaughters, are successors in interest that should be substituted in this action.

*First*, this motion is timely made.  *See* Declaration of Zarah Kimble, Certificate of Death, Exhibit E; Fed. R. Civ. P. 25 ("If the [substitution] motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.").

*Second*, there are no proceedings pending for the administration of Plaintiff Smith's estate. As a result, there is no personal representative to bring the action and Plaintiff Smith's successors may maintain the above entitled action. *See* Declaration

of Zarah Kimble ¶ 4 ("No proceeding is now pending in California for the administration of my grandmother's estate. [Cal. Code Civ. P. 377.32(a)(3)]. Thus, my grandmother's estate has no personal representatives since there is no court-appointed executor or administrator of the estate."); Declaration of Sarah Sakinah Groza O'Loughlin ¶ 4 (same); Declaration of Seher Basak ¶ 4 (same); *Estate of Ruben Nunez*, 2016 WL 3854583, at *1 ("Because Plaintiff has demonstrated there is no court-appointed executor or administrator of the estate, and her declaration states that no proceeding is pending for administration of the decedent's estate, the Court finds the Plaintiff Lydia Nunez is not the decedent's personal representative."); *Hassanati v. Int'l Lease Fin. Corp.*, 51 F. Supp3d 887, 894 (C.D. Cal. Feb. 18, 2014) ("[A] personal representative is by definition a court-appointed executor or administrator of an estate, not merely an heir, ... and ... a personal representative must be a person empowered by law to administer the decedent's estate.").

*Third*, Movants are Plaintiff's successors in interest with respect to the Family Home, 2452 Blackton Drive, San Diego, CA 92105, and with respect to this action, which is related to the Family Home. *See* Declaration of Zarah Kimble ¶¶ 1-7; Declaration of Sarah Sakinah Groza O'Loughlin ¶¶ 1-6 (same); Declaration of Seher Basak ¶¶ 1-6. Movants' "signed declaration pursuant to Cal. Code Civ. Proc. § 377.32(a) and a copy of the death certificate are sufficient under California law to demonstrate that [they are] the decedent's successor[s] in interest and succeed[] to the decedent's interest in this action." *Estate of Ruben Nunez*, 2016 WL 3854583, at *2.

Movants declarations submitted herewith satisfy the requirements of Cal. Code Civ. Proc. § 377.32(a) as follows:

| Cal. Code Civ. Proc. § 377.32(a), (c) | Movants' Declarations |
|---|---|
| (1) The decedent's name | • Declaration of Zarah Kimble ¶ 2 (naming her grandmother Plaintiff Margarette Smith as the decedent); <br><br> • Declaration of Sarah Sakinah Groza O'Loughlin ¶ 2; |

| | |
|---|---|
| | • Declaration of Seher Basak ¶ 2. |
| (2)  The date and place of the decedent's death | • Declaration of Zarah Kimble ¶ 2 ("My grandmother, Plaintiff Margarette Smith, died on April 18, 2017, and we held services for her on April 28, 2017 in San Diego at Holy Cross Catholic Cemetery.  [Cal. Code Civ. P. 377.32(a)(1)-(2)]");<br><br>• Declaration of Sarah Sakinah Groza O'Loughlin ¶ 2 (same);<br><br>• Declaration of Seher Basak ¶ 2 (same). |
| (3) "No proceeding is now pending in California for administration of the decedent's estate." | • Declaration of Zarah Kimble ¶ 4;<br><br>• Declaration of Sarah Sakinah Groza O'Loughlin ¶ 4;<br><br>• Declaration of Seher Basak ¶ 4. |
| (4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest. | Not applicable. Decedent's state was not administered. |
| (5) Either of the following, as appropriate, with facts in support thereof:<br><br>(A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding." | • Declaration of Zarah Kimble ¶ 5 ("My sisters and I are equal beneficiaries of my grandmother's trusts, none of us has an interest superior to another, and no person has an interest superior to ours.");<br><br>• *Id.* at ¶ 6 ("I seek to continue my grandmother's action, along with my sisters Seher Basak and Sarah Sakinah Groza O' Laughlin, as my grandmother's successor in interest. I am a successor in interest as defined in Section 377.11 ….").<br><br>• Declaration of Sarah Sakinah Groza |

| | |
|---|---|
| | O'Loughlin ¶ 5, 6 (same);<br><br>• Declaration of Seher Basak ¶ 5, 6 (same). |
| (6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding." | • Declaration of Zarah Kimble ¶ 5 ("My sisters and I are equal beneficiaries of my grandmother's trusts, and none of us has an interest superior to another. As a result, no other person has a superior right to me or my sisters to be substituted for the decedent in the pending action or proceeding. [Cal. Code Civ. P. 377.32(a)(6)].");<br><br>• Declaration of Sarah Sakinah Groza O'Loughlin ¶ 5 (same);<br><br>• Declaration of Seher Basak ¶ 5 (same). |
| (7) The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct." | • Declaration of Zarah Kimble ¶ ("I declare under penalty of perjury under the laws of California that the foregoing is true and correct.");<br><br>• Declaration of Sarah Sakinah Groza O'Loughlin (same);<br><br>• Declaration of Seher Basak (same). |
| A copy of the decedent's death certificate. Cal. Code Civ. Proc. § 377.32 (c) | • Declaration of Zarah Kimble ¶ 13 ("Attached hereto as Exhibit E is a true and correct copy of my grandmother's, Margarette Smith's Certificate of Death issued by the County of San Diego."). |

*Fourth*, successors in interest have standing to pursue violations of RESPA and Regulation X. *See e.g.*, *Frank*, 2016 WL 3055901, at \*5; *Washington v. Green Tree Servicing LLC*, 2017 WL 1857258, \*6 (S.D. Ohio May 5, 2017) ("[T]his Court concludes that plaintiff here, as her deceased mother's successor in interest, has standing to bring her claims under the RESPA and Regulation X as a borrower."). As

one court explained in finding that a daughter had standing to bring claims under

RESPA as a successor interest:

> The Court finds plaintiff's status as a successor in interest to be particularly compelling in light of recent amendments to Regulation X by the Consumer Financial Protection Bureau ("CFPB") that clarify the term "borrower" for purposes of RESPA. In these October 2016 amendments, which become effective in April 2018, "[a] confirmed successor in interest shall be considered a borrower for purposes of [12 C.F.R. § 1024.41]." Amendments to the 2013 Mortgage Rules Under the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z), 81 FR 72160, 72370 (Oct. 19, 2016). The amendments define a successor in interest in relevant part as "a person to whom an ownership interest in a property securing a mortgage loan ... is transferred from a borrower, provided that the transfer is ... [a] transfer by devise, descent, or operation of law on the death of a joint tenant or tenant by the entirety[.]" *Id.* (amending 12 C.F.R. § 1024.31)

*Washington*, 2017 WL 1857258, *5. Thus, the Court should grant Movants'

application, appoint them as successors in interest to this action, and substitute them

as Plaintiffs in place of decedent.

## IV.   THE FAMILY HOME IS PROPERTY OF THE TRUST AND NOT SUBJECT TO PROBATE.

In its July 12, 2017 Order deferring a ruling on Defendant's Motion to Dismiss,

the Court asked the parties to address "whether the subject property was transferred to

the trust or is subject to probate." ECF No. 24. As explained above, the Family Home

was specifically listed by Ms. Smith as an asset of the Trust in both the Trust and the

Amendment to the Trust. Defendant does not dispute that assets held in an inter vivos

trust (such as the one at issue here) are not subject to probate. Def.'s Reply to Opp. to

Mot. to Dismiss (ECF No. 23) at 4; *In re Heigho's Estate*, 186 Cal.App.2d 360, 365

(1960) ("It is undisputed that the trust created by decedent was a revocable one . . . it

remained unrevoked upon his death and the property contained therein could not have

been the subject of testamentary disposition, absent such revocation."). Instead,

Defendant argues that the Family Home was not an asset of the trust because on

October 13, 2005, Ms. Smith transferred title to the property to herself. ECF 23 at 4;

1  ECF No. 19-5 (Trust Transfer Deed).

2        But just because the title to the property was in Ms. Smith's name does not

3  mean that the Family Home was no longer property of the Trust. It is well established

4  that "a written declaration of trust by the owner of real property, in which he names

5  himself trustee, is sufficient to create a trust in that property, and that the law does not

6  require a separate deed transferring the property to the trust." *Estate of Heggstad*, 16

7  Cal.App.4th 943, 950 (1993). In other words, "transfer of title is not necessary when

8  the settlor declares himself trustee in his own property." *Id.* That is precisely the case

9  here. Ms. Smith declared herself trustee of her own home and therefore the property is

10 an asset of the trust even though legal title was also in Ms. Smith's name. *Id.* at 950-

11 51 ("[A] declaration of trust [] is sufficient to create a trust, without the need of

12 conveyance of title to the settlor as trustee."). Stated otherwise, Ms. Smith did not

13 need to transfer her home to herself as trustee for the home to be included in the trust

14 because she had already declared that it was part of her trust. *Id.* at 948 (rejecting

15 appellant's contention that "decedent was required to have executed a grant deed

16 transferring the property to himself as trustee of the Heggstad Family Trust"). Thus, as

17 an asset of the trust, the Family Home was not subject to probate. Rather, although not

18 required for the instant motion, the successor trustee (Movant Kimble) can effectuate

19 distribution of the property according to the terms of the trust by filing a *Heggstad*

20 petition to get the property retitled to the Trust. *Morris v. Smith*, 2015 WL 4760320,

21 Cal. App. 5 Dist., at *2 (Aug. 12, 2015) ("In order to vest the parcel inside the trust at

22 Charles' death nunc pro tunc, which would allow Kay to avoid the costs and tax

23 burden of probate and place the parcel in Mary Kay's name faster, a *Heggstad* petition

24 needed to be filed to obtain a court order declaring the parcel an asset of the trust."); 2

25 Cal. Transactions Forms Est. Plan. § 10:33 ("it is possible to obtain a court order as in

26 Heggstad to the effect that the decedent's assets that are specifically listed on a

27 schedule attached to the decedent's inter vivos trust do not have to be probated but are

28

instead subject to disposition by the successor trustee of the trust.").[2]

Movants are the only beneficiaries of the trust and Ms. Smith's estate. No probate proceeding has been commenced. The Family Home is property of the trust under *Heggstad* and can be distributed according to the terms of the Trust by Movant Kimble as successor trustee for the trust.

## IV. CONCLUSION

For the foregoing reasons, Movants should be substituted as Plaintiffs in this action. As such, the Court should permit the filing of a Second Amended Complaint substituting the Movants as Plaintiffs.

Dated: July 24, 2017                  Respectfully submitted,


By: _____/s/ Annick M. Persinger_____
                   Annick M. Persinger

**TYCKO & ZAVAREEI LLP**
Annick M. Persinger (State Bar No. 272996)
483 Ninth St., Suite 200
Oakland, CA 94607
Telephone: (510) 254-6810
Facsimile: (510) 210-0571
Email: apersinger@tzlegal.com

**TYCKO & ZAVAREEI LLP**
Jonathan K. Tycko
Lorenzo B. Cellini
1828 L. Street, N.W., Suite 1000
Washington, D.C. 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
Email: jtycko@tzlegal.com
              lcellini@tzlegal.com

*Counsel for Plaintiff*

---

[2] Notably, because Movants meet the requirements of Cal. Code Civ. Proc. § 377.32(a), they may be substituted in this action before the filing of a *Heggstad* petition. Movants are working with Ms. Smith's estates lawyer, Edith White, who assisted Ms. Smith in preparing her Will and Trust, to file the *Heggstad* petition. That petition should be filed shortly. Once Movant's counsel learns that the *Heggstad* petition has been filed, Movants will submit that information to the Court.