1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARGARETTE SMITH, on behalf of herself and all others similarly situated,<br><br>                        Plaintiff,<br><br>   v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br><br>                    Defendant. | CASE NO. 16cv2519-GPC(BLM)<br><br>**ORDER GRANTING MOTION FOR THE SUBSTITUTION OF PARTIES**<br><br>**[Dkt. No. 25.]** |

Before the Court is the movant's motion for the substitution of parties pursuant to Federal Rule of Civil Procedure 25. (Dkt. No. 25.) Defendant filed an opposition and the movants filed a reply. (Dkt. Nos. 27, 28.) Based on the reasoning below, the Court GRANTS the motion for the substitution of parties.

**Background**

On October 7, 2016, Plaintiff Margarette Smith ("Plaintiff" or "Smith") filed a purported class action complaint against Defendant Specialized Loan Servicing, LLC ("Defendant" or "SLS") for violations of Regulation X of the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. § 1024.41 and related causes of action. (Dkt. No. 1.) On May 3, 2017, the Court granted in part and denied in part Defendant's motion to dismiss with leave to amend. (Dkt. No. 16.) On May 10, 2017, Plaintiff filed a first amended purported class action complaint against Defendant for violations

- 1 -

of Regulation X, 12 C.F.R. § 1024.41, and California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code 17200 *et seq.* (Dkt. No. 17, FAC.)

Prior to the filing of the FAC, Smith died on April 18, 2017. (Id. ¶ 8.) According to her last will and testament filed with the San Diego Recorder's Office, Smith's home at 2452 Blackton Drive, San Diego, CA 92105, the subject property at issue in this case, is part of an irrevocable trust to which her three granddaughters, Zarah Kimble, Seher Basak, and Sarah Sakinah Groza O'Loughlin are equal beneficiaries. (Id.) According to the FAC, Smith's granddaughters are her successors in interest and succeeded to Smith's interest in the property. (Id.) On May 24, 2017, SLS filed a motion to dismiss for lack of standing because Plaintiff passed away, and in the alternative, a motion to strike the class allegations pursuant to Federal Rule of Civil Procedure 12(f). (Dkt. No. 19.) On July 12, 2017, the Court deferred ruling on the motion to dismiss until the substitution issue is resolved. (Dkt. No. 24.)

In the motion, movants, Zarah Kimble, Sarah Sakinah Groza O'Loughlin and Seher Basak, seek to substitute themselves in as Plaintiffs as their late-grandmother's successors in interest to the family home at issue pursuant to Federal Rule of Civil Procedure 25. Defendant opposes arguing movants are not successors in interest.

**Background**

In October 1991, Smith acquired the real property at issue in this case which is located at 2452 Blackton Drive, San Diego, CA 92105. (Dkt. No. 27-2, D's RJN, Ex. 1.) On March 18, 2003, Plaintiff executed The Margarette Smith Trust. (Dkt. No. 25-2, Kimble Decl., Ex. A.) Smith was named as the trustor and trustee of the Trust. (Id., Ex. A at 6.) All trust property identified in Schedule A, which identifies the property at issue in this case, was transferred to the Trust and conveyed to Smith as Trustee of the Trust. (Id., Ex. A at 2, 20.)

On May 31, 2005, Smith executed the Will of Margarette Smith. (Dkt. No. 25-2, Kimble Decl., Ex. B.) The Will included a "pour-over" provision that conveyed all of Smith's estate to the trustee of the Trust. (Id., Ex. B.) On the same day, May 31, 2005,

Smith and her daughter, Lynnette Ethan-Groza, ("Ethan-Groza"), executed the First Amendment to the Trust. (Dkt. No. 25-2, Kimble Decl., Ex. C.) The amendment removed Stephanie Spiers[1] as successor trustee and identified Ethan-Groza as co-trustee, and successor trustee. (Id., Ex. C at ¶ 3.1.) The Amendment named Movant Zarah Kimble (formerly Zarah Groza-Shrooki) as successor trustee in the event her mother, Ethan-Groza, could not serve. (Id.) It also identified Ethan-Groza as the sole beneficiary of the Trust, unless Ethan-Groza predeceased Smith, in which case Ethan-Groza's children would be equal-part beneficiaries. (Id., Ex. C at ¶ 4.2.) Ethan-Groza passed away in August 2016. (Id., Ex. D.) Smith passed away in April 2017. (Id., Ex. E.) Pursuant to the terms of the Trust, Will and the Amendment to the Trust, Movant Kimble is the successor trustee of the Trust and the Movants share the benefits of the trust equally. (Id.)

In June 2005, Plaintiff executed a Quitclaim Deed where she conveyed title to the property to herself and Lynette Ethan-Groza, as co-trustees of the Trust. (Dkt. No. 27-1, D's RJN, Ex. 2.) Then in October 2005, the Trustees executed a Trust Transfer Deed where they conveyed the property to Plaintiff, in her individual capacity. (Id., Ex. 3.) The property was not transferred back to the Trust. (Id., Ex. 4.) Concurrently with the October 2005 conveyance, Plaintiff obtained a mortgage loan from IndyMac Bank, F.S.B. in the amount of $200,000. (Id., Ex. 5.) On June 1, 2014, Defendant became the authorized servicer of the loan. (Dkt. No. 17, FAC ¶ 13.)

**Discussion**

Movants seek to substitute themselves as plaintiffs in this case as they are the successors in interest to the property at issue in this case under the Trust. Defendant argues the movants are not successors in interest because the estate, including the property, has to go through probate, and it is premature for movants to claim to be successors in interest.

Substitution of parties is governed by Federal Rule of Civil Procedure ("Rule")

---

[1]Stephanie Spiers is the daughter of Smith.

25(a) which provides,

(a) Death.

(1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a). "In deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party." Veliz v. Cintas Corp., No. C 03-1180 RS, 2008 WL 2811171, at *1 (N.D. Cal. July 17, 2008). If Rule 25(a)(1) is satisfied, "[t]he substituted party steps into the same position as [the] original party." Hilao v. Estate of Marcos, 103 F.3d 762, 766 (9th Cir. 1996). "Rule 25(a) should be applied flexibly and liberally to permit substitution of the party or parties who . . . would adequately represent [the decedent's] interests." In re Baycol Prods. Litig., 616 F.3d 778, 789 (8th Cir. 2010). Here, Defendant does not challenge that the motion is untimely or that the claims are extinguished but dispute whether the movants are the proper substituted parties.

The movants argue that the Court should grant their motion because they have complied with California Code of Civil Procedure section 377.32[2] which governs the

---

[2]Section 377.32 provides,

(a) The person who seeks to commence an action or proceeding or to continue a pending action or proceeding as the decedent's successor in interest under this article, shall execute and file an affidavit or a declaration under penalty of perjury under the laws of this state stating all of the following:

(1) The decedent's name.

(2) The date and place of the decedent's death.

(3) "No proceeding is now pending in California for administration of the decedent's estate."

(4) If the decedent's estate was administered, a copy of the final order

procedures in state court to establish that a party is a successor in interest for purposes of commencing or continuing an action. Section 377.32 is a state procedural rule, and in federal court, the Federal Rules of Procedure govern. See Hanna v. Plumer, 380 U.S. 460, 471 (1965) (federal rules of procedure apply in the district courts); In re Baycol Prods. Litig., 616 F.3d at 787 (district court abused its discretion in relying on California Code of Civil Procedure section 377.32 to make a determination under Rule 25). The Eighth Circuit, discussing California law, explained that section 377.32 provides the procedure when a successor seeks to continue a decedent's cause of action and does not address who is the proper party. In Re Baycol Prods. Litig., 616 F.3d at 787. California substantive laws applies to the issue of who is a proper party and the sole question under Rule 25(a)(1) is "who may be considered a decedent's successor" and that question is answered in section 377.11 where a successor is defined as "the beneficiary." Id. at 787-88 ("Under California law, a successor is defined as "the beneficiary," and for purposes of Fed. R. Civ. P. 25(a)(1), this is the end of the inquiry under California law."); see Veliz, 2008 WL 2811171, at *2 ("Rule 25(a)(1) only

---

showing the distribution of the decedent's cause of action to the successor in interest.

(5) Either of the following, as appropriate, with facts in support thereof:

(A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."

(B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."

(6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding."

(7) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct."

Cal. Civ. Proc. Code § 377.32(a).

requires that plaintiffs provide evidence that [the substituted party] is decedent's successor in interest or legal representative.").

In California, a "decedent's successor in interest" "means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Civ. Proc. Code § 377.11. "'[B]eneficiary of the decedent's estate' means: (a) If the decedent died leaving a will, the sole beneficiary or all of the beneficiaries who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under the decedent's will." Cal. Civ. Proc. Code § 377.10.

Here, the Trust, the Amendment to the Trust and the Will clearly demonstrate that the movants, as granddaughters of Plaintiff, are beneficiaries of her Estate or successors in interest to her Trust. See Cal. Civ. Proc. Code § 377.11. Defendant does not dispute that movants will succeed to the property at issue but dispute whether the property at issue is part of the Trust, in which case the movants take the property without probate, or is part of the Estate, in which case the property would have to go through probate. However, on a Rule 25 motion, the Court need only address whether the movants are decedent's successors in interest or legal representative and not whether California state procedures have been followed. Accordingly, movants have demonstrated they are successors in interest under Rule 25 and may be substituted in as plaintiffs.

**Conclusion**

Based on the above, the Court GRANTS Plaintiff's motion for substitution of parties. Movants shall file a Second Amended Complaint that substitutes them in place

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

of Plaintiff Smith in this action within (7) days of this order.  The hearing date set for September 15, 2017 shall be **vacated.**

IT IS SO ORDERED.


DATED:  September 13, 2017

HON. GONZALO P. CURIEL
United States District Judge