# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARETTE SMITH, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br><br>Defendant. | CASE NO. 16cv2519-GPC(BLM)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[Dkt. No. 19.] |

On May 24, 2017, Defendant filed a motion to dismiss the first amended complaint ("FAC"). (Dkt. No. 19.) On July 12, 2017, the Court deferred ruling on the motion to dismiss until the Court's ruling on an impending motion to substitute to be filed by Plaintiff. After the motion to substitute parties was fully briefed, on September 13, 2017, the Court granted the motion for substitution of parties. The Court now addresses the motion to dismiss filed by Defendant. Based on the reasoning below, the Court DENIES Defendant's motion to dismiss.

## Background

Plaintiff Margarette Smith ("Plaintiff" or "Smith") filed a purported first amended class action complaint against Defendant Specialized Loan Servicing, LLC ("Defendant" or "SLS") for alleged violations of Regulation X of the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. §1024.41; and California Unfair

1  Competition Law ("UCL"), Cal. Bus. & Prof. Code 17200 *et seq.* (Dkt. No. 17, FAC.)
2  Prior to the filing of the FAC, Smith died on April 18, 2017. (Id. ¶ 8.) On September
3  13, 2017, the Court granted the movants Zarah Kimble, Sarah Sakinah Groza
4  O'Loughlin, and Seher Basak's motion to substitute them in as plaintiffs. (Dkt. No.
5  30.) A second amended complaint adding the movants as plaintiffs has not yet been
6  filed. (Dkt. No. 31.)

Most of the arguments raised in the motion to dismiss are now mooted by the Court's order granting substitution of parties. However, Defendant's motion also included an alternative argument, that the class allegations should be struck pursuant to Federal Rule of Civil Procedure ("Rule") 12(f), in the event the Court denied its motion to dismiss. The Court now addresses the remaining argument in Defendant's motion to dismiss.

## Discussion

### A. Legal Standard on Federal Rule of Civil Procedure 12(f)

Rule 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds 510 U.S. 517 (1994)).

"Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" Cortina v. Goya Foods, Inc., 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting Rosales v. Citibank, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). As such, "motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Colaprico v. Sun Microsys., Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). "Courts will not grant

motions to strike unless 'convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed.'" Novick v. UNUM Life Ins. Co. of America, 570 F. Supp. 2d 1207, 1208 (C.D. Cal. 2008) (quoting RDF Media Ltd. v. Fox Broad. Co., 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005)). "When ruling on a motion to strike, this Court 'must view the pleading under attack in the light most favorable to the pleader." Id. (citing RDF Media Ltd., 372 F. Supp. 2d at 561).

**B.     Motion to Strike Class Allegations**

Defendant seeks to strike the class allegations in the FAC arguing that Plaintiffs, as successors-in-interests, cannot satisfy the typicality and adequacy requirements for class certification because they are subject to unique defenses that will delay class certification. Defendant contends that while Plaintiffs may be successors-in-interest to the Property at issue, they are not successors in interest to Plaintiff's causes of action.[1] Next, it contends that Plaintiffs will be subject to unique defenses such as the fact that they are limited in the types of damages they can recover as successors in interest, whether the Property was Plaintiff's principal place of residence during the relevant time period, and whether the Plaintiffs, as successors-in-interest, have personal knowledge of the underlying facts in the case.

"The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters which the Court may take judicial notice." In re Toyota Motor Corp., 790 F. Supp. 2d 1152, 1170 (C.D. Cal. 2011). While class allegations may be stricken at the pleading stage, the granting of a motion to dismiss or strike class allegations before discovery has commenced should be done rarely. In re Wal–Mart Stores, Inc. Wage and Hour Litig., 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) (noting

---

[1] Defendant explains that the Property is not the subject to the litigation; it is only tangentially related to Plaintiff's claim. While the Loan happens to be secured by the Property, Plaintiff's remedies in this action, seeking actual and statutory damages and restitution are unrelated to the Property. The Court is not persuaded with Defendant's argument and Defendant fails to provide any legal authority to support its argument.

that the "better course is to deny such a motion because 'the shape and form of a class action evolves only through the process of discovery'").

The issues raised by Defendant are factual issues that have not yet been subject to discovery and Plaintiffs should be given the opportunity to present their evidence to support class certification. See In re Wal-Mart Stores, 505 F. Supp. 2d at 615-16 ("While plaintiffs' class definitions are suspicious and may in fact be improper, plaintiffs should at least be given the opportunity to make the case for certification based on appropriate discovery . . . ."). The Court concludes that the motion to strike class allegations is premature and Defendant may raise its arguments at the time of class certification. See Cholakyan v. Mercedes–Benz USA, LLC, 796 F. Supp. 2d 1220, 1246 (C.D. Cal. 2011) (finding that a motion to strike class allegations was premature where defendant had not filed an answer and discovery had not begun).

**Conclusion**

Based on the above, the Court DENIES Defendant's motion to dismiss the FAC.

IT IS SO ORDERED.

DATED: September 21, 2017

HON. GONZALO P. CURIEL
United States District Judge