**TYCKO & ZAVAREEI LLP**
ANNICK M. PERSINGER
(California Bar No. 272996)
483 Ninth Street, Suite 200
Oakland, CA 94607
Telephone: (510) 254-6808
Facsimile: (510) 210-0571
E-Mail: apersinger@tzlegal.com

**TYCKO & ZAVAREEI LLP**
JONATHAN K. TYCKO
(*pro hac vice*)
KATHERINE M. AIZPURU
(*pro hac vice*)
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
E-Mail:  jtycko@tzlegal.com

**THE BESTOR LAW FIRM**
GEOFFREY BESTOR
(*to be admitted pro hac vice*)
187 Hockanum Road
Hadley, MA 01035
Telephone: (240) 463-8503
gbesq@bestorlaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZARAH KIMBLE, SEHER BASAK, SARAH SAKINAH GROZA O'LOUGHLIN, individually and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br>   v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br><br>         Defendant. | Case No. 3:16-cv-02519-GPC-BLM<br>————————————<br><br>**DECLARATION OF ANNICK M. PERSINGER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL**<br><br>Hon. Barbara L. Major, U.S. Magistrate Judge |

I, Annick M. Persinger, hereby declare as follows:

1. I am a partner with the law firm of Tycko & Zavareei LLP and counsel of record for Plaintiffs in this case. I have personal knowledge of the matters set forth in this Declaration and could testify to them competently if called upon to do so.

2. On November 20, 2017, Plaintiffs served their first set of requests for production of documents. A true and correct copy of Plaintiffs' First Set of Requests for Production of Documents is attached hereto as **EXHIBIT 1.**

3. SLS requested, and Plaintiffs agreed to, the professional courtesy of a mutual extension of the time to respond to both parties' initial discovery requests.

4. On December 18, 2017, Plaintiffs served their first set of interrogatories. A true and correct copy of Plaintiffs' First Requests for Interrogatories is attached hereto as **EXHIBIT 2.**

5. SLS served its responses and objections to Plaintiffs' First Set of Requests for Production on January 9, 2018. SLS objected to every one of the discovery requests, and the only responsive discovery it provided was Plaintiffs' loan file and a handful of policies and procedures regarding property valuations. The production did not comply with Plaintiffs' requests because it included certain materials not produced in their native form, such as spreadsheets produced in pdf form. A true and correct copy of Defendant's Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents is attached hereto as **EXHIBIT 3.**

6. On January 22, 2018, SLS served its responses and objections to Plaintiffs' first set of interrogatories. Again, SLS objected to every single interrogatory, and this time, SLS refused to respond to a single one. A true and correct copy of SLS's Responses to Plaintiffs' First Set of Interrogatories is attached hereto as **EXHIBIT 4.**

7. On January 23, 2018, I sent a letter to SLS in response to SLS's responses and objections to Plaintiffs' request for production, that responded to SLS's objections and that detailed the necessity of the information sought. The letter cited

this Court's rules for resolving discovery disputes and requested a phone conference. A true and correct copy of the January 23, 2018 letter is attached hereto as **EXHIBIT 5.**

8.     The next day, on January 24, 2018, we served Defendant with a notice of deposition pursuant to Rule 30(b)(6), regarding SLS's electronic databases, systems, and software used to service mortgages, including, but not limited to, any activities relating to RESPA, foreclosure, loss mitigation applications, or compliance. A true and correct copy of the notice of deposition and proof of service is attached hereto as **EXHIBIT 6.** SLS never responded in writing to the notice of deposition.

9.     On January 29, 2018, I left a voicemail for SLS's counsel inquiring about the letter and requesting a meet-and-confer.

10.     Since I was unable to reach SLS on the phone, I followed up with an email requesting the same. A true and correct copy of my January 29, 2018 email is attached hereto as **EXHIBIT 7.**

11.     On January 30, SLS responded, claiming that Plaintiffs' January 23, 2018 letter had been routed to counsel's spam folder. A true and correct copy of counsel's January 30, 2018 email is attached hereto as **EXHIBIT 8.**

12.     I immediately responded, again requesting a meet-and-confer and reattaching the January 23, 2018 letter. I advised counsel that given the operative deadlines we could confer no later than Thursday, February 1. A true and correct copy of my January 30, 2018 email is attached hereto as **EXHIBIT 9.**

13.     Working around SLS's schedule, the parties agreed to confer on February 1, 2018. A true and correct copy of the parties' correspondence regarding the scheduling of that meeting is attached hereto as **EXHIBIT 10.**

14.     In advance of the telephonic meet and confer that the parties scheduled for February 1, 2018, on January 31, 2018, I sent Defendant a letter responding to Defendant's objections to Plaintiffs' interrogatories. The letter reiterated SLS's

DECLARATION OF ANNICK M. PERSINGER
Case No. 16-cv-02519-GPC-BLM

obligation to produce both class-wide and merits discovery, and re-stated Plaintiffs' position that the documents sought are necessary for class certification briefing. The letter also responded to SLS's objections regarding the individual Plaintiffs, explaining that SLS's position that Plaintiffs cannot prove the merits of their case has no bearing on SLS's discovery obligations. The January 31, 2018 letter also proposed a sampling methodology that Plaintiffs believe will streamline the discovery process in advance of class certification briefing and conserve the parties' resources. A true and correct copy of the January 31, 2018 letter is attached hereto as **EXHIBIT 11.**

15.    On February 1, 2018, the parties met and conferred via telephone. I participated in the call along with my colleague Katherine Aizpuru. Brian Paino was on the call for SLS, and other attorneys from his firm may have been on the call as well.

16.    Among other topics, we emphasized Plaintiffs' need for reasonable access to SLS's loan servicing databases. I explained that access to SLS's loan servicing database was necessary to move for class certification, that many courts in similar contexts allow access to databases for purposes of class certification, and that Plaintiffs needed access to databases and other electronically stored information promptly because Plaintiffs would also need to consult with an expert to evaluate Defendant's databases in advance of Plaintiffs' motion for class certification, which is currently due in April. In response, SLS reiterated that SLS is solely focused on the individual Plaintiffs, and that they likely would not produce discovery.

17.    SLS's counsel said that he would take issues like the sampling proposal back to his client.

18.    During the February 1, 2018 call, we also discussed Plaintiffs' requested 30(b)(6) deposition. SLS stated it would be burdensome to hold the deposition in California, and Plaintiffs agreed to hold the deposition in Colorado, where SLS is headquartered, or at another mutually agreeable location. We also agreed that the

3

DECLARATION OF ANNICK M. PERSINGER
Case No. 16-cv-02519-GPC-BLM

deposition could be rescheduled for a time convenient for SLS's witness. SLS agreed to consider the issue.

19.    We also discussed Plaintiffs' requests for communications with the CFPB regarding SLS's handling of loss mitigation applications. I explained that Plaintiffs are looking for SLS's communications with the CFPB or SLS's internal communications about the CFPB, as well as any compliance procedures and whether the CFPB did a review of SLS. SLS agreed that this explanation significantly narrowed the scope of RPF No. 3 and agreed to consider the request. In addition, we discussed Plaintiffs' RFP No. 4, which seeks documents reflecting or describing SLS's First Line of Defense, Second Line of Defense, and Third Line of Defense groups or compliance activities, including but not limited to documents reflecting development of testing by any of the lines of defense, and all results of testing. We explained that this Request is seeking documents reflecting or describing these three lines of defense groups or compliance activities to the extent the quality assurance, quality control, and internal audit groups conducted functions with respect to mortgage loan servicing, loss mitigation applications, foreclosure-related activities, and SLS's obligations under 12 C.F.R. § 1024.41.

20.    To give Defendant's counsel an opportunity to discuss issues like database sampling and the 30(b)(6) deposition with Defendant, on February 2, 2018, the parties jointly called Chambers to request an extension of time within which to file a motion to compel based on their ongoing meet-and-confer efforts.

21.    The very next day, on February 8, 2018, I contacted SLS by email to ask for a follow-up meet-and-confer. A true and correct copy of my February 8, 2018 email is attached hereto as **EXHIBIT 12.**

22.    I did not receive a response to my February 8, 2018 email.

23.    On February 12, 2018, I again followed up to schedule a call to discuss whether Defendant was still considering Plaintiffs' requests and proposals, or if

DECLARATION OF ANNICK M. PERSINGER
Case No. 16-cv-02519-GPC-BLM

Defendant's refusal to produce class discovery stayed the same. A true and correct copy of my February 12, 2018 email is attached hereto as **EXHIBIT 13.**

24.    On February 13, SLS's counsel responded that he had scheduled a call with his client in two days to discuss the matter. Since he needed more time to speak to his client, he suggested a call for February 15. A true and correct copy of counsel's February 13, 2018 email is attached hereto as **EXHIBIT 14.**

25.    I was unavailable on February 15 due to prior travel plans, so I asked whether SLS would be available early the next week. A true and correct copy of my February 13, 2018 email is attached hereto as **EXHIBIT 15.**

26.    SLS did not respond to that question.

27.    From February 22 through February 23, my colleague Katherine Aizpuru sent several emails and left several voicemails in an effort set up a call.  Finally, she and counsel agreed that the parties would meet and confer on February 26, 2018. She also advised of Plaintiff's intent to file a motion for leave to amend the complaint and inquired whether SLS would be amenable to filing a joint motion to extend the scheduling order. After the call, she sent a follow up email to SLS. A true and correct copy of her February 23, 2018 email is attached hereto as **EXHIBIT 16.**

28.    The parties again conferred on February 26, 2018. Counsel for SLS explained that he had forwarded a detailed list of Plaintiff's discovery issues to SLS but had not had an opportunity to discuss the outstanding discovery disputes with SLS. As a result, the parties were forced to schedule another call for later in the week. A true and correct copy of Ms. Aizpuru's February 26, 2018 email to SLS providing our availability for that call is attached hereto as **EXHIBIT 17.**

29.    SLS did not respond.

30.    On February 28, 2018, Ms. Aizpuru sent a follow-up email to SLS requesting SLS's availability for a call the next day. A true and correct copy of her February 28, 2018 email is attached hereto as **EXHIBIT 18.**

DECLARATION OF ANNICK M. PERSINGER
Case No. 16-cv-02519-GPC-BLM

31.    SLS proposed a time, and we agreed. A true and correct copy of SLS's counsel's February 28, 2018 email is attached hereto as **EXHIBIT 19**, and a true and correct copy of Ms. Aizpuru's response is attached hereto as **EXHIBIT 20.**

32.    The parties again conferred on March 1, 2018. Ms. Aizpuru and I were on the call for Plaintiffs, along with our co-counsel Geoff Bestor. Mr. Paino was on the call for SLS.

33.    Among other topics, we discussed the issue of Plaintiffs' proposed sampling methodology. SLS stated that it would not agree to a sampling methodology at this time, nor would it agree to grant access to its databases or provide any data or documents from within its databases, or any electronically stored information such as emails. SLS based its refusal to produce any discovery not related to the named Plaintiffs on its merits arguments related to the Plaintiffs.  We reiterated Plaintiffs' position that SLS's position on the merits of Plaintiffs' case has no bearing on whether SLS is required to produce discovery, and that the action would continue regardless with the added Plaintiff—whether in this action or in one filed separately if Judge Curiel does not allow him to intervene in this action.

34.    SLS also stated that it would not produce documents related to the Consumer Financial Protection Bureau ("CFPB") because of its merits-related objections, and it would not make a witness available for a 30(b)(6) deposition to discuss its electronic databases and systems.

35.    SLS stated that rather than produce this discovery, it was planning to file a motion to stay discovery.

36.    The parties agreed that, as to these issues, they had reached an impasse in the meet-and-confer process and would require the intervention of the Court.

37.    Despite its objections, SLS did agree to produce some additional materials. Defendant agreed to produce a "job aid" with "transaction codes" that relates to SLS's database, Fiserve, which it uses to service mortgage loans. SLS also

DECLARATION OF ANNICK M. PERSINGER
Case No. 16-cv-02519-GPC-BLM

agreed to produce information about the vendors it uses and has used to conduct property inspections and appraisals, which it identified as Service Link and Property Solutions. SLS also stated that it would produce some of its policies and procedures for processing loss mitigation applications. SLS also represented that it was searching for training materials responsive to Plaintiffs' discovery requests.

38.    The parties agreed to set up a conference call with the Court as required under Judge Major's rules. I contacted Chambers and set up a call for March 6, 2018.

39.    The next day, Ms. Aizpuru sent a letter to SLS memorializing the conversation. The letter requests that if SLS disagrees with Ms. Aizpuru's recollection of the call, it advise us as soon as possible. A true and correct copy of her March 2, 2018 letter is attached hereto as **EXHIBIT 21.**

40.    SLS has not responded to the letter.

41.    Later that day, SLS made a supplemental production of three pages of policies and procedures for "document intake," one page that seeming enumerates the types of quality controls in place, and a set of codes that are presumably associated with one of its databases.

42.    On March 6, 2018, the parties participated in a conference call with the Court regarding outstanding discovery disputes. Ms. Aizpuru and I participated on behalf of Plaintiffs, and Mr. Paino participated on behalf of SLS.

43.    A simple proposal for the production of electronically stored information such as email and other correspondence is attached hereto as **EXHIBIT 22.**

On this 9th day of March, 2018, I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct to the best of my knowledge and belief. Executed in Oakland, California.

Dated: March 9, 2018               _/s/ Annick M. Persinger_

                                  Annick M. Persinger

DECLARATION OF ANNICK M. PERSINGER
Case No. 16-cv-02519-GPC-BLM

**EXHIBIT 1**

**TYCKO & ZAVAREEI LLP**
ANNICK M. PERSINGER (California Bar No. 272996)
483 Ninth Street, Suite 200
Oakland, CA 94607
Telephone: (510) 254-6808
Facsimile: (510) 210-0571
E-Mail: apersinger@tzlegal.com

**TYCKO & ZAVAREEI LLP**
JONATHAN K. TYCKO (*pro hac vice*)
KATHERINE M. AIZPURU (*pro hac vice*)
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
E-Mail:  jtycko@tzlegal.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZARAH KIMBLE, SEHER BASAK, SARAH SAKINAH GROZA O'LOUGHLIN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br><br>                    Defendant. | Case No. 3:16-cv-02519-GPC-BLM<br>_____<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Hon. Gonzalo P. Curiel |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that Defendant Specialized Loan Servicing, LLC ("SLS" or "Defendant") produce the documents and tangible things described below for inspection and copying, within thirty (30) days, at the office of Tycko & Zavareei LLP, 483 Ninth Street, Suite 200, Oakland, CA 94607.

## I. **DEFINITIONS**

1.      As used herein, the word "document(s)" means all materials and tangible objects conveying or carrying spoken, visual or literal substance, including, but not limited to, the original (or, if the original is not in your possession, a copy) and any nonidentical copies, regardless of origin or location, and includes the following: papers, correspondence, records, tables, charts, analysis, graphs, schedules, reports, spreadsheets, memoranda, journals, notes, logs, calendars, appointment books, letters, telegrams, telecopy, telex and telefacsimile transmissions, messages, studies, books, periodicals, magazines, newspapers, booklets, advertisements, brochures, instructions, minutes, contracts, books of account, orders, invoices, statements, checks, bills, receipts, files, vouchers, notebooks, scrapbooks, data sheets, data processing cards, computer files, computer disks, computer printouts, "e-mail" messages, photographs, negatives, phone recordings, tape recordings, wire recordings, drawings, forms, catalogues, manuals, tabulations and any other matter of any kind, regardless of the manner in which produced.

2.      "And" shall mean "or" and "or" shall mean "and," as necessary to call for the broadest possible construction and to bring within the scope of this request any information that may otherwise be construed to be outside its scope.

3.      "You" or "your" shall mean Specialized Loan Servicing LLC, its subsidiaries, affiliated companies, parent companies, predecessor companies, successor companies, officers, directors, employees, agents, representatives, and all persons acting or purporting to act on their behalf.

4. "Loss mitigation application" shall have the same meaning as defined in 12 C.F.R. § 1024.31, which is any oral or written request for a loss mitigation option that is accompanied by any information required by a servicer for evaluation for a loss mitigation option.

5. "Loss mitigation option" shall have the same meaning as defined in 12 C.F.R. § 1024.31, which is any alternative to foreclosure offered by the owner or assignee of a mortgage loan that is made available through the servicer to the borrower.

6. "Plaintiffs" shall mean former Plaintiff Margarette Smith, Plaintiff Zarah Kimble, Plaintiff Seher Basak, Plaintiff Sarah Sakinah Groza O'Loughlin, and Lynette Ethan-Groza (who had power attorney for the late Plaintiff Smith until the time of Ms. Ethan-Groza's death in August 2016).

7. "Units" shall mean any of your units, sections, divisions, subunits, subsections, subdivisions, groups, entities, teams, or employees.

## II. **INSTRUCTIONS**

1. You are required, in responding to these document requests, to obtain and produce all documents in your possession, available to you, or under your control, or in the possession of, available to, or under the control of your attorneys or agents.

2. Where a specified document is requested, such request shall not be interpreted to exclude any other documents where it is known that such other documents contain information relevant to the request.

3. If a document described by the request was, but no longer is in existence or in your control, you shall state:

    a. the present or last known location of that document;

    b. the names and addresses of all persons with knowledge of the contents of that document; and

    c. why the document is no longer in existence or in your control.

3

4.      This request represents a continuing request for production.  Therefore, if a document described by this request is not in existence or in your control at the time of the first response to this request, but later comes into existence or into your control, you must immediately produce that document.

If any document called for by these requests is withheld under any claim of privilege, state separately with respect to each document as to which a privilege is claimed:

      a.      the number and particular part of the document request to which the supposed privileged information is responsive;

      b.      a description of the document;

      c.      the basis upon which the privilege is claimed;

      d.      the author of the document, the person(s) to whom the document was addressed, and any other person(s) to whom the document or any copy thereof was provided or shown; and

      e.      the identity of each person (other than the attorneys representing you in this action) to whom the contents of the allegedly privileged communication contained in the document have been disclosed, either orally or in writing.

5.      To the extent you deem a particular request to be irrelevant, over broad, or unduly burdensome, you shall respond to the request to the extent that you deem the request permissible.

6.      Each request that seeks documents relating in any way to communications, to, from or within a business and/or corporate or governmental entity, is hereby designated to mean, and should be construed to include, all documents relating to communications by and between representatives, employees, agents, attorneys, and/or servants of the business and/or corporate and/or governmental entity.

Plaintiffs' First Set of Requests for the Production of Documents
Case No. 16-cv-02519-GPC-BLM

7.      The instructions are amplified by the definitions, and the documents requested in these requests are amplified by the definitions and instructions.  You should respond to each request in the context of the definitions and instructions.

8.      Documents shall be produced in the form in which you keep them in the ordinary course of business.  In particular, electronically stored information shall be produced in electronic form and searchable to the same extent as you maintain such information in the ordinary course of business.

## III.   DOCUMENTS REQUESTED

1.      All documents relating to compliance or non-compliance with the loss mitigation procedures set forth in 12 C.F.R. § 1024.41, including but not limited to, internal correspondence, correspondence with federal, state, and municipal agencies, internal policies or procedures, and documents reflecting internal and external audits, evaluations, reports, reviews, and testing.

2.      All documents reflecting or concerning activities undertaken to comply with the final rules issued by the Consumer Financial Protection Bureau in January 2013 concerning loan modifications, including, but not limited to, documents relating to the development and implementation of compliance testing, development and implementation of employee training, creation and modification of policies and procedures, modifications of electronic data systems, and creation or modification of communications to be sent to borrowers and loan modification applicants.

3.      All communications relating to the Consumer Financial Protection Bureau, including, but not limited to, internal communication, as well as communications with examiners from the Consumer Financial Protection Bureau.

4.      All documents reflecting or describing "First Line of Defense," "Second Line of Defense," and "Third Line of Defense" groups or compliance activities, including but not limited to, documents reflecting development of testing by any of the lines of defense, and all results of testing.

5.    All documents reflecting your policies and procedures for processing loss mitigation applications from October 7, 2012 to the present, including policies and procedures relating to loss mitigation applications submitted to you, as well as your policies and procedures for honoring loss mitigation applications promised by prior loan servicers to borrowers whose mortgage loans are or were serviced by you.

6.    All correspondence with borrowers from October 7, 2012 to the present relating to loss mitigation plans promised by prior loan servicers to borrowers whose mortgage loans are or were serviced by you.

7.    All documents reflecting, depicting, or memorializing any online website, interface, or portal through which borrowers may submit loss mitigation applications to you or upload documents relating to loss mitigation applications from October 7, 2012 to the present, including all pages or iterations of any such website, interface, or portal.

8.    All documents reflecting, depicting, or memorializing any electronic system, software, database, program, spreadsheet, form, portal, or interface used by you for servicing mortgages, including, but not limited to, any activities relating to RESPA, foreclosure, and/or loss mitigation applications.

9.    Provide database dictionaries (or other similar documents, however named, that list and describe fields and tables) for all databases, such as Oracle, Microsoft SQL Server, MySQL or other commercial products, or any internally-developed database(s) or system(s) performing a similar function, used for any activities relating to servicing mortgages, RESPA compliance, foreclosure, and/or loss mitigation applications. Each database dictionary must include listings and definitions of all fields and tables in the database.

10.    All data from any database identified in the response to Request No. 8 that is used by you to either: (a) process loan modification applications; or (b) process foreclosures for mortgage borrowers who submitted loan modification applications.

11.    All electronic data retention policies since October 7, 2012, including all documents reflecting changes in those policies and the reasons for those changes.

12.    All correspondence with third parties, including investor groups, mortgage lenders, and owners of mortgage loans, relating to loss mitigation applications submitted from October 7, 2012 to the present.

13.    All documents reflecting policies and procedures, including internal correspondence, for responding to and evaluating loss mitigation applications from October 7, 2012 to the present.

14.    All policies and procedures for communicating the availability of loss mitigation options to borrowers whose mortgage loans are or were serviced by you from October 7, 2012 to the present.

15.    All correspondence with borrowers whose mortgage loans are serviced by you in response to any loss mitigation application submitted to you from January 10, 2014 to the present.

16.    Documents reflecting the identity of and total number of borrowers in the United States who have submitted loss mitigation applications to you since January 10, 2014.

17.    All documents identifying the borrowers who submitted complete or facially complete loss mitigation applications within the meaning of 12 C.F.R. § 1024.41 on or after January 10, 2014 and who were subsequently referred to foreclosure.  The documents should include the name of the borrower; the full address of the mortgaged property; the most recent mailing address of the borrower known to you; the date the loss mitigation application was submitted; the date the borrower was referred to foreclosure; the amount of fees assessed on the borrower; the case caption, case number, and court of foreclosure action; and the date of foreclosure sale of property, if applicable.

18.    All policies and procedures relating to filing notices of default.

19.    All notices of default transmitted from October 7, 2012 until the present to borrowers whose mortgage loans are or were serviced by you.

20.    All policies and procedures relating to assessing fees (including, but not limited to, late fees, attorney's fees, inspection fees, foreclosure-related fees, and any other fees imposed following the sending of correspondence notifying a borrower of default) on borrowers whose mortgage loans are or were serviced by you and who submitted a loss mitigation application to you from October 7, 2012 to the present.

21.    All documents reflecting fees (including, but not limited to, late fees, attorneys' fees, inspection fees foreclosure-related fees, and any other fees imposed following the sending of correspondence notifying a borrower of default) assessed on borrowers whose mortgage loans are serviced by you and who submitted a loss mitigation application to you from October 7, 2012 to the present.

22.    All correspondence related to loss mitigation applications from October 7, 2012 until the present with borrowers whose mortgage loans are or were serviced by you relating to the assessment of fees against them (including, but not limited to, late fees, attorney's fees, inspection fees foreclosure-related fees, and any other fees imposed following the sending of correspondence notifying a borrower of default).

23.    Documents showing the total number of borrowers who defaulted, including borrowers who received notices of default and/or who SLS filed default notices for, against whom fees were assessed and the nature of those fees.

24.    All policies and procedures for valuing and inspecting properties, including, but not limited to, all policies and procedures for valuing and inspecting properties following default, or following the sending of correspondence to borrowers related to default.

25.    Documents identifying all third parties involved in valuing and inspecting properties, including, but not limited to, all third parties involved in valuing

and inspecting properties following default, or following the sending of correspondence to borrowers related to default.

26.    All correspondence, including internal communications and communications with third parties, relating to valuing and inspecting properties, including, but not limited to, all correspondence with borrowers who submitted a loss mitigation application to you from October 7, 2012 to the present following default, or following the sending of correspondence related to default to borrowers who submitted a loss mitigation application to you from October 7, 2012 to the present.

27.    All correspondence with borrowers whose mortgage loans are or were serviced by you and who submitted a loss mitigation application to you from October 7, 2012 to the present relating to valuing and inspecting properties, including, but not limited to, all correspondence following default, or following the sending of correspondence to borrowers related to default.

28.    All training materials provided to employees relating to loss mitigation applications and foreclosure proceedings, including, but not limited to, training materials related to processing loss mitigation applications and filing notices of default, training materials provided to employees relating to valuing and inspecting properties following default, and training materials provided to employees relating to assessing fees on borrowers.

29.    All records concerning Plaintiffs from any of your databases, storage systems, filing systems, or recordkeeping systems, including, but not limited to, Plaintiffs' complete mortgage loan file and documents reviewed or relied on by you in reviewing, assessing, and evaluating Plaintiffs' loss mitigation applications, as well as all correspondence with Plaintiffs.

30.    All documents you intend to use to support any affirmative defense set forth in your Answer to the Second Amended Complaint.

DATED: November 20, 2017

_/s/ Annick M. Persinger_
Annick M. Persinger

**TYCKO & ZAVAREEI LLP**
ANNICK M. PERSINGER, (California Bar No. 272996)
483 Ninth Street, Suite 200
Oakland, CA 94607
Telephone: (510) 254-6808
Facsimile: (202) 973-0950
E-Mail: apersinger@tzlegal.com


**TYCKO & ZAVAREEI LLP**
JONATHAN K. TYCKO (_pro hac vice_)
KATHERINE M. AIZPURU (_pro hac vice_)
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
E-Mail:  jtycko@tzlegal.com

10

1
2

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

3

At the time of service, I was over 18 years of age and not a party to this action. I am

4

employed in the County of Alameda, State of California. My business address is 483

5

Ninth Street, Suite 200, Oakland, CA 94607.

6

7

On November 20, 2017, I served true copies of the following document(s) described as:

8

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

9

On the interested parties in this action as follows:

10

11

Brian A. Paino
MCGLINCHEY STAFFORD

12

18201 Von Karmen Avenue, Suite 350

13

Irvine, CA 92612
Tel.: (949) 381-5914

14

Fax: (949) 861-6316

15

bpaino@mcglinchey.com

16

Dhruv M. Sharma
MCGLINCHEY STAFFORD

17

18201 Von Karmen Avenue, Suite 350

18

Irvine, CA 92612
Tel.: (949) 252-9400

19

Fax: (949) 252-1032

20

dsharma@mcglinchey.com

21

22

**VIA FIRST CLASS MAIL**: I caused such document(s) to be deposited in the mail at

23

my business address, addressed to the addressee(s) designated. I am readily familiar

24

with Tycko & Zavareei LLP for collection and processing of correspondence and

25

pleadings for mailing. It is deposited with the Unites States Postal Service on that

26

same day in the ordinary course of business.

27

**VIA EMAIL**: I caused such document(s) to be sent to the email addresses listed

28

above.

---

1    I declare under penalty of perjury under the laws of the State of California that the

2    above is true and correct.

3

4    EXECUTED this 20th day of November, 2017, in Oakland, CA.

5

6                                                    /s/   Audrey E. Abate

7                                                    **Audrey Elizabeth Abate**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 2**

**TYCKO & ZAVAREEI LLP**
ANNICK M. PERSINGER (California Bar No. 272996)
483 Ninth Street, Suite 200
Oakland, CA 94607
Telephone: (510) 254-6808
Facsimile: (510) 210-0571
E-Mail: apersinger@tzlegal.com

**TYCKO & ZAVAREEI LLP**
JONATHAN K. TYCKO (*pro hac vice*)
KATHERINE M. AIZPURU (*pro hac vice*)
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
E-Mail:  jtycko@tzlegal.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZARAH KIMBLE, SEHER BASAK, SARAH SAKINAH GROZA O'LOUGHLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br><br>Defendant. | Case No. 3:16-cv-02519-GPC-BLM<br>———————————<br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT**<br><br>Hon. Gonzalo P. Curiel |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that Defendant Specialized Loan Servicing, LLC ("SLS" or "Defendant") produce answers under oath to the Interrogatories below in accordance with the instructions and definitions below. Plaintiffs request that the responses be produced within thirty (30) days, at the office of Tycko & Zavareei LLP, 483 Ninth Street, Suite 200, Oakland, CA 94607 and, if possible, electronically via email to Plaintiffs' counsel of record.

## I. DEFINITIONS

1.      As used herein, the word "document(s)" means all materials and tangible objects conveying or carrying spoken, visual or literal substance, including, but not limited to, the original (or, if the original is not in your possession, a copy) and any nonidentical copies, regardless of origin or location, and includes the following: papers, correspondence, records, tables, charts, analysis, graphs, schedules, reports, spreadsheets, memoranda, journals, notes, logs, calendars, appointment books, letters, telegrams, telecopy, telex and telefacsimile transmissions, messages, studies, books, periodicals, magazines, newspapers, booklets, advertisements, brochures, instructions, minutes, contracts, books of account, orders, invoices, statements, checks, bills, receipts, files, vouchers, notebooks, scrapbooks, data sheets, data processing cards, computer files, computer disks, computer printouts, "e-mail" messages, photographs, negatives, phone recordings, tape recordings, wire recordings, drawings, forms, catalogues, manuals, tabulations and any other matter of any kind, regardless of the manner in which produced.

2.      "And" shall mean "or" and "or" shall mean "and," as necessary to call for the broadest possible construction and to bring within the scope of this request any information that may otherwise be construed to be outside its scope.

1.      "You" or "your" shall mean Specialized Loan Servicing LLC, its subsidiaries, affiliated companies, parent companies, predecessor companies,

successor companies, officers, directors, employees, agents, representatives, and all persons acting or purporting to act on their behalf.

2. "Loss mitigation application" shall have the same meaning as defined in 12 C.F.R. § 1024.31, which is any oral or written request for a loss mitigation option that is accompanied by any information required by a servicer for evaluation for a loss mitigation option.

3. "Loss mitigation option" shall have the same meaning as defined in 12 C.F.R. § 1024.31, which is any alternative to foreclosure offered by the owner or assignee of a mortgage loan that is made available through the servicer to the borrower.

4. "Plaintiffs" shall mean former Plaintiff Margarette Smith, Plaintiff Zarah Kimble, Plaintiff Seher Basak, Plaintiff Sarah Sakinah Groza O'Loughlin, and Lynette Ethan-Groza (who had power attorney for the late Plaintiff Smith until the time of Ms. Ethan-Groza's death in August 2016).

5. "Units" shall mean any of your units, sections, divisions, subunits, subsections, subdivisions, groups, entities, teams, or employees.

B. "Describe" means, in the case of an act, event, transaction, relationship, thing or occurrence:

(1) A detailed description, including identification of dates, places, persons involved, and means employed;

(2) Identification of your sources of information concerning such act, event, transaction, thing or occurrence, including the date you received such information;

(3) Identification of each person having knowledge of such act, event, transaction, thing or occurrence; and

(4) Identification of each communication and each document relating to such act, event, transaction, thing or occurrence.

C.    "Identify" means:

(1)    With respect to a natural person: his or her full name, present or last known residence address, present or last known job title and responsibilities, the name and address of his or her present or last known employer, and his or her job title and responsibilities at the time in question;

(2)    With respect to a corporation or other business entity, means to state, to the extent known, its full name and address;

(3)    With respect to a document, means to describe specifically the document, its date, its present or last known location and custodian, its author (and, if different, the signer or signers), the addressee, the manner and date of its disposition if it is no longer in your possession or subject to your control, and all other means of identifying it with sufficient particularity to satisfy the requirements for its inclusion in a demand or request for its production pursuant to Rule 34 of the Federal Rules of Civil Procedure or by a subpoena duces tecum; and

(4)    With respect to a communication: the manner of the communication, the date of and parties to the communication, where it took place, its substance, and the identification of all documents that relate to the communication.

D.    "Relating" or "concerning" means pertaining, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning, referencing, or referring to in any way.

## II.    INSTRUCTIONS

1.    Set forth separately your answer to each of the interrogatories propounded herein.

2.    Each subpart of an interrogatory should be answered separately. Interrogatories or subparts should not be combined for the purpose of supplying a common answer, and answers should not be supplied by reference to the answer to

another interrogatory or subpart, unless the answer is completely identical to the answer to which it refers.

3.    Where knowledge or information in the possession or control of a party is requested or inquired of, such request or inquiry includes the party's agent, employees, representatives or other persons acting or appearing to act on that party's behalf, and, unless privileged, the party's attorneys.

4.    If any information called for by these interrogatories is withheld because you claim that such information is contained in a document and/or communication protected under the attorney/client privilege, work-product privilege, or other privilege, you are requested to so state, specifying for each such document or communication, its title, subject matter, sender, author, recipients of copies, each person to whom the original or any copy was circulated, the parties to the communication, the persons present during the communication, and the purpose and substance of the communication, the identity of the privilege being asserted, the basis upon which the privilege is claimed, and the interrogatory, requests for production of documents, or request for admission to which the document or communication is responsive.

5.    If you cannot answer any portion of any of the following interrogatories in full, after exercising due diligence to secure the information to do so, you shall so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

6.    The instructions are amplified by the definitions, and the interrogatories are amplified by the definitions and instructions.  You should respond to each interrogatory in the context of the definitions and instructions.

7.      To the extent you deem a particular interrogatory to be overbroad and unduly burdensome, you must respond to the interrogatory to the extent you deem the request permissible.

### III.    __INTERROGATORIES__

1.      Identify the total number of borrowers in the United States who have submitted loss mitigation applications to you since January 10, 2014.

2.      Identify the total number of borrowers in the State of California who have submitted loss mitigation applications to you since October 7, 2012.

3.      State the total amount of fees assessed on borrowers identified in response to Interrogatories 1 and 2, broken down by month and by type of fee.

4.      Describe each database, program, software, or system used to process loss mitigation applications submitted to you from October 7, 2012 through the present.

5.      Describe the process for how you handle and respond to loss mitigation applications submitted to you from October 7, 2012 through the present, including any changes to the process and the dates those changes were made.

6.      Identify which of your units were involved in processing loss mitigation applications, including, but not limited to, which units tested and measured compliance with the loss mitigation procedures set forth in 12 C.F.R. § 1024.41.

7.      Identify every employee or officer who has had supervisory or managerial responsibility over employees that process loss mitigation applications.

8.      Identify every employee or officer who has had supervisory or managerial responsibility over employees who test compliance with 12 C.F.R. § 1024.41.

9.      Identify each individual with knowledge of the facts or circumstances regarding the subject matter of the Complaint and, for each such person, describe the facts known to that person and identify all documents relating to those facts.  Such

persons should include, but not be limited to, all persons who have knowledge of the facts you will use in opposing a motion for class certification; all persons who have knowledge of the policies and procedures you employed for processing loss mitigation applications; and all persons who have knowledge of the policies and procedures you employed for complying with 12 C.F.R. § 1024.41.

DATED: December 18, 2017        _____/s/ Annick M. Persinger_____

**TYCKO & ZAVAREEI LLP**
ANNICK M. PERSINGER, (California Bar No. 272996)
483 Ninth Street, Suite 200
Oakland, CA 94607
Telephone: (510) 254-6808
Facsimile: (202) 973-0950
E-Mail: apersinger@tzlegal.com

**TYCKO & ZAVAREEI LLP**
JONATHAN K. TYCKO (*pro hac vice*)
KATHERINE M. AIZPURU (*pro hac vice*)
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
E-Mail:  jtycko@tzlegal.com

**PROOF OF SERVICE**
**DISTRICT OF COLUMBIA, WASHINGTON**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in Washington, District of Columbia. My business address is 1828 L Street, NW- Suite 1000, Washington DC, 20036.

On December 18, 2017, I served true copies of the following document(s) described as:

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT**

On the interested parties in this action as follows:

Brian A. Paino
MCGLINCHEY STAFFORD
18201 Von Karmen Avenue, Suite 350
Irvine, CA 92612
Tel.: (949) 381-5914
Fax: (949) 861-6316
bpaino@mcglinchey.com

Dhruv M. Sharma
MCGLINCHEY STAFFORD
18201 Von Karmen Avenue, Suite 350
Irvine, CA 92612
Tel.: (949) 252-9400
Fax: (949) 252-1032
dsharma@mcglinchey.com

**VIA FIRST CLASS MAIL**: I caused such document(s) to be deposited in the mail at my business address, addressed to the addressee(s) designated. I am readily familiar with Tycko & Zavareei LLP for collection and processing of correspondence and pleadings for mailing. It is deposited with the Unites States Postal Service on that same day in the ordinary course of business.

**VIA EMAIL**: I caused such document(s) to be sent to the email addresses listed above.

---

PROOF OF SERVICE

1  I declare under penalty of perjury under the laws of the State of California that the
2  above is true and correct.

3

4  EXECUTED this 18th day of December, 2017, in Washington, DC.

5

6                                         /s/   Melis Coban
7                                         **Melis Coban**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 3**

**McGLINCHEY STAFFORD**
Brian A. Paino (SBN 251243)
Dhruv M. Sharma (SBN 279545)
Sanford P. Shatz (SBN 127229)
18201 Von Karman Avenue, Suite 350
Irvine, California 92618
Telephone:    (949) 381-5900
Facsimile:    (949) 271-4040
Email:        bpaino@mcglinchey.com
              dsharma@mcglinchey.com
              sshatz@mcglinchey.com

Attorneys for *Defendant* **SPECIALIZED LOAN SERVICING LLC**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZARAH KIMBLE, SEHER BASAK, SARAH SAKINAH GROZA O'LOUGHLIN, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>SPECIALIZED LOAN SERVICING LLC,<br><br>        Defendant. | Case No.: 3:16-cv-02519-GPC-BLM<br><br>Hon. Gonzalo P. Curiel<br><br>**DEFENDANT SPECIALIZED LOAN SERVICING LLC'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTIES**:  *Plaintiffs* ZARAH KIMBLE, SEHER BASAK, and SAKINAH GROZA O'LOUGHLIN

**RESPONDING PARTY**:    *Defendant* SPECIALIZED LOAN SERVICING LLC

**SET NUMBER**: One (1)

Pursuant to Federal Rule of Civil Procedure 34, *defendant* Specialized Loan Servicing LLC ("Defendant") provides the following responses to *plaintiffs* Zarah Kimble, Seher Basak, and Sarah Sakinah Groza O'Loughlin's ("Plaintiffs") *Requests for Production of Documents* (the "Requests"):

## PRELIMINARY STATEMENT

Each response set forth herein remains subject to all appropriate objections, including without limitation, objections concerning relevancy, competency, materiality, propriety, and admissibility, that would require the exclusion of any statement contained herein or in any document

1                CASE NO. 3:16-cv-02519-GPC-BLM
**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**

1    referenced if any such response or document were sought to be introduced into evidence at any

2    hearing or trial in this case. Defendant expressly reserves all such objections. The following

3    responses are based upon information and documents presently known to Defendant and are

4    therefore made without prejudice to Defendant's right to produce subsequently discovered evidence

5    relating to the proof of presently known material facts and to produce all evidence, whenever

6    discovered, in any form, relating to the proof of subsequently discovered material facts. Except for

7    explicit facts admitted herein, no admission of any nature whatsoever is intended by these responses,

8    and none should be implied or inferred.

9    **<u>GENERAL OBJECTIONS</u>**

10    The following General Objections apply to every paragraph of the Requests:

11    1.    Defendant objects to every request that calls for privileged information, including,

12    without limitation, information protected by the attorney-client privilege, work-product doctrine, or

13    any other doctrine, immunity or privilege, and nothing contained in these responses is intended or

14    may be construed as a waiver of the work-product doctrine, or any other privilege, immunity, or

15    doctrine.

16    2.    Defendant objects to every request that is overly broad, unduly burdensome,

17    harassing, duplicative, or which requests information which is already in Plaintiffs' possession.

18    3.    Defendant objects to every request that calls for information which is neither relevant

19    to the subject matter of this proceeding nor proportional to the needs of this case.

20    4.    Defendant objects to every request, and, if applicable, to every introductory

21    "definition" or "instruction," that seeks to impose obligations beyond those required by the Federal

22    Rules of Civil Procedure, as reasonably interpreted and supplemented by the Local Rules of the U.S.

23    District Court for the Southern District of California, and any Court orders.

24    ///

25    ///

26    ///

27    ///

28    ///

2    CASE NO. 3:16-cv-02519-GPC-BLM

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:

*All documents relating to compliance or non-compliance with the loss mitigation procedures set forth in 12 C.F.R. § 1024.41, including but not limited to, internal correspondence, correspondence with federal, state, and municipal agencies, internal policies or procedures, and documents reflecting internal and external audits, evaluations, reports, reviews, and testing.*

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Defendant objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). At bottom, the issues presented by this action are narrow. Plaintiffs, as purported successors-in-interest to Margarette Smith ("Borrower"), contend that Defendant violated various provisions of 12 C.F.R. § 1024.41. In particular, Plaintiffs allege that Defendant violated the statute by failing to: (1) provide Borrower with a written acknowledgment of its receipt of her loss mitigation applications within 5 days and informing her within the acknowledgment as to whether her applications were complete; (2) evaluate Borrower for all available loss mitigation options; (3) provide Borrower with a written determination on her applications within 30 days of its receipt of the applications; and (4) specify the reasons for Defendant's determinations on Borrower's applications. As an initial matter, the information Borrower submitted to Defendant reflects that she does not qualify for any protections under 12 C.F.R. § 1024.41 as the property at issue was not her principal residence, as required by 12 C.F.R. § 1024.30(c). Regardless, any documents or information transmitted to federal, state, and municipal agencies has no bearing on the issue of whether Defendant violated 12 C.F.R. § 1024.41.

Defendant further objects to this request on the ground that it is overly-broad in that it contains no temporal limitation whatsoever and describes a scope of documents using omnibus terms. *See Sanchez Ritchie v. Energy*, 2015 WL 12914435, at *2 (S.D. Cal. 2015) ("Generally, a discovery request without any temporal or other reasonable limitation is objectionable on its face as overly broad."). While Defendant has not identified any privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request.

///

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**

1    Subject to and without waiver of the foregoing objections, including the General Objections,

2    Defendant will produce all relevant, non-privileged documents in its possession that are responsive

3    to this request.

4    **REQUEST FOR PRODUCTION NO. 2:**

5    *All documents reflecting or concerning activities undertaken to comply with the final rules issued by the Consumer Financial Protection Bureau in January 2013 concerning loan modifications, including, but not limited to, documents relating to the development and implementation of compliance testing, development and implementation of employee training, creation and modification of policies and procedures, modifications of electronic data systems, and creation or modification of communications to be sent to borrowers and loan modification applicants.*

6

7

8

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

10    Defendant objects to this request on the ground that it is not proportional to the needs of this

11    case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action

12    are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not

13    apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal

14    residence. Any documents or information related to the activities Defendant undertook to comply

15    with the final rules issued by the Consumer Financial Protection Bureau in January of 2013

16    concerning loan modifications has no bearing on the issue of whether Defendant violated 12 C.F.R.

17    § 1024.41.

18    Defendant further objects to this request on the ground that it is overly-broad in that it

19    contains no temporal limitation and describes a scope of documents using omnibus terms. *See*

20    *Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any privileged

21    documents responsive to this request, it reserves the right to object to the production of any

22    privileged documents in the event that its ongoing investigation reveals privileged documents that

23    are responsive to the request.

24    Subject to and without waiver of the foregoing objections, including the General Objections,

25    Defendant will produce all relevant, non-privileged documents in its possession that are responsive

26    to this request.

27    ///

28    ///

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**

1036317.1

**REQUEST FOR PRODUCTION NO. 3:**

*All communications relating to the Consumer Financial Protection Bureau, including, but not limited to, internal communication, as well as communications with examiners from the Consumer Financial Protection Bureau.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal residence. Plaintiffs' request for all documents or information related to communications between Defendant and the Consumer Financial Protection Bureau is otherwise beyond the scope of narrow issues presented in this action and has no bearing on the issue of whether Defendant violated 12 C.F.R. § 1024.41, especially when considering the broad scope of issues that may be covered by communications between Defendant and the Consumer Financial Protection Bureau.

Defendant further objects to this request on the ground that it is overly-broad in that it contains no temporal limitation and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request, provided that Plaintiffs otherwise overcome the objections stated in this response.

**REQUEST FOR PRODUCTION NO. 4:**

*All documents reflecting or describing "First Line of Defense," "Second Line of Defense," and "Third Line of Defense" groups or compliance activities, including but not limited to, documents reflecting development of testing by any of the lines of defense, and all results of testing.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects to this request on the ground that it is vague and ambiguous as to the terms "First Line of Defense," "Second Line of Defense," and "Third Line of Defense." Absent further explanation, Defendant is unable to respond to this request.

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**

1036317.1

1  Defendant further objects to this request on the ground that it is not proportional to the needs

2  of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this

3  action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does

4  not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her

5  principal residence. Plaintiffs' request for documents related to "compliance activities" has no

6  apparent bearing on the issue of whether Defendant violated 12 C.F.R. § 1024.41.

7  Defendant further objects to this request on the ground that it is overly-broad in that it

8  contains no temporal limitation and describes a scope of documents using omnibus terms. *See*

9  *Sanchez Ritchie*, 2015 WL 12914435, at *2.

10  **REQUEST FOR PRODUCTION NO. 5:**

11  *All documents reflecting your policies and procedures for processing loss mitigation*

12  *applications from October 7, 2012 to the present, including policies and procedures relating to loss*

13  *mitigation applications submitted to you, as well as your policies and procedures for honoring loss*

   *mitigation applications promised by prior loan servicers to borrowers whose mortgage loans are or*

14  *were serviced by you.*

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

16  Defendant objects to this request on the ground that it is not proportional to the needs of this

17  case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action

18  are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not

19  apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal

20  residence. Moreover, 12 C.F.R. § 1024.41 did not go into effect until January 10, 2014, well after the

21  October 7, 2012 date specified in this request. It follows that Plaintiffs' request for all documents or

22  information related to Defendant's loss mitigation policies and procedures dating back to October 7,

23  2012, has no bearing on the issue of whether Defendant violated 12 C.F.R. § 1024.41.

24  Defendant further objects to this request on the ground that it is overly-broad in that it seeks

25  information dating back to October 7, 2012, which was prior to the effective date of 12 C.F.R. §

26  1024.41, and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL

27  12914435, at *2. While Defendant has not identified any privileged documents responsive to this

28  ///

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**
1036317.1

1    request, it reserves the right to object to the production of any privileged documents in the event that

2    its ongoing investigation reveals privileged documents that are responsive to the request.

3          Subject to and without waiver of the foregoing objections, including the General Objections,

4    Defendant will produce all relevant, non-privileged documents in its possession that are responsive

5    to this request.

6    **REQUEST FOR PRODUCTION NO. 6:**

7          *All correspondence with borrowers from October 7, 2012 to the present relating to loss*

8    *mitigation plans promised by prior loan servicers to borrowers whose mortgage loans are or were*
     *serviced by you.*

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

10         Defendant objects to this request on the ground that it is not proportional to the needs of this

11   case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action

12   are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not

13   apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal

14   residence. Moreover, 12 C.F.R. § 1024.41 did not go into effect until January 10, 2014, well after the

15   October 7, 2012 date specified in this request. It follows that Plaintiffs' request for all documents or

16   information related to correspondence with borrowers dating back to October 7, 2012, has no

17   bearing on the issue of whether Defendant violated 12 C.F.R. § 1024.41. Further, the request seeks,

18   without limitation, correspondence with borrowers even where the borrower was not eligible for the

19   protections of 12 C.F.R. § 1024.41. Finally, the privacy right of borrowers under mortgage loans that

20   Defendant services outweighs Plaintiffs' need for borrower-specific information. *See e.g.,*

21   *Weidenhamer v. Expedia, Inc.*, 2015 WL 7158212, at *4 (W.D. Wash. 2015) ("The case law

22   generally recognizes that in evaluating requests for the identifying information of putative class

23   members, the Court must balance the privacy rights of those non-party putative class members and

24   the requesting party's need for that information.").

25         Defendant further objects to this request on the ground that it is overly-broad in that it seeks

26   information related to borrowers who were potentially ineligible for the protections of 12 C.F.R. §

27   1024.41, seeks information dating back to October 7, 2012, which was prior to the effective date of

28   12 C.F.R. § 1024.41, and describes a scope of documents using omnibus terms. *See Sanchez Ritchie,*

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**
1036317.1

2015 WL 12914435, at *2. While Defendant has not identified any privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request, provided that Plaintiffs otherwise overcome the objections stated in this response.

**REQUEST FOR PRODUCTION NO. 7:**

*All documents reflecting, depicting, or memorializing any online website, interface, or portal through which borrowers may submit loss mitigation applications to you or upload documents relating to loss mitigation applications from October 7, 2012 to the present, including all pages or iterations of any such website, interface, or portal.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal residence. Moreover, 12 C.F.R. § 1024.41 did not go into effect until January 10, 2014, well after the October 7, 2012 date specified in this request. It follows that Plaintiffs' request for all documents related to online websites, interfaces, or portals dating back to October 7, 2012, has no bearing on the issue of whether Defendant violated 12 C.F.R. § 1024.41.

Defendant further objects to this request on the ground that it is overly-broad in that it seeks information dating back to October 7, 2012, which was prior to the effective date of 12 C.F.R. § 1024.41, and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request.

Subject to and without waiver of the foregoing objections, including the General Objections, Defendant will produce all relevant, non-privileged documents in its possession that are responsive to this request.

///

///

8                    CASE NO. 3:16-cv-02519-GPC-BLM

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**

**REQUEST FOR PRODUCTION NO. 8:**

*All documents reflecting, depicting, or memorializing any electronic system, software, database, program, spreadsheet, form, portal, or interface used by you for servicing mortgages, including, but not limited to, any activities relating to RESPA, foreclosure, and/or loss mitigation applications.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal residence. Plaintiffs' request, without limitation, for all documents related to electronic systems, software, databases, programs, spreadsheets, forms, portals, or interfaces used in Defendant's mortgage servicing operations is disproportionate to the narrow issues presented in this case.

Defendant further objects to this request on the ground that it is overly-broad in that it contains no temporal limitation and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request, provided that Plaintiffs otherwise overcome the objections stated in this response.

**REQUEST FOR PRODUCTION NO. 9:**

*Provide database dictionaries (or other similar documents, however named, that list and describe fields and tables) for all databases, such as Oracle, Microsoft SQL Server, MySQL or other commercial products, or any internally-developed database(s) or system(s) performing a similar function, used for any activities relating to servicing mortgages, RESPA compliance, foreclosure, and/or loss mitigation applications. Each database dictionary must include listings and definitions of all fields and tables in the database.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this request on the ground that it is vague and ambiguous as to the term "database dictionaries." Absent further explanation, Defendant is unable to respond to this request.

///

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**
1036317.1

Defendant further objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal residence. Plaintiffs' request, without limitation, for "database dictionaries" used in connection with loan servicing databases has no bearing on the issue of whether Defendant violated 12 C.F.R. § 1024.41.

Defendant further objects to this request on the ground that it is overly-broad in that it contains no temporal limitation and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request, provided that Plaintiffs otherwise overcome the objections stated in this response.

**REQUEST FOR PRODUCTION NO. 10:**

*All data from any database identified in the response to Request No. 8 that is used by you to either: (a) process loan modification applications; or (b) process foreclosures for mortgage borrowers who submitted loan modification applications.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this request on the ground that it is vague and ambiguous as Request No. 8 seeks the production of documents, not the identification of information. Absent further explanation, Defendant is unable to respond to this request.

Defendant further objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal residence. Plaintiffs' request, without limitation, for "all data" from Defendant's loan servicing databases is disproportionate to the narrow issues presented in this case.

///

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**

Defendant further objects to this request on the ground that it is overly-broad in that it contains no temporal limitation and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request, provided that Plaintiffs otherwise overcome the objections stated in this response.

**REQUEST FOR PRODUCTION NO. 11:**

*All electronic data retention policies since October 7, 2012, including all documents reflecting changes in those policies and the reasons for those changes.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal residence. Moreover, 12 C.F.R. § 1024.41 did not go into effect until January 10, 2014, well after the October 7, 2012 date specified in this request. It follows that Plaintiffs' request for all of Defendant's electronic data retention policies dating back to October 7, 2012, is disproportionate to the narrow issues presented in this case.

Defendant further objects to this request on the ground that it is overly-broad in that it seeks information dating back to October 7, 2012, which was prior to the effective date of 12 C.F.R. § 1024.41, and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request.

Subject to and without waiver of the foregoing objections, including the General Objections, Defendant will produce all relevant, non-privileged documents in its possession that are responsive to this request.

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**
1036317.1

**REQUEST FOR PRODUCTION NO. 12:**

*All correspondence with third parties, including investor groups, mortgage lenders, and owners of mortgage loans, relating to loss mitigation applications submitted from October 7, 2012 to the present.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal residence. Moreover, 12 C.F.R. § 1024.41 did not go into effect until January 10, 2014, well after the October 7, 2012 date specified in this request. It follows that Plaintiffs' request for all correspondence with third parties related to loss mitigation applications dating back to October 7, 2012, is disproportionate to the narrow issues presented in this case. Finally, the request seeks, without limitation, correspondence with third parties even where the underlying mortgage loan was not eligible for the protections of 12 C.F.R. § 1024.41.

Defendant further objects to this request on the ground that it is overly-broad in that it seeks information dating back to October 7, 2012, which was prior to the effective date of 12 C.F.R. § 1024.41, and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request.

**REQUEST FOR PRODUCTION NO. 13:**

*All documents reflecting policies and procedures, including internal correspondence, for responding to and evaluating loss mitigation applications from October 7, 2012 to the present.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**

1036317.1

residence. Moreover, 12 C.F.R. § 1024.41 did not go into effect until January 10, 2014, well after the October 7, 2012 date specified in this request. It follows that Plaintiffs' request for all documents related to Defendant's policies and procedures for responding to and evaluating loss mitigation applications dating back to October 7, 2012, is disproportionate to the narrow issues presented in this case.

Defendant further objects to this request on the ground that it is overly-broad in that it seeks information dating back to October 7, 2012, which was prior to the effective date of 12 C.F.R. § 1024.41, and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request.

Subject to and without waiver of the foregoing objections, including the General Objections, Defendant will produce all relevant, non-privileged documents in its possession that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 14:**

*All policies and procedures for communicating the availability of loss mitigation options to borrowers whose mortgage loans are or were serviced by you from October 7, 2012 to the present.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal residence. Moreover, 12 C.F.R. § 1024.41 did not go into effect until January 10, 2014, well after the October 7, 2012 date specified in this request. It follows that Plaintiffs' request for all documents related to Defendant's policies and procedures for communicating loss mitigation options to borrowers dating back to October 7, 2012, is disproportionate to the narrow issues presented in this case.

///

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**

1036317.1

Defendant further objects to this request on the ground that it is overly-broad in that it seeks information dating back to October 7, 2012, which was prior to the effective date of 12 C.F.R. § 1024.41, and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request.

Subject to and without waiver of the foregoing objections, including the General Objections, Defendant will produce all relevant, non-privileged documents in its possession that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:**

*All correspondence with borrowers whose mortgage loans are serviced by you in response to any loss mitigation application submitted to you from January 10, 2014 to the present.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal residence. Moreover, the request seeks, without limitation, correspondence with borrowers irrespective of whether the borrower was eligible for the protections of 12 C.F.R. § 1024.41. Finally, the privacy right of borrowers under mortgage loans that Defendant services outweighs Plaintiffs' need for borrower-specific information. *See e.g., Weidenhamer,* 2015 WL 7158212, at *4.

Defendant further objects to this request on the ground that it is overly-broad in that it seeks borrower-level information without regard for whether the borrower was eligible for the protections of 12 C.F.R. § 1024.41 and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request, provided that Plaintiffs overcome the objections stated in this response.

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**
1036317.1

**REQUEST FOR PRODUCTION NO. 16:**

*Documents reflecting the identity of and total number of borrowers in the United States who have submitted loss mitigation applications to you since January 10, 2014.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal residence. Moreover, the request seeks, without limitation, documents related to borrowers irrespective of whether the borrowers were eligible for the protections of 12 C.F.R. § 1024.41. Finally, the privacy right of borrowers under mortgage loans that Defendant services outweighs Plaintiffs' need for borrower-specific information. *See e.g., Weidenhamer,* 2015 WL 7158212, at *4.

Defendant further objects to this request on the ground that it is overly-broad in that it seeks borrower-level information without regard for whether the borrower was eligible for the protections of 12 C.F.R. § 1024.41 and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request, provided that Plaintiffs otherwise overcome the objections stated in this response.

**REQUEST FOR PRODUCTION NO. 17:**

*All documents identifying the borrowers who submitted complete or facially complete loss mitigation applications within the meaning of 12 C.F.R. § 1024.41 on or after January 10, 2014 and who were subsequently referred to foreclosure. The documents should include the name of the borrower; the full address of the mortgaged property; the most recent mailing address of the borrower known to you; the date the loss mitigation application was submitted; the date the borrower was referred to foreclosure; the amount of fees assessed on the borrower; the case caption, case number, and court of foreclosure action; and the date of foreclosure sale of property, if applicable.*

///

///

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**
1036317.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal residence. Moreover, the request seeks, without limitation, documents related to borrowers irrespective of whether the borrowers were eligible for the protections of 12 C.F.R. § 1024.41. Finally, the privacy right of borrowers under mortgage loans that Defendant services outweighs Plaintiffs' need for borrower-specific information. *See e.g., Weidenhamer*, 2015 WL 7158212, at *4.

Defendant further objects to this request on the ground that it is overly-broad in that it seeks borrower-level information without regard for whether the borrower was eligible for the protections of 12 C.F.R. § 1024.41 and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request, provided that Plaintiffs otherwise overcome the objections stated in this response.

**REQUEST FOR PRODUCTION NO. 18:**

*All policies and procedures relating to filing notices of default.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal residence. Moreover, this request seeks policies and procedures relating to the filing of notices of default without limitation, despite the fact that 12 C.F.R. § 1024.41 did not go into effect until January 10, 2014.

///

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**
1036317.1

1    Defendant further objects to this request on the ground that it is overly-broad in that it

2    contains no temporal limitation whatsoever and describes a scope of documents using omnibus

3    terms. *See Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any

4    privileged documents responsive to this request, it reserves the right to object to the production of

5    any privileged documents in the event that its ongoing investigation reveals privileged documents

6    that are responsive to the request.

7    Subject to and without waiver of the foregoing objections, including the General Objections,

8    Defendant will produce all relevant, non-privileged documents in its possession that are responsive

9    to this request.

10   **REQUEST FOR PRODUCTION NO. 19:**

11   *All notices of default transmitted from October 7, 2012 until the present to borrowers whose*
12   *mortgage loans are or were serviced by you.*

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

14   Defendant objects to this request on the ground that it is vague and ambiguous as to the term

15   "transmitted." Absent further explanation, Defendant is unable to respond to this request.

16   Defendant further objects to this request on the ground that it is not proportional to the needs

17   of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this

18   action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does

19   not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her

20   principal residence. Moreover, 12 C.F.R. § 1024.41 did not go into effect until January 10, 2014,

21   well after the October 7, 2012 date specified in this request. It follows that Plaintiffs' request for all

22   notice of default transmittals dating back to October 7, 2012, is disproportionate to the narrow issues

23   presented in this case.

24   Defendant further objects to this request on the ground that it is overly-broad in that it seeks

25   information dating back to October 7, 2012, which was prior to the effective date of 12 C.F.R. §

26   1024.41, and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL

27   12914435, at *2. While Defendant has not identified any privileged documents responsive to this

28   request, it reserves the right to object to the production of any privileged documents in the event that

---

17                    CASE NO. 3:16-cv-02519-GPC-BLM

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**

1  its ongoing investigation reveals privileged documents that are responsive to the request, provided

2  that Plaintiffs otherwise overcome the objections stated in this response.

3  **REQUEST FOR PRODUCTION NO. 20:**

4
5    *All policies and procedures relating to assessing fees (including, but not limited to, late fees, attorney's fees, inspection fees, foreclosure-related fees, and any other fees imposed following the sending of correspondence notifying a borrower of default) on borrowers whose mortgage loans are or were serviced by you and who submitted a loss mitigation application to you from October 7, 2012 to the present.*
6
7

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

9    Defendant objects to this request on the ground that it is not proportional to the needs of this

10  case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action

11  are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not

12  apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal

13  residence. Moreover, 12 C.F.R. § 1024.41 did not go into effect until January 10, 2014, well after the

14  October 7, 2012 date specified in this request. It follows that Plaintiffs' request for policies and

15  procedures regarding the assessment of fees to mortgage loans that Defendant services dating back

16  to October 7, 2012, is disproportionate to the narrow issues presented in this case.

17    Defendant further objects to this request on the ground that it is overly-broad in that it seeks

18  information dating back to October 7, 2012, which was prior to the effective date of 12 C.F.R. §

19  1024.41, and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL

20  12914435, at *2. While Defendant has not identified any privileged documents responsive to this

21  request, it reserves the right to object to the production of any privileged documents in the event that

22  its ongoing investigation reveals privileged documents that are responsive to the request.

23    Subject to and without waiver of the foregoing objections, including the General Objections,

24  Defendant will produce all relevant, non-privileged documents in its possession that are responsive

25  to this request.

26  **REQUEST FOR PRODUCTION NO. 21:**

27    *All documents reflecting fees (including, but not limited to, late fees, attorneys' fees, inspection fees foreclosure-related fees, and any other fees imposed following the sending of correspondence notifying a borrower of default) assessed on borrowers whose mortgage loans are*
28

18                                    CASE NO. 3:16-cv-02519-GPC-BLM
**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**

*serviced by you and who submitted a loss mitigation application to you from October 7, 2012 to the present.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendant objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal residence. Moreover, 12 C.F.R. § 1024.41 did not go into effect until January 10, 2014, well after the October 7, 2012 date specified in this request. It follows that Plaintiffs' request for documents reflecting fees assessed to borrowers on loans that Defendant services dating back to October 7, 2012, is disproportionate to the narrow issues presented in this case. Further, the request seeks, without limitation, documents related to mortgage loans regardless of whether the borrower on the underlying loan was eligible for the protections of 12 C.F.R. § 1024.41. Finally, the privacy right of borrowers under mortgage loans that Defendant services outweighs Plaintiffs' need for borrower-specific information. *See e.g., Weidenhamer*, 2015 WL 7158212, at *4.

Defendant further objects to this request on the ground that it is overly-broad in that it seeks information dating back to October 7, 2012, which was prior to the effective date of 12 C.F.R. § 1024.41, and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request, provided that Plaintiffs otherwise overcome the objections stated in this response.

**REQUEST FOR PRODUCTION NO. 22:**

*All correspondence related to loss mitigation applications from October 7, 2012 until the present with borrowers whose mortgage loans are or were serviced by you relating to the assessment of fees against them (including, but not limited to, late fees, attorney's fees, inspection fees foreclosure-related fees, and any other fees imposed following the sending of correspondence notifying a borrower of default).*

///

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**
1036317.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant objects to this request on the ground that it is vague and ambiguous due to the compound nature of the request. Absent further explanation, Defendant is unable to respond to this request.

Defendant further objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal residence. Moreover, 12 C.F.R. § 1024.41 did not go into effect until January 10, 2014, well after the October 7, 2012 date specified in this request. It follows that Plaintiffs' request for all correspondence related to the assessment of late fees to borrowers on loans that Defendant services dating back to October 7, 2012, is disproportionate to the narrow issues presented in this case. Further, the request seeks, without limitation, documents related to mortgage loans regardless of whether the borrower on the underlying loan was eligible for the protections of 12 C.F.R. § 1024.41. Finally, the privacy right of borrowers under mortgage loans that Defendant services outweighs Plaintiffs' need for borrower-specific information. *See e.g., Weidenhamer*, 2015 WL 7158212, at *4.

Defendant further objects to this request on the ground that it is overly-broad in that it seeks information dating back to October 7, 2012, which was prior to the effective date of 12 C.F.R. § 1024.41, and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request.

**REQUEST FOR PRODUCTION NO. 23:**

*Documents showing the total number of borrowers who defaulted, including borrowers who received notices of default and/or who SLS filed default notices for, against whom fees were assessed and the nature of those fees.*

///

///

///

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**
1036317.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant objects to this request on the ground that it is vague and ambiguous due to the compound nature of the request. Absent further explanation, Defendant is unable to respond to this request.

Defendant further objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal residence. Moreover, the request seeks, without limitation, documents related to mortgage loans regardless of whether the borrower on the underlying loan was eligible for the protections of 12 C.F.R. § 1024.41. Finally, the privacy right of borrowers under mortgage loans that Defendant services outweighs Plaintiffs' need for borrower-specific information. *See e.g., Weidenhamer*, 2015 WL 7158212, at *4.

Defendant further objects to this request on the ground that it is overly-broad in that it contains no temporal limitation whatsoever and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request, provided that Plaintiffs overcome the objections stated in this response.

**REQUEST FOR PRODUCTION NO. 24:**

*All policies and procedures for valuing and inspecting properties, including, but not limited to, all policies and procedures for valuing and inspecting properties following default, or following the sending of correspondence to borrowers related to default.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not

apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal residence. Moreover, the request seeks, without limitation, Defendant's policies and procedures for valuing and inspecting properties, despite the fact that 12 C.F.R. § 1024.41 has only been in effect since January 10, 2014.

Defendant further objects to this request on the ground that it is overly-broad in that it contains no temporal limitation whatsoever and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request.

Subject to and without waiver of the foregoing objections, including the General Objections, Defendant will produce all relevant, non-privileged documents in its possession that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 25:**

*Documents identifying all third parties involved in valuing and inspecting properties, including, but not limited to, all third parties involved in valuing and inspecting properties following default, or following the sending of correspondence to borrowers related to default.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendant objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal residence. Moreover, the request seeks, without limitation, documents related to Defendant's property valuation and inspection practices, despite the fact that 12 C.F.R. § 1024.41 has only been in effect since January 10, 2014.

Defendant further objects to this request on the ground that it is overly-broad in that it contains no temporal limitation whatsoever and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**
1036317.1

privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request, provided that Plaintiffs otherwise overcome the objections stated in this response.

## REQUEST FOR PRODUCTION NO. 26:

*All correspondence, including internal communications and communications with third parties, relating to valuing and inspecting properties, including, but not limited to, all correspondence with borrowers who submitted a loss mitigation application to you from October 7, 2012 to the present following default, or following the sending of correspondence related to default to borrowers who submitted a loss mitigation application to you from October 7, 2012 to the present.*

## RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Defendant objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal residence. Moreover, 12 C.F.R. § 1024.41 did not go into effect until January 10, 2014, well after the October 7, 2012 date specified in this request. It follows that Plaintiffs' request for all correspondence with third parties related to valuing and inspecting properties dating back to October 7, 2012, is disproportionate to the narrow issues presented in this case. Finally, the request seeks, without limitation, correspondence with third parties even where the underlying mortgage loan was not eligible for the protections of 12 C.F.R. § 1024.41.

Defendant further objects to this request on the ground that it is overly-broad in that it seeks information dating back to October 7, 2012, which was prior to the effective date of 12 C.F.R. § 1024.41, and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request, provided that Plaintiffs otherwise overcome the objections stated in this response.

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**
1036317.1

**REQUEST FOR PRODUCTION NO. 27:**

*All correspondence with borrowers whose mortgage loans are or were serviced by you and who submitted a loss mitigation application to you from October 7, 2012 to the present relating to valuing and inspecting properties, including, but not limited to, all correspondence following default, or following the sending of correspondence to borrowers related to default.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal residence. Moreover, 12 C.F.R. § 1024.41 did not go into effect until January 10, 2014, well after the October 7, 2012 date specified in this request. It follows that Plaintiffs' request for all correspondence with borrowers related to valuing and inspecting properties dating back to October 7, 2012, is disproportionate to the narrow issues presented in this case. Further, the request seeks, without limitation, correspondence with borrowers even where the borrower was not eligible for the protections of 12 C.F.R. § 1024.41. Finally, the privacy right of borrowers under mortgage loans that Defendant services outweighs Plaintiffs' need for borrower-specific information. *See e.g., Weidenhamer*, 2015 WL 7158212, at *4.

Defendant further objects to this request on the ground that it is overly-broad in that it seeks information dating back to October 7, 2012, which was prior to the effective date of 12 C.F.R. § 1024.41, and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request, provided that Plaintiffs otherwise overcome the objections stated in this response.

**REQUEST FOR PRODUCTION NO. 28:**

*All training materials provided to employees relating to loss mitigation applications and foreclosure proceedings, including, but not limited to, training materials related to processing loss mitigation applications and filing notices of default, training materials provided to employees*

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**
1036317.1

*relating to valuing and inspecting properties following default, and training materials provided to employees relating to assessing fees on borrowers.*

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Defendant objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal residence. Moreover, the request seeks, without limitation, training materials related to Defendant's handling of loss mitigation applications and foreclosure proceedings, despite the fact that 12 C.F.R. § 1024.41 did not go into effect until January 10, 2014.

Defendant further objects to this request on the ground that it is overly-broad in that it contains no temporal limitation whatsoever and describes a scope of documents using omnibus terms. *See Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any privileged documents responsive to this request, it reserves the right to object to the production of any privileged documents in the event that its ongoing investigation reveals privileged documents that are responsive to the request, provided that Plaintiffs otherwise overcome the objections stated in this response.

## REQUEST FOR PRODUCTION NO. 29:

*All records concerning Plaintiffs from any of your databases, storage systems, filing systems, or recordkeeping systems, including, but not limited to, Plaintiffs' complete mortgage loan file and documents reviewed or relied on by you in reviewing, assessing, and evaluating Plaintiffs' loss mitigation applications, as well as all correspondence with Plaintiffs.*

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Defendant objects to this request on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). As noted above, the issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal

///

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**
1036317.1

1    residence. Moreover, this request seeks, without limitation, documents "concerning" Plaintiffs

2    without regard for the fact that 12 C.F.R. § 1024.41 did not go into effect until January 10, 2014.

3        Defendant further objects to this request on the ground that it is overly-broad in that it

4    contains no temporal limitation and describes a scope of documents using omnibus terms. *See*

5    *Sanchez Ritchie*, 2015 WL 12914435, at *2. While Defendant has not identified any privileged

6    documents responsive to this request, it reserves the right to object to the production of any

7    privileged documents in the event that its ongoing investigation reveals privileged documents that

8    are responsive to the request.

9        Subject to and without waiver of the foregoing objections, including the General Objections,

10   Defendant responds to this request as follows: Defendant has no documents responsive to this

11   request as Plaintiffs are not the borrowers under any mortgage loan serviced by Defendant. Instead,

12   Defendant services a mortgage loan extended to Borrower. Defendant will produce all relevant, non-

13   privileged documents in its possession that are responsive to this request, to the extent it seeks

14   information regarding Borrower's mortgage loan.

15   **REQUEST FOR PRODUCTION NO. 30:**

16        *All documents you intend to use to support any affirmative defense set forth in your Answer*

17   *to the Second Amended Complaint.*

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

19        Subject to and without waiver of the General Objections, Defendant will produce all relevant,

20   non-privileged documents in its possession that are responsive to this request.

21   DATED: January 9, 2018           **McGLINCHEY STAFFORD**

22

23

24           By:  */s/ Brian A. Paino*
            BRIAN A. PAINO

25             DHRUV M. SHARMA
            SANFORD P. SHATZ

26           Attorneys for *Defendant* **SPECIALIZED LOAN SERVICING LLC**

27

28

**DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)**

1036317.1

**PROOF OF SERVICE**

**STATE OF CALIFORNIA** )
) ss.
**COUNTY OF ORANGE** )

I, Carol Rico, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 18201 Von Karman Ave., Suite 350, Irvine, California 92612.

On January 9, 2018, I served the document(s) described as: **DEFENDANT SPECIALIZED LOAN SERVICING LLC'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS** as follows:

☒ **BY MAIL**: As follows:

  ☒ **FEDERAL** – I deposited such envelope in the U.S. mail at Irvine, California, with postage thereon fully prepaid,

☒ **BY EMAIL SERVICE** as follows: By email or electronic transmission: Based on any agreement between the parties and/or as a courtesy, I sent the document(s) to the person(s) at the email address(es) listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY PERSONAL SERVICE:** I caused a copy of such document(s) to be delivered by hand to a person of not less than 18 years of age at the address identified on the ATTACHED SERVICE LIST between the hours of 8:00 A.M. and 6:00 P.M.

☐ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's Electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF users set forth in the service list obtained from this Court. Pursuant to Electronic Filing Court Order, I hereby certify that the above documents(s) was uploaded to the website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.

Executed on January 9, 2018, at Irvine, California.

_____
Carol Rico

821927.1

1

**SERVICE LIST**
**USDC, Southern District Case No. 3:16-cv-02519-GPC-BLM**
**MARGARETTE SMITH v. SPECIALIZED LOAN SERVICING, LLC**
**File # 105702.0041**

2

3

Annick M. Persinger, Esq.
TYCKO & ZAVAREEI LLP
483 Ninth Street, Suite 200
Oakland, CA  94607

Attorney  for  Plaintiffs  **ZARAH  KIMBLE,**
**SEHER  BASAK,  and  SARAH  SAKINAH**
**GROZA O'LOUGHLIN**

4

5

Tel.: (510) 254-6810
Fax: (510) 210-0571
Email:  apersinger@tzlegal.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

821927.1

**EXHIBIT 4**

1  **McGLINCHEY STAFFORD**
   Brian A. Paino (SBN 251243)
2  Sanford P. Shatz (SBN 127229)
   Dhruv M. Sharma (SBN 279545)
3  18201 Von Karman Avenue, Suite 350
   Irvine, California 92612
4  Telephone:    (949) 381-5900
   Facsimile:    (949) 271-4040
5  Email:    bpaino@mcglinchey.com
             sshatz@mcglinchey.com
6             dsharma@mcglinchey.com

7  Attorneys for *Defendant* **SPECIALIZED LOAN SERVICING LLC**

8              **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 ZARAH KIMBLE, SEHER BASAK,          Case No.: 3:16-cv-02519-GPC-BLM
   SARAH SAKINAH GROZA
12 O'LOUGHLIN, individually and on     Hon. Gonzalo P. Curiel
   behalf of all others similarly situated,
13                                     **DEFENDANT SPECIALIZED LOAN**
                                       **SERVICING LLC'S RESPONSES TO**
           Plaintiffs,
14                                     **PLAINTIFFS' FIRST SET OF**
                                       **INTERROGATORIES**
   v.
15
   SPECIALIZED LOAN SERVICING, LLC,
16
           Defendant.
17

18 **PROPOUNDING PARTIES**:  *Plaintiffs* ZARAH KIMBLE, SEHER BASAK, and SARAH
                              SAKINAH GROZA O'LOUGHLIN
19
   **RESPONDING PARTY**:    *Defendant* SPECIALIZED LOAN SERVICING LLC
20
   **SET NUMBER**: One (1)
21

22        Pursuant to Federal Rule of Civil Procedure 33, *defendant* Specialized Loan Servicing LLC

23 ("Defendant") provides the following responses and/or objections to *plaintiffs* Zarah Kimble, Seher

24 Basak, and Sarah Sakinah Groza O'Loughlin's ("Plaintiffs") *First Set of Interrogatories* (the

25 "Interrogatories"):

26                         **PRELIMINARY STATEMENT**

27        Each response set forth herein remains subject to all appropriate objections, including

28 without limitation, objections concerning relevancy, competency, materiality, propriety, and

                                        1
                                              CASE NO.: 3:16-CV-02519-GPC-BLM

1  admissibility, that would require the exclusion of any statement contained herein or in any document

2  referenced if any such response or document were sought to be introduced into evidence at any

3  hearing or trial in this case. Defendant expressly reserves all such objections. The following

4  responses are based upon information and documents presently known to Defendant and are

5  therefore made without prejudice to Defendant's right to produce subsequently discovered evidence

6  relating to the proof of presently known material facts and to produce all evidence, whenever

7  discovered, in any form, relating to the proof of subsequently discovered material facts. Except for

8  explicit facts admitted herein, no admission of any nature whatsoever is intended by these responses,

9  and none should be implied or inferred.

10                                    **GENERAL OBJECTIONS**

11         The following General Objections apply to every paragraph of the Interrogatories:

12         1.      Defendant objects to every interrogatory that calls for privileged information,

13  including, without limitation, information protected by the attorney-client privilege, work-product

14  doctrine, or any other doctrine, immunity or privilege, and nothing contained in these responses is

15  intended or may be construed as a waiver of the work-product doctrine, or any other privilege,

16  immunity, or doctrine.

17         2.      Defendant objects to every interrogatory that is overly broad, unduly burdensome,

18  harassing, duplicative, or which requests information which is already in Plaintiffs' possession.

19         3.      Defendant objects to every interrogatory that calls for information which is neither

20  relevant to the subject matter of this proceeding nor proportional to the needs of this case.

21         4.      Defendant objects to every interrogatory and, if applicable, to every introductory

22  "definition" or "instruction" that seeks to impose obligations beyond those required by the Federal

23  Rules of Civil Procedure, as reasonably interpreted and supplemented by the Local Rules of the U.S.

24  District Court for the Southern District of California, and any Court orders.

25  ///

26  ///

27  ///

28  ///

**DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

1043568.1

**RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1**:

*Identify the total number of borrowers in the United States who have submitted loss mitigation applications to you since January 10, 2014.*

**RESPONSE TO INTERROGATORY NO. 1**:

Defendant objects to this interrogatory on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). The issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Margarette Smith ("Borrower") (and, by extension, Plaintiffs, as her purported successors-in-interest), insofar as the subject property was not Borrower's principal residence, as required by 12 C.F.R. § 1024.30(c). Moreover, the interrogatory seeks, without limitation, the identity of borrowers, regardless of whether the borrower was eligible for the protections of 12 C.F.R. § 1024.41. Further, the privacy rights of borrowers under mortgage loans that Defendant services outweighs Plaintiffs' need for borrower-specific information. *See e.g., Weidenhamer v. Expedia, Inc*., 2015 WL 7158212, at *4 (W.D. Wash. 2015) ("The case law generally recognizes that in evaluating requests for the identifying information of putative class members, the Court must balance the privacy rights of those non-party putative class members and the requesting party's need for that information.").

Defendant further objects to this interrogatory on the ground that it is overly-broad in that it seeks information related to borrowers who were potentially ineligible for the protections of 12 C.F.R. § 1024.41. Defendant further objects to this interrogatory on the ground that it is unduly burdensome in that it requires Defendant to make extensive investigations, research, compilations, and/or evaluations of data. *See e.g., Dibb v. AllianceOne Receivables Mgmt., Inc.*, 2015 WL 5555712, at *4 (W.D. Wash. 2015). While Defendant has not identified any privileged information responsive to this interrogatory, it reserves the right to object to the provision of any privileged information in the event that its ongoing investigation reveals privileged information that is responsive to the interrogatory, provided that Plaintiffs otherwise address the objections stated in this response.

///

**DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**
1043568.1

1   **INTERROGATORY NO. 2**:

2   *Identify the total number of borrowers in the State of California who have submitted loss*

3   *mitigation applications to you since October 7, 2012.*

4   **RESPONSE TO INTERROGATORY NO. 2**:

5   Defendant objects to this interrogatory on the ground that it is not proportional to the needs

6   of this case, as required under Fed. R. Civ. P. 26(b)(1). The issues presented by this action are

7   whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply

8   to Borrower (and, by extension, Plaintiffs, as her purported successors-in-interest), insofar as the

9   subject property was not her principal residence, as required by 12 C.F.R. § 1024.30(c). Moreover,

10  the interrogatory seeks, without limitation, the identity of borrowers, regardless of whether the

11  borrower was eligible for the protections of 12 C.F.R. § 1024.41. Moreover, 12 C.F.R. § 1024.41 did

12  not go into effect until January 10, 2014, well after the October 7, 2012 date specified in this

13  interrogatory. It follows that Plaintiffs' request for information related to Defendant's loss mitigation

14  activities dating back to October 7, 2012, has no bearing on the issue of whether Defendant violated

15  12 C.F.R. § 1024.41. Further, the privacy rights of borrowers under mortgage loans that Defendant

16  services outweighs Plaintiffs' need for borrower-specific information. *See e.g., Weidenhamer*, 2015

17  WL 7158212, at *4.

18  Defendant further objects to this interrogatory on the ground that it is overly-broad in that it

19  seeks information: (1) related to borrowers who were potentially ineligible for the protections of 12

20  C.F.R. § 1024.41; and (2) dating back to October 7, 2012, which was prior to the effective date of 12

21  C.F.R. § 1024.41. Defendant further objects to this interrogatory on the ground that it is unduly

22  burdensome in that it requires Defendant to make extensive investigations, research, compilations,

23  and/or evaluations of data. *See e.g., Dibb*, 2015 WL 5555712, at *4. While Defendant has not

24  identified any privileged information responsive to this interrogatory, it reserves the right to object to

25  the provision of any privileged information in the event that its ongoing investigation reveals

26  privileged information that is responsive to the interrogatory, provided that Plaintiffs otherwise

27  address the objections stated in this response.

28  ///

**INTERROGATORY NO. 3**:

   *State the total amount of fees assessed on borrowers identified in response to Interrogatories 1 and 2, broken down by month and by type of fee.*

**RESPONSE TO INTERROGATORY NO. 3**:

   Defendant objects to this interrogatory on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). The issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs, as her purported successors-in-interest), insofar as the subject property was not her principal residence, as required by 12 C.F.R. § 1024.30(c). Moreover, the interrogatory seeks, without limitation, the identity of and loan-level information for borrowers, regardless of whether the borrower was eligible for the protections of 12 C.F.R. § 1024.41. Further, the privacy rights of borrowers under mortgage loans that Defendant services outweighs Plaintiffs' need for borrower-specific information. *See e.g., Weidenhamer*, 2015 WL 7158212, at *4.

   Defendant further objects to this interrogatory on the ground that it is overly-broad in that it: seeks information: (1) related to borrowers who were potentially ineligible for the protections of 12 C.F.R. § 1024.41; and (2) regarding assessed fees, without any limitation whatsoever. It is unclear how information related to all fees assessed to delinquent accounts that Defendant serviced within the stated timeframe, without limitation, is pertinent to the narrow issues presented in this lawsuit.

   Defendant further objects to this interrogatory on the ground that it is unduly burdensome in that it requires Defendant to make extensive investigations, research, compilations, and/or evaluations of data. *See e.g., Dibb*, 2015 WL 5555712, at *4. While Defendant has not identified any privileged information responsive to this interrogatory, it reserves the right to object to the provision of any privileged information in the event that its ongoing investigation reveals privileged information that is responsive to the interrogatory, provided that Plaintiffs otherwise address the objections stated in this response.

///

///

///

**DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

1043568.1

**INTERROGATORY NO. 4**:

*Describe each database, program, software, or system used to process loss mitigation applications submitted to you from October 7, 2012 through the present.*

**RESPONSE TO INTERROGATORY NO. 4**:

Defendant objects to this interrogatory on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). The issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs, as her purported successors-in-interest), insofar as the subject property was not her principal residence, as required by 12 C.F.R. § 1024.30(c). Moreover, 12 C.F.R. § 1024.41 did not go into effect until January 10, 2014, well after the October 7, 2012 date specified in this interrogatory. It follows that Plaintiffs' request for information related to Defendant's loss mitigation databases, programs, software, and systems used to process loss mitigation applications dating back to October 7, 2012, has no bearing on the issue of whether Defendant violated 12 C.F.R. § 1024.41.

Defendant further objects to this interrogatory on the ground that it is overly-broad in that it seeks information dating back to October 7, 2012, which was prior to the effective date of 12 C.F.R. § 1024.41. Defendant further objects to this interrogatory in that it seeks proprietary information and/or information that may comprise a trade secret. Defendant further objects to this interrogatory on the ground that it is unduly burdensome in that it requires Defendant to make extensive investigations, research, compilations, and/or evaluations of data. *See e.g., Dibb*, 2015 WL 5555712, at *4. While Defendant has not identified any privileged information responsive to this interrogatory, it reserves the right to object to the provision of any privileged information in the event that its ongoing investigation reveals privileged information that is responsive to the interrogatory, provided that Plaintiffs otherwise address the objections stated in this response.

**INTERROGATORY NO. 5**:

*Describe the process for how you handle and respond to loss mitigation applications submitted to you from October 7, 2012 through the present, including any changes to the process and the dates those changes were made.*

**DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**
1043568.1

1    **RESPONSE TO INTERROGATORY NO. 5**:

2        Defendant objects to this interrogatory on the ground that it is not proportional to the needs

3    of this case, as required under Fed. R. Civ. P. 26(b)(1). The issues presented by this action are

4    whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply

5    to Borrower (and, by extension, Plaintiffs, as her purported successors-in-interest), insofar as the

6    subject property was not her principal residence, as required by 12 C.F.R. § 1024.30(c). Moreover,

7    12 C.F.R. § 1024.41 did not go into effect until January 10, 2014, well after the October 7, 2012 date

8    specified in this interrogatory. It follows that Plaintiffs' request for information related to

9    Defendant's loss mitigation procedures dating back to October 7, 2012, has no bearing on the issue

10   of whether Defendant violated 12 C.F.R. § 1024.41.

11       Defendant further objects to this interrogatory on the ground that it is overly-broad in that it

12   seeks information dating back to October 7, 2012, which was prior to the effective date of 12 C.F.R.

13   § 1024.41. Defendant further objects to this interrogatory in that it seeks proprietary information

14   and/or information that may comprise a trade secret. While Defendant has not identified any

15   privileged information responsive to this interrogatory, it reserves the right to object to the provision

16   of any privileged information in the event that its ongoing investigation reveals privileged

17   information that is responsive to the interrogatory, provided that Plaintiffs otherwise address the

18   objections stated in this response.

19   **INTERROGATORY NO. 6**:

20       *Identify which of your units were involved in processing loss mitigation applications,*

21   *including, but not limited to, which units tested and measured compliance with the loss mitigation*

22   *procedures set forth in 12 C.F.R. § 1024.41.*

23   **RESPONSE TO INTERROGATORY NO. 6**:

24       Defendant objects to this interrogatory in that it is vague and ambiguous as to the term

25   "units," which has not been adequately defined by Plaintiffs. Defendant further objects to this

26   interrogatory on the ground that it is not proportional to the needs of this case, as required under Fed.

27   R. Civ. P. 26(b)(1). The issues presented by this action are whether Defendant violated various

28   provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension,

7    CASE NO.: 3:16-CV-02519-GPC-BLM

1  Plaintiffs, as her purported successors-in-interest), insofar as the subject property was not her

2  principal residence, as required by 12 C.F.R. § 1024.30(c).

3      Defendant further objects to this interrogatory on the ground that it is overly-broad in that it

4  contains no temporal limitation whatsoever. Defendant further objects to this interrogatory in that it

5  seeks proprietary information and/or information that may comprise a trade secret. Defendant further

6  objects to this interrogatory on the ground that it is unduly burdensome in that it requires Defendant

7  to make extensive investigations, research, compilations, and/or evaluations of data. *See e.g., Dibb*,

8  2015 WL 5555712, at *4. While Defendant has not identified any privileged information responsive

9  to this interrogatory, it reserves the right to object to the provision of any privileged information in

10  the event that its ongoing investigation reveals privileged information that is responsive to the

11  interrogatory, provided that Plaintiffs otherwise address the objections stated in this response.

12  **INTERROGATORY NO. 7**:

13      *Identify every employee or officer who has had supervisory or managerial responsibility over*

14  *employees that process loss mitigation applications.*

15  **RESPONSE TO INTERROGATORY NO. 7**:

16      Defendant objects to this interrogatory on the ground that it is not proportional to the needs

17  of this case, as required under Fed. R. Civ. P. 26(b)(1). The issues presented by this action are

18  whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply

19  to Borrower (and, by extension, Plaintiffs, as her purported successors-in-interest), insofar as the

20  subject property was not her principal residence, as required by 12 C.F.R. § 1024.30(c). Defendant

21  further objects to this interrogatory on the ground that it is overly-broad in that it contains no

22  temporal limitation whatsoever. While Defendant has not identified any privileged information

23  responsive to this interrogatory, it reserves the right to object to the provision of any privileged

24  information in the event that its ongoing investigation reveals privileged information that is

25  responsive to the interrogatory, provided that Plaintiffs otherwise address the objections stated in this

26  response.

27  ///

28  ///

**DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**
1043568.1

**INTERROGATORY NO. 8**:

*Identify every employee or officer who has had supervisory or managerial responsibility over employees who test compliance with 12 C.F.R. § 1024.41.*

**RESPONSE TO INTERROGATORY NO. 8**:

Defendant objects to this interrogatory in that it is vague and ambiguous as to the phrase "test compliance." Defendant further objects to this interrogatory on the ground that it is not proportional to the needs of this case, as required under Fed. R. Civ. P. 26(b)(1). The issues presented by this action are whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply to Borrower (and, by extension, Plaintiffs, as her purported successors-in-interest), insofar as the subject property was not her principal residence, as required by 12 C.F.R. § 1024.30(c). Defendant further objects to this interrogatory on the ground that it is overly-broad in that it contains no temporal limitation whatsoever. While Defendant has not identified any privileged information responsive to this interrogatory, it reserves the right to object to the provision of any privileged information in the event that its ongoing investigation reveals privileged information that is responsive to the interrogatory, provided that Plaintiffs otherwise address the objections stated in this response.

**INTERROGATORY NO. 9**:

*Identify each individual with knowledge of the facts or circumstances regarding the subject matter of the Complaint and, for each such person, describe the facts known to that person and identify all documents relating to those facts. Such persons should include, but not be limited to, all persons who have knowledge of the facts you will use in opposing a motion for class certification; all persons who have knowledge of the policies and procedures you employed for processing loss mitigation applications; and all persons who have knowledge of the policies and procedures you employed for complying with 12 C.F.R. § 1024.41.*

**RESPONSE TO INTERROGATORY NO. 9**:

Defendant objects to this interrogatory on the ground that it is compound. Defendant further objects to this interrogatory on the ground that it lacks foundation as it references an inoperative pleading (i.e., the Complaint) and a motion for class certification that has not yet been filed.

1    Defendant further objects to this interrogatory on the ground that it is not proportional to the

2    needs of this case, as required under Fed. R. Civ. P. 26(b)(1). The issues presented by this action are

3    whether Defendant violated various provisions of 12 C.F.R. § 1024.41, a statute that does not apply

4    to Borrower (and, by extension, Plaintiffs, as her purported successors-in-interest), insofar as the

5    subject property was not her principal residence, as required by 12 C.F.R. § 1024.30(c). Defendant

6    further objects to this interrogatory on the ground that it is overly-broad as it has no temporal

7    limitation whatsoever.

8    Defendant further objects to this interrogatory on the ground that it is unduly burdensome in

9    that it requires Defendant to make extensive investigations, research, compilations, and/or

10   evaluations of data. *See e.g., Dibb*, 2015 WL 5555712, at *4. While Defendant has not identified any

11   privileged information responsive to this interrogatory, it reserves the right to object to the provision

12   of any privileged information in the event that its ongoing investigation reveals privileged

13   information that is responsive to the interrogatory, provided that Plaintiffs otherwise address the

14   objections stated in this response.

15

16   DATED:  January 22, 2018

17                                          **McGLINCHEY STAFFORD**

18

19                                          By:___/s/ *Brian A. Paino*_____
                                                 BRIAN A. PAINO
20                                               SANFORD P. SHATZ
                                                 DHRUV M. SHARMA
21                                          Attorneys  for  *Defendants*  **SPECIALIZED  LOAN
                                            SERVICING LLC**

22

23

24

25

26

27

28

                                          10
                   **DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**
1043568.1

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**      )
                                   )    ss.
**COUNTY OF ORANGE**        )

I, Stephanie Elizondo, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 18201 Von Karman Ave., Suite 350, Irvine, California 92612.

On January 22, 2018, I served the document(s) described as: **DEFENDANT SPECIALIZED LOAN SERVICING LLC'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** as follows:

☒   **BY MAIL**: As follows:

     ☒    **FEDERAL** – I deposited such envelope in the U.S. mail at Irvine, California, with postage thereon fully prepaid,

☐   **BY EMAIL SERVICE** as follows: By email or electronic transmission: Based on any agreement between the parties and/or as a courtesy, I sent the document(s) to the person(s) at the email address(es) listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐   **BY PERSONAL SERVICE:** I caused a copy of such document(s) to be delivered by hand to a person of not less than 18 years of age at the address identified on the ATTACHED SERVICE LIST between the hours of 8:00 A.M. and 6:00 P.M.

☐   **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's Electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF users set forth in the service list obtained from this Court. Pursuant to Electronic Filing Court Order, I hereby certify that the above documents(s) was uploaded to the website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☒   **FEDERAL:** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.

Executed on January 22, 2018, at Irvine, California.

_____
Stephanie Elizondo

821927.1

1

2

**SERVICE LIST**
USDC, Southern District Case No. 3:16-cv-02519-GPC-BLM
**MARGARETTE SMITH v. SPECIALIZED LOAN SERVICING, LLC**
File # 105702.0041

3

4

5

6

7

Annick M. Persinger, Esq.
TYCKO & ZAVAREEI LLP
483 Ninth Street, Suite 200
Oakland, CA 94607

Attorney for Plaintiffs **ZARAH KIMBLE,
SEHER BASAK, and SARAH SAKINAH
GROZA O'LOUGHLIN**

Tel.: (510) 254-6810
Fax: (510) 210-0571
Email: apersinger@tzlegal.com

8

9

10

11

Johnathan K. Tycko, Esq.
Katherine M. Aizpuru, Esq.
TYCKO & ZAVAREEI LLP
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036

Attorneys for Plaintiffs **ZARAH KIMBLE,
SEHER BASAK, and SARAH SAKINAH
GROZA O'LOUGHLIN**

Tel.: (202) 973-0900
Fax: (202) 973-0950
Email: kaizpuru@tzlegal.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

821927.1

**EXHIBIT 5**



WASHINGTON DC                      ▶    CALIFORNIA
1828 L Street, NW | Suite 1000         483 Ninth Street | Suite 200
Washington, DC 20036                   Oakland, CA 94607
202.973.0900                           510.254.6808
www.tzlegal.com

**VIA ELECTRONIC MAIL**

January 23, 2018                                    Our File No. 319-04C

Brian A. Paino
18201 Von Karman Avenue,
Suite 350
Irvine, California 92612

**Re:** *Kimble et al. v. Specialized Loan Servicing, LLC*, **Case No. 3:16-cv-02519-GPC-BLM (S.D. Cal.)**

Dear Brian:

We are in receipt of your client's responses and objections to our written discovery requests, dated January 9, 2018. I write to respond and request that we schedule a meet-and-confer conference to discuss the production of electronically stored information ("ESI"), SLS's responses and objections to Plaintiffs' discovery requests, and SLS's deficient production.

Notably, Plaintiffs' deadline to move for class certification is fast approaching on April 6, 2018. Plaintiffs require documents and information that SLS is currently refusing to produce to make that motion. Additionally, Magistrate Judge Major requires that "Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Federal Rule of Civil Procedure 37(a)(1) and Civil Local Rule 26.1(a)" and that "[a]ll discovery motions must be filed within 30 days of service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached an impasse with regard to the particular issue." Dkt. No. 42. Thus, any motion to compel is due by February 8, 2018, and the parties must meet and confer with respect to the following issues as soon as possible, and, in any event, by no later than the end of this week.

First, because much of the anticipated discovery in this case is comprised of electronically stored information, it is imperative that we reach agreement on an ESI protocol. When we last discussed this issue, we were unable to reach agreement. Your client was not amenable to the ESI protocol we proposed because your client anticipated wanting to produce certain materials in native format. In an attempt to compromise, and to accommodate SLS's desire to produce documents in native format, we now propose the attached proposal, which is based on the model ESI protocol from the Northern District of California. This proposal is

simplified from Plaintiffs' earlier proposal and accounts for production in native format.[1] Please review with your client and let us know if SLS is amenable.

Second, we would like to discuss your objections to Plaintiffs' requests for the production of documents. SLS's responses and objections treat the discovery requests as if only the named Plaintiffs' RESPA claims are at issue. This is, of course, not so. This is a nationwide class action lawsuit, and Magistrate Judge Major refused to bifurcate discovery. Thus, both class-wide and merits discovery are required. Plaintiffs' requests seek information to determine, among other things, the size, scope, and membership of the class, as well as SLS's conduct towards the class and damages suffered by class members. Plaintiffs require this evidence to establish numerosity, commonality, typicality, and predominance. In addition, several of the requests to which SLS objected bear directly on the issues necessary for Plaintiffs to carry their burden of establishing damages on a classwide basis under *Comcast Corp. v. Behrend*, 529 U.S. 27 (2013). The discovery requests therefore relate directly to the Rule 23 factors and Plaintiffs' obligations under *Comcast*, and Defendant is required to produce responsive information.

SLS's boilerplate objections to production violate Federal Rule of Civil Procedure 34(b)(2) in multiple ways. SLS did not state whether responsive documents are being withheld on the basis of the objections. SLS did not substantiate any of its claims of burden with particularized facts. SLS did not specify a reasonable time within which it would produce documents not being withheld on the basis of its objections. Moreover, some of SLS's objections are spurious, such as its claim that the industry-wide lines of defense, or the term "data dictionary," which data, analytics, and reporting personnel understand, are vague and ambiguous.

Third, SLS's production to date is deficient. Plaintiffs' requests for production specified that documents should be produced "in the form in which you keep them in the ordinary course of business," and that "electronically stored information shall be produced in electronic form and searchable to the same extent as you maintain such information in the ordinary course of business." SLS did not do this, most obviously by producing spreadsheets in .pdf form. *E.g.*, Bates 3640ff.

* * *

Plaintiffs respond as follows to SLS's specific objections to Plaintiffs' requests for production:

---

[1] In this regard, and as discussed below, Plaintiffs also note that, despite SLS's indication that documents should be produced in native format, it appears from the production to date that SLS did not produce documents in native format. For instance, Excel spreadsheets have been produced in PDF form which make it impossible to review or understand those documents. Those documents should be reproduced in native format immediately.

**SLS's Electronic Systems and Data (RFP Nos. 8, 9, and 9)**

RFP No. 8 seeks documents reflecting, depicting, or memorializing any electronic system, software, database, program, spreadsheet, form, portal, or interface used by SLS to service mortgages, including but not limited to any activities relating to RESPA, foreclosure, and/or loss mitigation applications.

RFP No. 9 seeks database dictionaries (or other similar documents, however named, that list and describe fields and tables) for all databases, such as Oracle, Microsoft SQL Server, MySQL, or other commercial products, or any internally developed databases or systems performing a similar function, used for any activities relating to RESPA compliance, mortgage servicing, foreclosure, and/or loss mitigation applications.

RFP No. 10 seeks data from any database identified in response to Request No. 8 that is used by SLS to process loan modification applications or process foreclosures for mortgage borrowers who submitted loan modification applications.

SLS objects to these requests on the ground that they are not proportional in substantive scope; overly broad in that they contain no temporal limitation; and that RFP Nos. 9 and 10 are vague.[2]

SLS's objections that these requests are not proportional are groundless. RFP Nos. 8, 9, and 10 are clearly proportional to the needs of the case. The core issue in this case is whether SLS complied with RESPA, specifically with 12 C.F.R. § 1024.41. The data contained in SLS's loan servicing databases will reveal, and is necessary to prove, whether and to what extent SLS complied with 12 C.F.R. § 1024.41. For example, the data will show whether SLS responded to loss mitigation requests within the time provided and in the manner provided in 12 C.F.R. § 1024.41. It will show whether SLS initiated foreclosures while loss mitigation applications were pending, in violation of 12 C.F.R. § 1024.41. It will show whether SLS actually evaluated all borrowers for all loss mitigation options, as required, or not. It will show whether SLS actually kept and reviewed the information submitted by borrowers as part of their loss mitigation applications, or not. And it will show what SLS did with that information upon receipt, including whether, as Plaintiffs allege, SLS was not processing loss mitigation applications in accordance with the law. In sum, the electronic data stored in SLS's loan servicing, loss mitigation, and foreclosure-related databases goes to the heart of Plaintiffs' case. Far from being disproportionate requests, RFP Nos. 8 and 10 are directly related to the elements of the case that Plaintiffs will have to prove.

---

[2] SLS's "vague" objections are generalized and do not specify what SLS contends is "vague" in contravention of the Federal Rules of Civil Procedure. We are happy to discuss RFP Nos. 9-10 if you require further clarification.



January 23, 2018
Page 4

These requests also relate to Plaintiffs' motion for class certification, where they are required to show whether common evidence will bear on common issues such that they predominate over individual inquiries. In other words, if Plaintiffs are prevented from discovering SLS's databases, Plaintiffs will be prejudiced in carrying their burden of showing that a class action is manageable and that there is workable methodology for establishing class wide damages. In that regard, Plaintiffs' experts require this information and access to databases in native, searchable form to propose a model of class wide damages. In short, the documents and data requested in RFP Nos. 8 and 10 are therefore relevant and discoverable.

RFP No. 9 is similarly relevant and discoverable because Plaintiffs will require a database dictionary or some other guide for understanding the data stored in SLS's databases. A database dictionary explains the codes and terms used to sort, label, and identify data stored in the databases.[3] Plaintiffs require this type of document in order to understand the data produced in response to RFP No. 10.

As for the objection that the requests are disproportionate because they do not contain a temporal limitation, Plaintiffs are willing to limit the scope of RFP Nos. 8 and 10 to documents, data, and information dating to **October 7, 2012** (reflecting the statute of limitations under the UCL). While it is true that 12 C.F.R. § 1024.41 did not go into effect until January 10, 2014, without understanding how SLS handles information submitted in support of loss mitigation applications, Plaintiffs cannot agree to limit the dataset to dates after January 2014. For example, a file may have been opened in SLS's systems prior to January 2014, but then a loss mitigation application may have been submitted after RESPA became effective. Limiting information to after January 2014 would run the risk of either excluding that file, or excluding relevant information from that file. Plaintiffs are willing to confer on these issues, and may be willing to further limit the time frame if they can be sure that all customers who submitted loan files after RESPA became effective will be captured.

Importantly, access to databases is regularly granted in similar contexts. *See e.g.*, *Omax Corp. v. Flow Intern. Corp.*, 2007 WL 1830631, at *1-2 (W.D. Wash. June 22, 2007) (granting motion to compel production of information from databases containing information related to price quotes made to customers even though it was possible that some information in the database may have been of limited utility and even though defendant provided some information in the database in the form of a spreadsheet). *See also, e.g.*, *Solarcity Corp. v. Doria*, 2017 WL 6551239, at *15 (S.D. Cal. Dec. 21, 2017) (granting motion to compel request related to Solarcity's internal databases and rejecting Solarcity's privilege and proprietary objections based on existence of a protective order); *BrightEdge Tech., Inc. v. Searchmetrics GmbH.*, 2017 WL 5171227, at *2 (N.D. Cal. Nov. 8, 2017) (ordering production of the "SugarCRM database" and

---

[3] It belies belief that SLS's data, analytics, and reporting personnel do not know what a database dictionary is. Plaintiffs, however, do not know which backend databases SLS uses; but for Oracle, refer to https://docs.oracle.com/cd/B10501_01/server.920/a96524/c05dicti.htm, for Sequel Server to https://www.essentialsql.com/what-is-a-data-dictionary/, and generally to https://en.wikipedia.org/wiki/Data_dictionary.



the underlying documents referenced in the database subject to the parties' protective order); *Perez v. First Amer. Title Ins. Co.*, 2010 WL 3419715, at *3 (D. Ariz. Aug. 27, 2010) (allowing access to databases for purposes of identifying class members); *Fleming v. Parnell*, 2013 WL 5138980, *1-3 (W.D. Wash. Sept. 12, 2013). For example, in *Qualcomm Inc. v. Broadcom Corp.*, 2007 WL 935617 (S.D. Cal. Mar. 13, 2007), Magistrate Judge Major allowed immediate comprehensive access to a database containing information related to defendant's interactions with customers. Plaintiffs expect that Magistrate Judge Major will allow similar access to SLS's databases in this case. SLS must provide Plaintiffs with reasonable access to these databases forthwith.

### SLS's Internal Compliance Communications (RFP No. 4)

RFP No. 4 requests documents "reflecting or describing 'First Line of Defense,' 'Second Line of Defense,' and 'Third Line of Defense' groups or compliance activities, including but not limited to, documents reflecting development of testing by any of the lines of defense, and all results of testing." SLS objects that RFP No. 4 is vague and ambiguous as to those terms.

A December 16, 2016 Business Wire article describes SLS as follows: "SLS has a good risk management and framework utilizing the three lines of defense model. This includes quality assurance as the first line, quality control as the second line, and internal audit as the third line." *Fitch Takes Various Actions on Specialized Loan Servicing's U.S. RMBS Servicer Ratings*, Business Wire (Dec. 16, 2016), https://tinyurl.com/y9nq7qzq. Plaintiffs therefore request that SLS produce documents reflecting or describing these three lines of defense groups or compliance activities to the extent the quality assurance, quality control, and internal audit groups conducted functions with respect to mortgage loan servicing, loss mitigation applications, foreclosure-related activities, and SLS's obligations under 12 C.F.R. § 1024.41.

SLS also objects that this request is disproportionate to the needs of the case. To the contrary, if SLS's internal compliance and risk management groups conducted any testing or compliance reviews concerning SLS's compliance with RESPA, Plaintiffs are entitled to receive and review the development of such testing, the results of such testing, and internal communications related to the testing because those documents are probative of whether SLS complied with RESPA. It is well accepted that internal compliance audits are probative and discoverable in cases alleging noncompliance with federal regulation. *See, e.g.*, *In re Citimortgage, Inc. Home Affordable Modification Program ("HAMP") Litig.*, No. MDL-11-2274-DSF (PLAx), 2012 WL 10450139, at *8 (C.D. Cal. June 7, 2012) (ordering defendant to produce "any internal audits defendant conducted of its compliance with HAMP" that were not subject to certain administrative procedures). Accordingly, Plaintiffs request that SLS produce these materials.



January 23, 2018
Page 6

**Requests Relating to the Putative Class (RFP Nos. 16, 17)**

       RFP No. 16 requests documents reflecting the identity of and total number of borrowers in the United States who have submitted loss mitigation application requests to SLS since January 10, 2014. RFP No. 17 requests all documents identifying the borrowers who submitted complete or facially complete loss mitigation applications within the meaning of 12 C.F.R. § 1024.41 on or after January 10, 2014 and who were subsequently referred to foreclosure.

       SLS objects that these requests are disproportionate because they do not relate to whether SLS complied with 12 C.F.R. § 1024.41. This objection is baseless. Documents responsive to RFP Nos. 16 and 17 bear directly on the numerosity, commonality, typicality, and predominance factors because they will establish the size of the class and the scope of SLS's misconduct.

       SLS also objects that the documents could relate to borrowers "irrespective of whether the borrowers were eligible for the protections of 12 C.F.R. § 1024.41." Plaintiffs are not sure what is meant by this objection, but note that the definitions of Plaintiffs' discovery requests specify that "loss mitigation application" has the same meaning as defined in 12 C.F.R. § 1024.31. Plaintiffs are not seeking documents related to borrowers of loans that fall outside of RESPA's protections.[4] However, the fact that some documents related to borrowers whose loans fall outside of RESPA may be included does not mean that Plaintiffs should be denied access to this relevant information. Indeed, even certified classes may include persons who have not been harmed because individualized damages issues do not defeat certification. *See e.g.*, *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161 (9th Cir. 2014).

       Finally, SLS objects on the basis of "the privacy rights of borrowers under mortgage loans that Defendant services." This objection is baseless because there is a protective order in place in this case sufficient to protect the borrowers' privacy rights. In any event, Plaintiffs are willing to accept documents with names and addresses of borrowers redacted, until a class is certified, though the information should retain some form of identifier such as a loan number.

       Magistrate Judge Major's decision in *Shaw v. Experian Information Solutions Inc.*, 306 F.R.D. 293 (S.D. Cal. 2015) is instructive. In that case, Magistrate Judge Major concluded that, in a putative class action, privacy concerns did not preclude an order compelling an order of customer information, especially because "Plaintiffs agreed to accept the requested ACDV data 'with all personal information redacted'" and "the requested data can be produced subject to a protective order limiting the use of the requested data and protecting it from disclosure." *Id.* at 301. Additionally, Magistrate Judge Major specifically recognized that "[i]n class action suits, the disclosure of names, addresses, and telephone numbers is commonly allowed, because such disclosure does not involve revelation of personal secrets, intimate activities, or similar private

---

[4] SLS's repeated, erroneous assertion that Plaintiffs are not entitled to protection under RESPA simply shows that SLS is not in a position to determine which of its borrowers are eligible for protection under 12 C.F.R. § 1024.41.



information, which have been found to be serious invasions of privacy." *Id.* (internal citations omitted).

Alternatively, prior to class certification, the parties could provide putative class members with notice and an opportunity to opt-out of having their information provided. *See Murphy v. Target Corp.*, 2011 WL 2413439, at *4 (S.D. Cal. June 14, 2011) ("[T]he disclosure of [class member] information does not constitute a serious invasion of privacy because parties may generally discover the identifying information of potential class members, especially where an opt-out notice affords the potential class members the opportunity to decline disclosure.").

Either way, Plaintiffs SLS must produce these materials.

### SLS's Correspondence with Class Members (RFP Nos. 6, 15, 19)

RFP No. 6 requests all correspondence with borrowers from October 7, 2012 to the present relating to loss mitigation plans promised by prior loan servicers to borrowers whose mortgage loans are or were serviced by SLS. RFP No. 15 seeks correspondence with borrowers whose mortgage loans are serviced by SLS in response to any loss mitigation applications submitted to you from January 10, 2014 to the present. RFP No. 19 requests all notices of default submitted to borrowers whose mortgages are serviced by SLS from October 17, 2012 through the present.

Defendant objects that these requests could harm borrowers' privacy rights. Although unnecessary because of the protective order, prior to class certification, Plaintiffs do not object to Defendant redacting the names and personal identification of individual borrowers, though of course the information should retain some form of unique identifier, such as a loan number. Given that this information is highly relevant to whether SLS complied with RESPA, "Plaintiffs' need for the requested information significantly outweighs [SLS's] customers' privacy rights in the information." *See Shaw*, 306 F.R.D. at 301.

Defendant also objects that these requests are disproportionate to the needs of the case, objects to the time frame of RFP Nos. 6 and 19, and asserts that the requests could pertain to borrowers ineligible for RESPA. Turning first to the time frame of the request, while Plaintiffs believe they are entitled to review correspondence between SLS and the class prior to January 10, 2014, Plaintiffs are willing to limit the scope of RFP Nos. 6, 15, and 19 to correspondence from January 10, 2014 to the present.

As for the claim that the requests are disproportionate, RFP Nos. 6, 15, and 19 are not disproportionate because they are directly probative of the Rule 23 factors—particularly commonality, typicality, and predominance. Documents responsive to these requests will demonstrate SLS's conduct towards class members. Moreover, SLS's correspondence with class members relating to loss mitigation plans promised by prior servicers, responding to loss mitigation applications, and transmitting notices of default are each directly relevant to



January 23, 2018
Page 8

establishing SLS's compliance or noncompliance with 12 C.F.R. § 1024.41, which governs *inter alia* the manner of providing information and that certain content be transmitted to borrowers seeking loan modifications.

Accordingly, Plaintiffs request that SLS produce these materials.

**<u>Documents Showing Fees (RFP Nos. 21, 22, and 23)</u>**

RFP No. 21 requests documents reflecting fees (including, but not limited to, late fees, attorneys' fees, inspection fees, foreclosure related fees, and any other fees imposed following the sending of correspondence notifying a borrower of default) assessed on borrowers whose mortgage loans are serviced by SLS and who submitted a loss mitigation application from October 7, 2012 to the present.

RFP No. 22 requests correspondence related to loss mitigation applications from October 7, 2012 until the present with borrowers whose mortgage loans are or were serviced by you relating to the assessment of fees against them (including, but not limited to, late fees, attorney's fees, inspection fees, foreclosure related fees, and any other fees imposed following the sending of correspondence notifying a borrower of default). SLS asserts that this RFP is vague and ambiguous. But this request is sufficiently clear in that it seeks correspondence with borrowers who submitted loss mitigation applications within the specified time period that pertains to the assessment of fees against those borrowers after the loss mitigation application was submitted.

RFP No. 23 requests documents showing the total number of borrowers who defaulted, including borrowers who received notices of default and/or who SLS filed default notices for, against whom fees were assessed and the nature of those fees.

SLS objects that these requests are disproportionate, overly broad in temporal scope, and could affect borrowers' privacy rights. As discussed above, prior to class certification, Plaintiffs do not object to Defendant redacting the names and personal identification of individual borrowers, though of course the information should retain some form of unique identifier, such as a loan number. Also, while Plaintiffs believe they are entitled to review correspondence between SLS and class members from prior to January 10, 2014, Plaintiffs are willing to limit the scope of RFP Nos. 21, 22, and 23 to documents from January 10, 2014 through the present.

SLS's boilerplate claims that these requests are disproportionate are wrong. The Court agrees with Plaintiffs that fees assessed on borrowers who were forced to linger for months and years while their loss mitigation applications were mishandled, ignored, and left unresolved by SLS amount to damages under RESPA. *See* Order Granting In Part and Denying In Part Defendant's Motion to Dismiss at 11, Dkt. No. 16; *see also* Second Amended Compl., Dkt. No. 32, ¶ 163 (alleging that a May 25 letter "included a breakdown of fees that had been assessed to Ms. Smith's account, as follows: $4,909.63 in foreclosure fees/costs; $249.70 in property inspections; $25.00 for payoff statement; and $11.00 on corporate advances for a total of



$5.195.33" and that "SLS never intended to evaluate [Plaintiff Smith's] loss mitigation options as SLS was also informally initiating foreclosure proceedings."). These documents go directly to Defendant's conduct towards class members in assessing fees, and the nature and amount of fees assessed against the class. *See id.* Thus, they are responsive and indeed necessary for Plaintiffs to carry their burden of establishing that damages can be calculated on a classwide bases. *See Comcast*, 527 U.S. at 35. Without the ability to provide this information to an expert, Plaintiffs will be extremely prejudiced in showing that there is a workable method for showing classwide damages.

Accordingly, Plaintiffs request that SLS produce these materials.

**Documents Relating to Property Valuation (RFP Nos. 25, 26, and 27)**

RFP No. 25 seeks documents identifying all third parties involved in valuing and inspecting properties, including, but not limited to, all third parties involved in valuing and inspecting properties following default, or following the sending of correspondence to borrowers related to default.

RFP No. 26 requests correspondence, including internal communications and communications with third parties, relating to valuing and inspecting properties, including, but not limited to, correspondence with borrowers who submitted a loss mitigation application to you from October 7, 2012 to the present following default, or following the sending of correspondence related to default to borrowers who submitted a loss mitigation application to you from October 7, 2012 to the present.

RFP No. 27 requests correspondence with borrowers whose mortgage loans are or were serviced by you and who submitted a loss mitigation application relating to valuing and inspecting of properties, including but not limited to correspondence following default or following the sending of correspondence to borrowers related to default.

Again, Plaintiffs do not object to Defendant redacting the names and personal identification of individual borrowers prior to class certification, though of course the information should retain some form of unique identifier, such as a loan number. Also, while Plaintiffs believe they are entitled to review documents from prior to January 10, 2014, Plaintiffs are willing to limit the scope of RFP Nos. 25, 26, and 27 to documents from January 10, 2014 through the present.

Property inspections and valuations are not only connected with SLS's improper assessment of fees against class members—many of which were property inspection fees and fees for appraisals—but also with SLS's unlawful practice of assessing foreclosure related fees against borrowers who have pending loss mitigation applications and of pursuing foreclosure. In other words, the information sought with these requests is directly relevant to Plaintiffs' "claim[] that SLS never intended to evaluate [Plaintiff Smith's] loss mitigation options as SLS was also


informally initiating foreclosure proceedings." *See* Order Granting In Part and Denying In Part Defendant's Motion to Dismiss at 16, Dkt. No. 16; *see also* Second Amended Compl., Dkt. No. 32, ¶ 163.  These documents are also relevant to Plaintiffs' obligation to demonstrate damages on a classwide basis under *Comcast*. Because they also relate to Defendant's conduct toward class members, documents responsive to these requests are relevant to establishing the Rule 23 factors. Accordingly, Plaintiffs request that SLS produce these materials.

**SLS's Training Materials (RFP No. 28)**

     RFP No. 28 seeks training materials provided to employees relating to loss mitigation applications and foreclosure proceedings, including, but not limited to, training materials related to processing loss mitigation applications and filing notices of default, training materials provided to employees relating to valuing and inspecting properties following default, and training materials provided to employees relating to assessing fees on borrowers.

     These training materials each are related to the core issues in this case: SLS's processes for handling loss mitigation applications, which is the area governed by RESPA; SLS's processes for valuing and inspecting properties, and assessing fees on borrowers, which go to the size and scope of damages in this case. Accordingly, SLS must produce these materials. *See, e.g.*, *In re Citimortgage*, 2012 WL 10450139, at * 8-9 (requiring defendant to produce "training materials" relating to defendant's implementation of the Home Affordable Mortgage Program and related regulations).

**Requests Relating to Communications with the CFPB (RFP No. 3)**

     RFP No. 3 requests "All communications relating to the Consumer Financial Protection Bureau ("CFPB"), including, but not limited to, internal communication, as well as communications with examiners from the CFPB." Defendant objects to this request as disproportionate and overly broad. Defendant does not make clear whether such documents even exist or whether they are being withheld.

     To the extent that SLS has these documents in its possession, these documents are relevant and must be produced. The pertinent regulations in this case – 12 C.F.R. § 1024.41 – are CFPB regulations. Thus, communications with the CFPB or discussing the CFPB will be probative of whether SLS was in compliance with CFPB regulations; when SLS got in compliance, if that ever occurred; and in which areas SLS was out of compliance, and when, among other issues. Accordingly, SLS must produce these materials.

**Requests Relating to Correspondence with Third Parties (RFP No. 12)**

     RFP No. 12 seeks correspondence with third parties, including investor groups, mortgage lenders, and owners of mortgage loans, relating to loss mitigation applications. Under RESPA, a loan servicer is obligated to provide the *specific reasons* for a loss mitigation applications denial.

January 23, 2018
Page 11

*See* 12 C.F.R. § 1024.41(d). To the extent that SLS discussed loss mitigation applications with third party investors and others, and those discussions resulted in determinations on loss mitigation applications, Plaintiffs are entitled to test those determinations against the discussions with third-party investors and others. Accordingly, SLS must produce these materials.

* * *

I hope that we will be able to resolve these issues without the involvement of the Court. Please let me know your availability for a call this week to discuss these issues.

Best regards,

Annick Persinger

**EXHIBIT 6**

**TYCKO & ZAVAREEI LLP**
ANNICK M. PERSINGER (California Bar No. 272996)
483 Ninth Street, Suite 200
Oakland, CA 94607
Telephone: (510) 254-6808
Facsimile: (510) 210-0571
E-Mail: apersinger@tzlegal.com

**TYCKO & ZAVAREEI LLP**
JONATHAN K. TYCKO (*pro hac vice*)
KATHERINE M. AIZPURU (*pro hac vice*)
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
E-Mail: jtycko@tzlegal.com

**THE BESTOR LAW FIRM**
GEOFFREY BESTOR (*to be admitted pro hac vice*)
187 Hockanum Road
Hadley, MA 01035
Telephone: (240) 463-8503
gbesq@bestorlaw.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZARAH KIMBLE, SEHER BASAK, SARAH SAKINAH GROZA O'LOUGHLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br><br>Defendant. | Case No. 3:16-cv-02519-GPC-BLM<br>_____<br><br>**PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANT SPECIALIZED LOAN SERVICING, LLC**<br><br>Hon. Gonzalo P. Curiel |

Please take notice that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for Plaintiff will take the deposition of Defendant Specialized Loan Servicing, LLC ("SLS") on February 7, 2018 at the offices of Tycko & Zavareei LLP, 483 Ninth Street – Suite 200, Oakland, CA 94607 commencing at 10:00 a.m., or at such other time and place as mutually agreed upon by the parties. The deposition shall be recorded by stenographic means.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, examination is requested on the matters listed below, and for these matters Defendant "shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf."

## MATTERS FOR EXAMINATION

1. The electronic databases, systems, and software used by SLS to service mortgages, including, but not limited to, any activities relating to RESPA, foreclosure, loss mitigation applications, or compliance, including, without limitation:

   a. The database management systems (DBMS) used by SLS (for example, Oracle, SQL Server, IBM D2, or similar, including any cloud-based systems);

   b. The software applications, whether commercial off-the-shelf, internally developed, or otherwise, used by SLS operational employees for mortgage servicing, including receiving and processing loss mitigation applications, foreclosure activities, compliance activities, and any other activities engaged in by SLS related to mortgage servicing; and

   c. The business units, groups, or departments within SLS that provide reporting or analytics to support servicing, loss mitigation, foreclosure, compliance, or any other activity related to servicing, including the particular responsibilities of each unit, group, or department.

DATED: January 24, 2018

_/s/ Annick M. Persinger_
Annick M. Persinger

**TYCKO & ZAVAREEI LLP**
ANNICK M. PERSINGER, (California Bar No. 272996)
483 Ninth Street, Suite 200
Oakland, CA 94607
Telephone: (510) 254-6808
Facsimile: (202) 973-0950
apersinger@tzlegal.com

**TYCKO & ZAVAREEI LLP**
JONATHAN K. TYCKO (_pro hac vice_)
KATHERINE M. AIZPURU (_pro hac vice_)
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
jtycko@tzlegal.com
kaizpuru@tzlegal.com

**THE BESTOR LAW FIRM**
GEOFFREY BESTOR (_to be admitted pro hac vice_)
187 Hockanum Road
Hadley, MA 01035
Telephone: (240) 463-8503
gbesq@bestorlaw.com

3

**PROOF OF SERVICE**
**DISTRICT OF COLUMBIA, WASHINGTON**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in Washington, District of Columbia. My business address is 1828 L Street, NW- Suite 1000, Washington DC, 20036.

On January 24, 2018, I served true copies of the following document(s) described as:

**PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANT SPECIALIZED LOAN SERVICING, LLC**

On the interested parties in this action as follows:

Brian A. Paino
MCGLINCHEY STAFFORD
18201 Von Karmen Avenue, Suite 350
Irvine, CA 92612
Tel.: (949) 381-5914
Fax: (949) 861-6316
bpaino@mcglinchey.com

Dhruv M. Sharma
MCGLINCHEY STAFFORD
18201 Von Karmen Avenue, Suite 350
Irvine, CA 92612
Tel.: (949) 252-9400
Fax: (949) 252-1032
dsharma@mcglinchey.com

**VIA FIRST CLASS MAIL**: I caused such document(s) to be deposited in the mail at my business address, addressed to the addressee(s) designated. I am readily familiar with Tycko & Zavareei LLP for collection and processing of correspondence and pleadings for mailing. It is deposited with the Unites States Postal Service on that same day in the ordinary course of business.

**VIA EMAIL**: I caused such document(s) to be sent to the email addresses listed above.

---

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

EXECUTED this 24th day of January, 2018, in Washington, DC.

/s/   Melis Coban

**Melis Coban**

PROOF OF SERVICE

**EXHIBIT 7**

# Re: Kimble et al. v. Specialized Loan Servicing, LLC, Case No. 3:16-cv-02519-GPC-BLM

### Annick Persinger

Mon 1/29/2018 3:46 PM

Sent Items

To: Melis Coban <mcoban@tzlegal.com>; bpaino@mcglinchey.com <bpaino@mcglinchey.com>; dsharma@mcglinchey.com <dsharma@mcglinchey.com>;

Cc: Katherine Aizpuru <kaizpuru@tzlegal.com>; Jon Tycko <jtycko@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>;

Brian,

I am following up on voicemail of a few minutes ago.

It has been almost a week, and we have not heard back from you regarding the issues described in our Januuary 23, 2018 letter. The Court requires that we confer over the phone.

As mentioned in our letter, the deadline for Plaintiffs to move to compel on these issues is February 8, 2018. The Court also requires a telephonic conference with the Court in advance of that motion.

I spoke with the Court's law clerk regarding the telephonic conference, and if we cannot reach agreement, due to the February 8, 2018 deadline, the Court would like to set up a telephonic conference sometime this week.

Please let me know when tomorrow you are available to discuss these issues over the phone.

Regards,

Annick M. Persinger
Partner
**Tycko & Zavareei LLP**
apersinger@tzlegal.com
Office: (510) 254-6807
Cell: (310) 245-5489

---

**From:** Melis Coban
**Sent:** Tuesday, January 23, 2018 10:00 AM
**To:** bpaino@mcglinchey.com; dsharma@mcglinchey.com
**Cc:** Annick Persinger; Katherine Aizpuru
**Subject:** Kimble et al. v. Specialized Loan Servicing, LLC, Case No. 3:16-cv-02519-GPC-BLM

Dear Counsel:

Attached please find the letter from Plaintiffs' Counsel and Proposed ESI Protocol.

Kind Regards,



**Melis Coban**  ■  Paralegal  ■  TYCKO & ZAVAREEI LLP  ■  www.tzlegal.com
1828 L Street, NW  ■  Suite 1000  ■  Washington, DC 20036
p 202.973.0900  ■  f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.*

**EXHIBIT 8**

# RE: Kimble et al. v. Specialized Loan Servicing, LLC, Case No. 3:16-cv-02519-GPC-BLM

Paino, Brian <bpaino@mcglinchey.com>

Tue 1/30/2018 10:22 AM

To:Annick Persinger <apersinger@tzlegal.com>; Melis Coban <mcoban@tzlegal.com>; Sharma, Dhruv <dsharma@mcglinchey.com>;

Cc:Katherine Aizpuru <kaizpuru@tzlegal.com>; Jon Tycko <jtycko@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com)
    <gbesq@bestorlaw.com>;

Annick,

We did not become aware of your meet and confer letter until late last week. The email your assistant sent with the letter
attached was routed to my spam folder. Please note that we do not consent to electronic service of documents. In addition
to the meet and confer letter, it also appears that your assistant sent a letter in response to our Rule 11 motion and a
deposition notice via email, both of which were also routed to my spam folder. To the extent there are other letters or
documents that you recently sent via email, we ask that you respond to this email with copies so that we can review and
respond to them. I am not available for a call today, but may have some availability tomorrow afternoon or Thursday. In
advance of our call, we will provide you with our meet and confer letter so that we can address our disputes as well.

**Brian A. Paino**

| | |
|---|---|
| **direct:** | (949) 381-5914 |
| **fax:** | (949) 861-6316 |
| **email:** | bpaino@mcglinchey.com |
| **office:** | 18201 Von Karman Ave, Ste 350 | Irvine, CA 92612 |



bio | vcard | www.mcglinchey.com | www.cafalawblog.com

Alabama    California    Florida    Louisiana    Mississippi    New York    Ohio    Texas    Washington, DC

**From:** Annick Persinger [mailto:apersinger@tzlegal.com]
**Sent:** Monday, January 29, 2018 3:47 PM
**To:** Melis Coban <mcoban@tzlegal.com>; Paino, Brian <bpaino@mcglinchey.com>; Sharma, Dhruv
<dsharma@mcglinchey.com>
**Cc:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Jon Tycko <jtycko@tzlegal.com>; Geoffrey G. Bestor
(gbesq@bestorlaw.com) <gbesq@bestorlaw.com>
**Subject:** Re: Kimble et al. v. Specialized Loan Servicing, LLC, Case No. 3:16-cv-02519-GPC-BLM

Brian,

I am following up on voicemail of a few minutes ago.

It has been almost a week, and we have not heard back from you regarding the issues described in our
January 23, 2018 letter. The Court requires that we confer over the phone.

As mentioned in our letter, the deadline for Plaintiffs to move to compel on these issues is February 8, 2018. The Court also requires a telephonic conference with the Court in advance of that motion.

I spoke with the Court's law clerk regarding the telephonic conference, and if we cannot reach agreement, due to the February 8, 2018 deadline, the Court would like to set up a telephonic conference sometime this week.

Please let me know when tomorrow you are available to discuss these issues over the phone.

Regards,

Annick M. Persinger
Partner
**Tycko & Zavareei LLP**
apersinger@tzlegal.com
Office: (510) 254-6807
Cell: (310) 245-5489

---

**From:** Melis Coban
**Sent:** Tuesday, January 23, 2018 10:00 AM
**To:** bpaino@mcglinchey.com; dsharma@mcglinchey.com
**Cc:** Annick Persinger; Katherine Aizpuru
**Subject:** Kimble et al. v. Specialized Loan Servicing, LLC, Case No. 3:16-cv-02519-GPC-BLM

Dear Counsel:

Attached please find the letter from Plaintiffs' Counsel and Proposed ESI Protocol.

Kind Regards,

 **Melis Coban** ▪ Paralegal ▪ TYCKO & ZAVAREEI LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.973.0900 ▪ f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.*

---

www.mcglinchey.com | www.CafaLawBlog.com

McGlinchey Stafford, PLLC in Alabama, Florida, Louisiana, Mississippi, New York, Ohio, Texas, and Washington DC and McGlinchey Stafford, LLP in California.

Confidentiality Statement: This email may contain attorney-client privileged or confidential information. It is for the sole use of the intended recipient(s). If you have received this transmission in error, immediately notify us by telephone at 504-586-1200 and return the original message to us at McGlinchey Stafford, 12th Floor, 601 Poydras Street, New Orleans, LA, 70130 via the United States Postal Service.

We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

See McGlinchey Stafford Disclaimer/Privacy Policy http://www.mcglinchey.com/disclaimer/

**EXHIBIT 9**

# Re: Kimble et al. v. Specialized Loan Servicing, LLC, Case No. 3:16-cv-02519-GPC-BLM

Annick Persinger

Tue 1/30/2018 12:25 PM

Sent Items

To: Paino, Brian <bpaino@mcglinchey.com>; Melis Coban <mcoban@tzlegal.com>; Sharma, Dhruv <dsharma@mcglinchey.com>;

Cc: Katherine Aizpuru <kaizpuru@tzlegal.com>; Jon Tycko <jtycko@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>; Chloe Noh <chnoh@tzlegal.com>;

📎 3 attachments (3 MB)

2018.01.23 Proposed ESI Protocol.pdf; 2018.01.23 A. Persinger Letter to B. Paino re Discovery.pdf; 2018.01.24 A. Persinger Letter re Rule 11 Motion and Exhibits.pdf;

Brian,

See attached. These will also be sent to you in the mail.

Although I note that rules governing service do not cover letter correspondence or email requests to meet and confer, like we have done with our discovery requests, discovery responses, document production, and deposition notice, we will send future letter correspondence via mail--since that is your preference. The Rule 30(b)(6) notice was served in the mail, we merely provided an email as well as a courtesy.

As a courtesy to us, please serve us via email with all discovery, and any other correspondence.

I have a deposition on Thursday, so would prefer to discuss these issues tomorrow over the phone. Please provide your availability tomorrow afternoon. If you are not available to speak on the phone then, I am available in the early morning on Thursday.

Our deadline to move to compel is February 8, 2018, and the Court requires a telephonic conference first. Thus, we need to confer no later than Thursday on these issues.

Please advise as to your availability and confirm receipt of this email.

Annick M. Persinger
Partner
**Tycko & Zavareei LLP**
apersinger@tzlegal.com
Office: (510) 254-6807
Cell: (310) 245-5489

---

**From:** Paino, Brian <bpaino@mcglinchey.com>
**Sent:** Tuesday, January 30, 2018 10:22:51 AM
**To:** Annick Persinger; Melis Coban; Sharma, Dhruv

**Cc:** Katherine Aizpuru; Jon Tycko; Geoffrey G. Bestor (gbesq@bestorlaw.com)
**Subject:** RE: Kimble et al. v. Specialized Loan Servicing, LLC, Case No. 3:16-cv-02519-GPC-BLM

Annick,

We did not become aware of your meet and confer letter until late last week. The email your assistant sent with the letter attached was routed to my spam folder. Please note that we do not consent to electronic service of documents. In addition to the meet and confer letter, it also appears that your assistant sent a letter in response to our Rule 11 motion and a deposition notice via email, both of which were also routed to my spam folder. To the extent there are other letters or documents that you recently sent via email, we ask that you respond to this email with copies so that we can review and respond to them. I am not available for a call today, but may have some availability tomorrow afternoon or Thursday. In advance of our call, we will provide you with our meet and confer letter so that we can address our disputes as well.

**Brian A. Paino**

| | |
|---|---|
| **direct:** | (949) 381-5914 |
| **fax:** | (949) 861-6316 |
| **email:** | bpaino@mcglinchey.com |
| **office:** | 18201 Von Karman Ave, Ste 350 | Irvine, CA 92612 |



bio | vcard | www.mcglinchey.com | www.cafalawblog.com

Alabama    California    Florida    Louisiana    Mississippi    New York    Ohio    Texas    Washington, DC

---

**From:** Annick Persinger [mailto:apersinger@tzlegal.com]
**Sent:** Monday, January 29, 2018 3:47 PM
**To:** Melis Coban <mcoban@tzlegal.com>; Paino, Brian <bpaino@mcglinchey.com>; Sharma, Dhruv <dsharma@mcglinchey.com>
**Cc:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Jon Tycko <jtycko@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>
**Subject:** Re: Kimble et al. v. Specialized Loan Servicing, LLC, Case No. 3:16-cv-02519-GPC-BLM

Brian,

I am following up on voicemail of a few minutes ago.

It has been almost a week, and we have not heard back from you regarding the issues described in our Januuary 23, 2018 letter. The Court requires that we confer over the phone.

As mentioned in our letter, the deadline for Plaintiffs to move to compel on these issues is February 8, 2018. The Court also requires a telephonic conference with the Court in advance of that motion.

I spoke with the Court's law clerk regarding the telephonic conference, and if we cannot reach agreement, due to the February 8, 2018 deadline, the Court would like to set up a telephonic conference sometime this week.

Please let me know when tomorrow you are available to discuss these issues over the phone.

Regards,

Annick M. Persinger

Partner
**Tycko & Zavareei LLP**
apersinger@tzlegal.com
Office: (510) 254-6807
Cell: (310) 245-5489

---

**From:** Melis Coban
**Sent:** Tuesday, January 23, 2018 10:00 AM
**To:** bpaino@mcglinchey.com; dsharma@mcglinchey.com
**Cc:** Annick Persinger; Katherine Aizpuru
**Subject:** Kimble et al. v. Specialized Loan Servicing, LLC, Case No. 3:16-cv-02519-GPC-BLM

Dear Counsel:

Attached please find the letter from Plaintiffs' Counsel and Proposed ESI Protocol.

Kind Regards,



**Melis Coban** ■ Paralegal ■ Tʏᴄᴋᴏ & Zᴀᴠᴀʀᴇᴇɪ LLP ■ www.tzlegal.com
1828 L Street, NW ■ Suite 1000 ■ Washington, DC 20036
p 202.973.0900 ■ f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.*

---

www.mcglinchey.com | www.CafaLawBlog.com

McGlinchey Stafford, PLLC in Alabama, Florida, Louisiana, Mississippi, New York, Ohio, Texas, and Washington DC and McGlinchey Stafford, LLP in California.

Confidentiality Statement: This email may contain attorney-client privileged or confidential information. It is for the sole use of the intended recipient(s). If you have received this transmission in error, immediately notify us by telephone at 504-586-1200 and return the original message to us at McGlinchey Stafford, 12th Floor, 601 Poydras Street, New Orleans, LA, 70130 via the United States Postal Service.

We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

See McGlinchey Stafford Disclaimer/Privacy Policy http://www.mcglinchey.com/disclaimer/

**EXHIBIT 10**

# Re: Kimble et al. v. Specialized Loan Servicing, LLC, Case No. 3:16-cv-02519-GPC-BLM

### Annick Persinger

Wed 1/31/2018 1:29 PM

Sent Items

To: Paino, Brian <bpaino@mcglinchey.com>; Melis Coban <mcoban@tzlegal.com>; Sharma, Dhruv <dsharma@mcglinchey.com>;

Cc: Katherine Aizpuru <kaizpuru@tzlegal.com>; Jon Tycko <jtycko@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>; Chloe Noh <chnoh@tzlegal.com>;


Okay, talk to you then.

We can use this line: (800) 750–8756; Access Code 702154#

Annick M. Persinger
Partner
Tycko & Zavareei LLP
apersinger@tzlegal.com
Office: (510) 254–6807
Cell: (310) 245–5489

---

**From:** Paino, Brian <bpaino@mcglinchey.com>
**Sent:** Wednesday, January 31, 2018 12:04:42 PM
**To:** Annick Persinger; Melis Coban; Sharma, Dhruv
**Cc:** Katherine Aizpuru; Jon Tycko; Geoffrey G. Bestor (gbesq@bestorlaw.com); Chloe Noh
**Subject:** RE: Kimble et al. v. Specialized Loan Servicing, LLC, Case No. 3:16-cv-02519-GPC-BLM

Annick,

Unfortunately, it does not look like I'm going to be able to move my meeting, so let's plan on having a call tomorrow morning at 8:30 a.m.


**Brian A. Paino**

| | |
|---|---|
| **direct:** | (949) 381-5914 |
| **fax:** | (949) 861-6316 |
| **email:** | bpaino@mcglinchey.com |
| **office:** | 18201 Von Karman Ave, Ste 350 \| Irvine, CA 92612 |



bio | vcard | www.mcglinchey.com | www.cafalawblog.com

Alabama    California    Florida    Louisiana    Mississippi    New York    Ohio    Texas    Washington, DC

---

**From:** Annick Persinger [mailto:apersinger@tzlegal.com]
**Sent:** Tuesday, January 30, 2018 6:36 PM
**To:** Paino, Brian <bpaino@mcglinchey.com>; Melis Coban <mcoban@tzlegal.com>; Sharma, Dhruv

<dsharma@mcglinchey.com>
**Cc:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Jon Tycko <jtycko@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>; Chloe Noh <chnoh@tzlegal.com>
**Subject:** Re: Kimble et al. v. Specialized Loan Servicing, LLC, Case No. 3:16-cv-02519-GPC-BLM

Brian,

Thanks for looking into rescheduling. I am available at 8:30 a.m. on Thursday morning.

Annick M. Persinger
Partner
Tycko & Zavareei LLP
apersinger@tzlegal.com
Office: (510) 254–6807
Cell: (310) 245–5489

---

**From:** Paino, Brian <bpaino@mcglinchey.com>
**Sent:** Tuesday, January 30, 2018 6:18:08 PM
**To:** Annick Persinger; Melis Coban; Sharma, Dhruv
**Cc:** Katherine Aizpuru; Jon Tycko; Geoffrey G. Bestor (gbesq@bestorlaw.com); Chloe Noh
**Subject:** RE: Kimble et al. v. Specialized Loan Servicing, LLC, Case No. 3:16-cv-02519-GPC-BLM

Annick,

Please find our attached meet and confer letter. I overlooked a meeting on my calendar that I have tomorrow afternoon. At this time, I am looking into rescheduling the meeting and will let you know if I am able to do so. If I am not able to reschedule the meeting, what time would you be available on Thursday morning?

**Brian A. Paino**

| | |
|---|---|
| **direct:** | (949) 381-5914 |
| **fax:** | (949) 861-6316 |
| **email:** | bpaino@mcglinchey.com |
| **office:** | 18201 Von Karman Ave, Ste 350 | Irvine, CA 92612 |



**McGLINCHEY STAFFORD**®

bio | vcard | www.mcglinchey.com | www.cafalawblog.com

Alabama  California  Florida  Louisiana  Mississippi  New York  Ohio  Texas  Washington, DC

---

**From:** Annick Persinger [mailto:apersinger@tzlegal.com]
**Sent:** Tuesday, January 30, 2018 12:25 PM
**To:** Paino, Brian <bpaino@mcglinchey.com>; Melis Coban <mcoban@tzlegal.com>; Sharma, Dhruv <dsharma@mcglinchey.com>
**Cc:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Jon Tycko <jtycko@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>; Chloe Noh <chnoh@tzlegal.com>
**Subject:** Re: Kimble et al. v. Specialized Loan Servicing, LLC, Case No. 3:16-cv-02519-GPC-BLM

Brian,

See attached. These will also be sent to you in the mail.

Although I note that rules governing service do not cover letter correspondence or email requests to meet and confer, like we have done with our discovery requests, discovery responses, document production, and deposition notice, we will send future letter correspondence via mail--since that is your preference. The Rule 30(b)(6) notice was served in the mail, we merely provided an email as well as a courtesy.

As a courtesy to us, please serve us via email with all discovery, and any other correspondence.

I have a deposition on Thursday, so would prefer to discuss these issues tomorrow over the phone. Please provide your availability tomorrow afternoon. If you are not available to speak on the phone then, I am available in the early morning on Thursday.

Our deadline to move to compel is February 8, 2018, and the Court requires a telephonic conference first. Thus, we need to confer no later than Thursday on these issues.

Please advise as to your availability and confirm receipt of this email.

Annick M. Persinger
Partner
**Tycko & Zavareei LLP**
apersinger@tzlegal.com
Office: (510) 254-6807
Cell: (310) 245-5489

---

**From:** Paino, Brian <bpaino@mcglinchey.com>
**Sent:** Tuesday, January 30, 2018 10:22:51 AM
**To:** Annick Persinger; Melis Coban; Dhruv
**Cc:** Katherine Aizpuru; Jon Tycko; Geoffrey G. Bestor (gbesq@bestorlaw.com)
**Subject:** RE: Kimble et al. v. Specialized Loan Servicing, LLC, Case No. 3:16-cv-02519-GPC-BLM

Annick,

We did not become aware of your meet and confer letter until late last week. The email your assistant sent with the letter attached was routed to my spam folder. Please note that we do not consent to electronic service of documents. In addition to the meet and confer letter, it also appears that your assistant sent a letter in response to our Rule 11 motion and a deposition notice via email, both of which were also routed to my spam folder. To the extent there are other letters or documents that you recently sent via email, we ask that you respond to this email with copies so that we can review and respond to them. I am not available for a call today, but may have some availability tomorrow afternoon or Thursday. In advance of our call, we will provide you with our meet and confer letter so that we can address our disputes as well.

**Brian A. Paino**

**direct:** (949) 381-5914
**fax:** (949) 861-6316
**email:** bpaino@mcglinchey.com
**office:** 18201 Von Karman Ave, Ste 350 | Irvine, CA 92612



bio | vcard | www.mcglinchey.com | www.cafalawblog.com

**From:** Annick Persinger [mailto:apersinger@tzlegal.com]
**Sent:** Monday, January 29, 2018 3:47 PM
**To:** Melis Coban <mcoban@tzlegal.com>; Paino, Brian <bpaino@mcglinchey.com>; Sharma, Dhruv <dsharma@mcglinchey.com>
**Cc:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Jon Tycko <jtycko@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>
**Subject:** Re: Kimble et al. v. Specialized Loan Servicing, LLC, Case No. 3:16-cv-02519-GPC-BLM

Brian,

I am following up on voicemail of a few minutes ago.

It has been almost a week, and we have not heard back from you regarding the issues described in our January 23, 2018 letter. The Court requires that we confer over the phone.

As mentioned in our letter, the deadline for Plaintiffs to move to compel on these issues is February 8, 2018. The Court also requires a telephonic conference with the Court in advance of that motion.

I spoke with the Court's law clerk regarding the telephonic conference, and if we cannot reach agreement, due to the February 8, 2018 deadline, the Court would like to set up a telephonic conference sometime this week.

Please let me know when tomorrow you are available to discuss these issues over the phone.

Regards,

Annick M. Persinger
Partner
**Tycko & Zavareei LLP**
apersinger@tzlegal.com
Office: (510) 254-6807
Cell: (310) 245-5489

---

**From:** Melis Coban
**Sent:** Tuesday, January 23, 2018 10:00 AM
**To:** bpaino@mcglinchey.com; dsharma@mcglinchey.com
**Cc:** Annick Persinger; Katherine Aizpuru
**Subject:** Kimble et al. v. Specialized Loan Servicing, LLC, Case No. 3:16-cv-02519-GPC-BLM

Dear Counsel:

Attached please find the letter from Plaintiffs' Counsel and Proposed ESI Protocol.

Kind Regards,

**Melis Coban** ■ Paralegal ■ TYCKO & ZAVAREEI LLP ■ www.tzlegal.com
1828 L Street, NW ■ Suite 1000 ■ Washington, DC 20036
p 202.973.0900 ■ f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable
information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the
addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by
mistake, please call us immediately and destroy the email message.*

---

www.mcglinchey.com | www.CafaLawBlog.com

McGlinchey Stafford, PLLC in Alabama, Florida, Louisiana, Mississippi, New York, Ohio, Texas, and Washington DC and McGlinchey Stafford,
LLP in California.

Confidentiality Statement: This email may contain attorney-client privileged or confidential information. It is for the sole use of the intended
recipient(s). If you have received this transmission in error, immediately notify us by telephone at 504-586-1200 and return the original message
to us at McGlinchey Stafford, 12th Floor, 601 Poydras Street, New Orleans, LA, 70130 via the United States Postal Service.

We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be
viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a
replacement will be provided.

See McGlinchey Stafford Disclaimer/Privacy Policy http://www.mcglinchey.com/disclaimer/

**EXHIBIT 11**



WASHINGTON DC
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

CALIFORNIA
483 Ninth Street | Suite 200
Oakland, CA 94607
510.254.6808

**<u>VIA ELECTRONIC MAIL</u>**

January 31, 2018                                                         Our File No. 319-04C

Brian A. Paino
18201 Von Karman Avenue,
Suite 350
Irvine, California 92612

**Re: *Kimble et al. v. Specialized Loan Servicing, LLC*, Case No. 3:16-cv-02519-GPC-BLM (S.D. Cal.)**

Dear Brian:

We are in receipt of your client's responses and objections to our interrogatories, dated January 22, 2018. I write to respond and request that we schedule a meet-and-confer conference to discuss the responses and objections.

As I noted in my previous letter of January 23, 2018, Plaintiffs' deadline to move for class certification is fast approaching on April 6, 2018. Plaintiffs require documents and information that SLS is currently refusing to produce to make that motion. Additionally, Magistrate Judge Major requires that "Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Federal Rule of Civil Procedure 37(a)(1) and Civil Local Rule 26.1(a)" and that "[a]ll discovery motions must be filed within 30 days of service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached an impasse with regard to the particular issue." Dkt. No. 42. Thus, any motion to compel is due by February 21, 2018, and the parties must meet and confer with respect to the following issues as soon as possible, and, in any event, by no later than Tuesday February 6, 2018.

Once again, SLS has wrongfully treated Plaintiffs' written discovery requests as if only the named Plaintiffs' RESPA claims are at issue. As discussed in my previous letter, this is not so. This is a nationwide class action lawsuit, and Magistrate Judge Major refused to bifurcate discovery. Thus, both class-wide and merits discovery are required. Plaintiffs' interrogatories seek information necessary to determine the size, scope, and membership of the class, as well as SLS's conduct towards the class, and damages incurred by class members. Some of the interrogatories are directly related to the issues necessary for Plaintiffs to prove classwide damages under *Comcast Corp. v. Behrend*, 529 U.S. 27 (2013). Like Plaintiffs' requests for



production of documents, the interrogatories relate directly to the Rule 23 factors and Plaintiffs' obligations under *Comcast*, and SLS is required to respond.

Plaintiffs respond to SLS's objections as follows:

## SLS's Baseless Objections Based on Principal Residence

Preliminarily, SLS's repeated objections based on the principal residence of borrower and former plaintiff Ms. Margarette Smith are not only entirely unsupported as a factual matter, but are wholly improper. These spurious accusations are in no way a basis for withholding discovery. Rather, Plaintiffs "may obtain discovery regarding *any nonprivileged matter* that is *relevant* to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Thus, Defendant's position that Plaintiffs cannot prove the merits of their case has no bearing whatsoever on whether or not information is discoverable. *See, e.g.*, *Pershing Pac. West, LLC v. MarineMax, Inc.*, No. 10-cv-1345-L (DHB), 2013 WL 941617, at *2 (S.D. Cal. Mar. 11, 2013) ("[A]lthough Defendants dispute whether Plaintiff actually experienced mechanical problems, at this juncture in the litigation, Plaintiff is entitled to receive discovery based on the claims alleged in the Second Amended Complaint."). *Accord True Health Chiro. Inc. v. McKesson Corp.*, No. 13-cv-02219-JST, 2015 WL 273188, at *3 ("[E]ven if discovery proves that [the named plaintiffs] should not represent the class, Defendants appear to assume that the case will be dismissed and therefore that neither the parties nor the Court will have anything left to do in the case . . . In reality, however, if [the named plaintiffs] are found not to meet the class definition, Plaintiffs will likely seek to proceed with the case by finding other, adequate representatives.").

Moreover, SLS's position that discovery should be limited to its substantive arguments regarding the named Plaintiffs and Ms. Smith *has already been rejected by the Court*. SLS proposed bifurcating discovery. *See* Joint Discovery Plan, Dkt. No. 40. The Court declined to delay discovery by granting SLS the opportunity to conduct individual discovery, while preventing Plaintiffs from conducting class discovery. Nothing prevents SLS from engaging in discovery relating to Ms. Smith's principal residence while Plaintiffs simultaneously engage in discovery related to class certification and the merits of their claims. But SLS may not contravene the Court's discovery schedule by obstructing the class discovery to which Plaintiffs are entitled.

Finally, SLS's failure to properly raise its arguments about Ms. Smith's residency in a motion to dismiss does not give SLS the right to raise them in its discovery objections. And, in any event, its position is meritless. Ms. Smith at all times lived at the subject property. There are no serious questions concerning whether the real property at issue here was a "principal residence" within the meaning of RESPA, and there is no doubt that Ms. Smith was living in the home on December 31, 2014, when the Court specifically concluded that she had completed a loss mitigation application. *See* Order Granting in Part and Denying in Part Defendant's Motion to Dismiss at 13, Dkt. No. 16.

## Sampling

Rather than conduct an analysis of *all* loan data possessed by SLS, Plaintiffs propose that the parties utilize a sampling method for the class. Analysis of a representative sample of evidence is a well-established method of proving liability. *See, e.g.*, *Tyson Foods, Inc. v. Bouaphakeao*, 136 S. Ct. 1036, 1046 (2016). In class action cases, sampling is a useful, efficient method of conducting discovery. *See, e.g.*, *Kingsberry v. Chicago Title Ins. Co.*, 258 F.R.D. 668, 671 (W.D. Wash. 2009) (ordering discovery of "a representative sample of files"); *Minter v. Wels Fargo Bank, N.A.*, 675 F. Supp. 2d 591, 597 (D. Md. 2009) (stating that precertification discovery of a sample of loan files is "an excellent, mutually beneficial cost-saving approach"). In addition to the specific reasons set forth below, responses to Plaintiffs' Interrogatories are relevant and necessary in order to conduct meaningful sampling.

Although additional discovery of SLS's databases and method of storing loan data is necessary in order to propose a full sampling methodology, Plaintiffs essentially propose sampling in the following manner:

- SLS will provide a spreadsheet of loans from January 1, 2014 to the present for which the borrower submitted a loan modification application.
- Plaintiffs will provide the spreadsheet to their statistics expert, Dr. Abraham J. Wyner. Dr. Wyner will produce a statistically robust sample of loans.
- Plaintiffs will provide the sample to SLS.
- SLS will provide the complete electronic records for the sample, as it is maintained in the ordinary course of business.

In addition to the reasons set forth below, Plaintiffs require responses to its Interrogatories in order to propose a useful sampling methodology. Accordingly, Plaintiffs request that SLS respond to their Interrogatories.

## SLS's Electronic Systems and Data (Interrogatory No. 4)

Interrogatory No. 4 requests that SLS describe each database, program, software, or system used to process loss mitigation applications submitted to SLS from October 7, 2012 through the present. SLS objects to this interrogatory on the grounds that it is not proportional in substantive scope and overly broad in temporal scope.

SLS's objections that this interrogatory is not proportional are groundless. Interrogatory No. 4 is clearly proportional to the needs of the case. As set forth in my January 23, 2018 letter, the data contained in SLS's loan servicing databases will reveal, and is necessary to prove, whether and to what extent SLS complied with 12 C.F.R. § 1024.41. Moreover, data and information from SLS's loan servicing databases is required to show whether common evidence will bear on common issues such that they predominate over individual inquiries. In short, access

to the documents and data stored in SLS's databases is directly relevant to both the Rule 23 factors and Plaintiffs' burden under *Comcast*; to that end, in order to tailor document requests appropriately and take useful depositions of SLS's witnesses, Plaintiffs need to know what those databases, programs, software, or systems are.

As for the objection that the interrogatory is overly broad in temporal scope, while it is true that 12 C.F.R. § 1024.41 did not go into effect until January 10, 2014, without understanding how SLS handles information submitted in support of loss mitigation applications, Plaintiffs cannot agree to limit the dataset to dates after January 2014. As I stated in my prior letter, Plaintiffs are willing to confer on these issues, and may be willing to further limit the time frame if they can be sure that all customers who submitted loan files after RESPA became effective will be captured.

Accordingly, Plaintiffs request that SLS respond to Interrogatory No. 4.

## SLS's Compliance with RESPA (Interrogatory Nos. 5, 6, and 7)

Interrogatory No. 5 requests that SLS describe the process for how SLS handles and responds to loss mitigation applications submitted from October 7, 2012 through the present, including any changes to the process and the changes those dates were made.

Interrogatory No. 6 requests that SLS identify which of its units were involved in processing loss mitigation applications, including, but not limited to, which units tested and measured compliance with the loss mitigation procedures set forth in 12 C.F.R. § 1024.41.

Interrogatory No. 7 requests that SLS identify every employee or officer who has had supervisory or managerial responsibility over employees that process loss mitigation applications.

Interrogatory No. 8 requests that SLS identify every employee who has had supervisory or managerial responsibility over employees who test compliance with 12 C.F.R. § 1024.41.

SLS objects that these interrogatories are not proportional to the needs of the case, that they are overly broad in temporal scope, and that they seek proprietary information. SLS also objects that Interrogatory No. 6 is vague with respect to the term "unit," and that Interrogatory No. 8 is vague with respect to the term "test compliance." Each of these objections is spurious.

Turning first to the allegedly "vague" terminology, the Definitions to the Interrogatories define "unit" as "any of your units, sections, divisions, subunits, subsections, subdivisions, groups, entities, teams, or employees." As for the phrase "test compliance," Plaintiffs request that SLS provide the names of individuals who had supervisory or managerial responsibility over employees involved in testing or evaluating SLS's compliance with 12 C.F.R. § 1024.41,



including quality assurance, quality control, audit groups, and other compliance testing. We are happy to discuss Interrogatory Nos. 6 and 8 if you require additional clarification.

Next, the objection that Interrogatory Nos. 5 and 6 seek proprietary information is baseless because there is a protective order in this case sufficient to protect SLS's confidential information.

Third, the contention that Interrogatory Nos. 5, 6, 7 and 8 are disproportionate is equally meritless. SLS's process for handling and responding to loss mitigation applications, and its compliance with 12 C.F.R. § 1024.41, are the core issues in this case. SLS's response to Interrogatory No. 5 is directly probative of the substantive elements that Plaintiffs will have to prove under RESPA, as well as the Rule 23 factors—particularly commonality, typicality, and predominance. Similarly, Interrogatory Nos. 6, 7, and 8 will reveal important information about which of SLS's employees and teams were involved in actually processing loss mitigation applications, and ensuring compliance with 12 C.F.R. § 1024.41. SLS's responses to Interrogatory Nos. 6, 7 and 8 are necessary so that Plaintiffs can appropriately identify deposition witnesses and tailor document requests.

With respect to the temporal scope of the interrogatories, Plaintiffs are not willing to restrict the dates requested in Interrogatory No. 5 because whether and when SLS made changes to its processes for handling loss mitigation applications is likely to show whether SLS came into compliance with 12 C.F.R. § 1024.41 (or not). Plaintiffs are, however, willing to limit the temporal scope of Interrogatory Nos. 6, 7, and 8 to January 10, 2014 to the present.

Accordingly, Plaintiffs request that SLS respond to Interrogatory Nos. 5, 6, 7 and 8.

## The Putative Class (Interrogatory Nos. 1, 2, and 3)

Interrogatory No. 1 requests that SLS identify the total number of borrowers in the United States who have submitted loss mitigation applications to SLS since January 10, 2014.

Interrogatory No. 2 requests that SLS identify the total number of borrowers in the State of California who have submitted loss mitigation applications to SLS since October 7, 2012.

Interrogatory No. 3 requests that SLS state the total amount of fees assessed on borrowers identified in response to Interrogatories 1 and 2, broken down by month and type of fee.

SLS's boilerplate claims that these requests are disproportionate are baseless. The information sought in Interrogatory Nos. 1 and 2 bear directly on the numerosity, commonality, typicality, and predominance factors because they will establish the size of the class and the scope of SLS's misconduct.



January 31, 2018
Page 6

SLS also objects that these Interrogatories could relate to borrowers who were not eligible for the protections of 12 C.F.R. § 1024.41. Plaintiffs are not sure what is meant by this objection, but note that the definitions of Plaintiffs' discovery requests specify that "loss mitigation application" has the same meaning as defined in 12 C.F.R. § 1024.31. As I stated in my prior letter, Plaintiffs are not seeking documents related to borrowers of loans that fall outside of RESPA's protections.[1] However, the fact that some documents related to borrowers whose loans fall outside of RESPA may be included does not mean that Plaintiffs should be denied access to this relevant information. Indeed, even certified classes may include persons who have not been harmed because individualized damages issues do not defeat certification. *See e.g.*, *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161 (9th Cir. 2014).

As for the objection that Interrogatory No. 3 is overbroad because "it is unclear how information related to all fees . . . is pertinent to the narrow issues presented in this lawsuit," SLS's position belies a lack of understanding of the Court's ruling on damages. The Court has already decided that fees assessed on borrowers who were forced to linger for months and years while their loss mitigation applications were mishandled, ignored, and left unresolved by SLS amount to damages under RESPA. *See* Order Granting In Part and Denying In Part Defendant's Motion to Dismiss at 11, Dkt. No. 16; *see also* Second Amended Compl., Dkt. No. 32, ¶ 163 (alleging that a May 25 letter "included a breakdown of fees that had been assessed to Ms. Smith's account, as follows: $4,909.63 in foreclosure fees/costs; $249.70 in property inspections; $25.00 for payoff statement; and $11.00 on corporate advances for a total of $5.195.33" and that "SLS never intended to evaluate [Plaintiff Smith's] loss mitigation options as SLS was also informally initiating foreclosure proceedings."). Thus, SLS's response to Interrogatory No. 3 goes directly to Defendant's conduct towards class members in assessing fees, and the nature and amount of fees assessed against the class. *See id.* Interrogatory No. 3 is not only relevant, but SLS's response to it is necessary for Plaintiffs to carry their burden of establishing that damages can be calculated on a classwide bases. *See Comcast*, 527 U.S. at 35. Without the ability to provide this information to an expert, Plaintiffs will be extremely prejudiced in showing that there is a workable method for showing classwide damages.

SLS also claims that Interrogatory No. 3 seeks "the identity of and loan-level information for borrowers," putting their privacy rights at risk. A plain read of the Interrogatory shows that this assertion is simply not true. This objection is therefore utterly baseless and not made in good faith. Besides, as discussed in my prior letter, (1) SLS's concerns about privacy rights are warrantless given the protective issue in this case and Plaintiffs' willingness to accept responses with names and addresses redacted prior to class certification (with, of course, some identifying information such as a loan number) and (2) Plaintiffs' need for information relating to class members outweigh the borrowers' privacy rights in any event. *See Shaw v. Experian Information Solutions Inc.*, 306 F.R.D. 293 (S.D. Cal. 2015).

---

[1] SLS's repeated, erroneous assertion that Plaintiffs are not entitled to protection under RESPA simply shows that SLS is not in a position to determine which of its borrowers are eligible for protection under 12 C.F.R. § 1024.41.



January 31, 2018
Page 7

Finally, the claim that Interrogatory No. 3 requires SLS to make "extensive investigations, research, compilations, and/or evaluations of data" is not credible. SLS is a large, well-resourced company that plainly has the capability of determining which fees and in what amounts it assessed on borrowers.

**Persons with Knowledge (Interrogatory No. 9)**

Interrogatory No. 9 requests that SLS identify each individual with knowledge of the facts or circumstances regarding the subject matter of the Complaint and, for each such person, describe the facts known to that person and identify all documents relating to those facts. Such persons should include, but not be limited to, all persons who have knowledge of the facts you will use in opposing a motion for class certification; all persons who have knowledge of the policies and procedures you employed for processing loss mitigation applications; and all persons who have knowledge of the policies and procedures you employed for complying with 12 C.F.R. § 1024.41.

SLS objects that Interrogatory No. 9 is compound, lacks foundation,[2] and requires Defendant to make extensive investigations. SLS also repeats the boilerplate objection that Interrogatory No. 9 is disproportionate and not relevant to whether Defendant violated 12 C.F.R. § 1024.41.

First, the objection that Interrogatory No. 9 is compound is not a basis to withhold a response. Courts routinely require parties to despond to interrogatories that contain subparts. *See, e.g.*, *Stamps.Com, Inc. v. Endicia, Inc.*, No. 06-7499-ODW(CTx), 2009 WL 2576371, at *3 (C.D. Cal. May 21, 2009) ("This court finds that the requests for facts, persons with knowledge of those facts and documents containing those facts should be considered one interrogatory because they are subsumed within the primary question of facts supporting defendants' infringement and validity contentions.").

The remaining objections to Interrogatory No. 9 make clear that SLS does not take seriously its discovery obligations under the Federal Rules of Civil Procedure. The "investigations" necessary to respond to Interrogatory No. 9 are hardly burdensome. In fact, some of the information sought in Interrogatory No. 9 is similar to the information SLS was required to provide in its initial disclosures—and which SLS failed to do, as my colleague noted in his letter of December 12, 2017 (to which you have not responded). SLS's failure to provide the names of persons with knowledge of this case both at the Rule 26(a)(1) stage and in response to Interrogatory No. 9 raises the question of whether SLS has conducted any investigation whatsoever into this case. In any event, the fact that SLS is required to defend this case does not render Interrogatory No. 9 overly burdensome or disproportionate.

---

[2] The objection that Interrogatory No. 9 refers to an inoperative pleading is spurious. Interrogatory No. 9 is sufficiently clear that it refers to the operative complaint, in this case, the Second Amended Complaint.



January 31, 2018
Page 8

* * *

I hope that we will be able to resolve these issues without the involvement of the Court. Although I hope we are able to discuss these issues on tomorrow's call, if not, please let me know your availability for a call early next week to discuss these issues.


Best regards,

Annick Persinger

**EXHIBIT 12**

# Fw: Activity in Case 3:16-cv-02519-GPC-BLM Smith v. Specialized Loan Servicing, LLC Order on Motion for Extension of Time to File

### Annick Persinger

Thu 2/8/2018 1:34 PM

Sent Items

To:Paino, Brian <bpaino@mcglinchey.com>;

Cc:Katherine Aizpuru <kaizpuru@tzlegal.com>; Jon Tycko <jtycko@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>;

Hi Brian,

Glad she gave us the time to work on these issues.

I do think that we should set aside some time to check in soon regarding some of the issues we discussed talking to our respective clients about when we last spoke.

Do you have time Tuesday or Wednesday of next week?

Please let us know.

Thank you,

Annick M. Persinger
Partner
**Tycko & Zavareei LLP**
apersinger@tzlegal.com
Office: (510) 254-6807
Cell: (310) 245-5489

---

**From:** efile_information@casd.uscourts.gov <efile_information@casd.uscourts.gov>
**Sent:** Thursday, February 8, 2018 7:19 AM
**To:** efile_information@casd.uscourts.gov
**Subject:** Activity in Case 3:16-cv-02519-GPC-BLM Smith v. Specialized Loan Servicing, LLC Order on Motion for Extension of Time to File

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or ordered by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

<div align="center">

**U.S. District Court**

**Southern District of California**

</div>

**Notice of Electronic Filing**

The following transaction was entered on 2/8/2018 at 7:19 AM PST and filed on 2/7/2018
**Case Name:**      Smith v. Specialized Loan Servicing, LLC

**Case Number:**      3:16-cv-02519-GPC-BLM
**Filer:**
**Document Number:** 49
**Docket Text:**
**ORDER Granting Joint [48] Motion for Extension of Time to File Motions to Compel. Signed by Magistrate Judge Barbara Lynn Major on 2/7/18. (dlg)**


**3:16-cv-02519-GPC-BLM Notice has been electronically mailed to:**


Brian Andrew Paino     bpaino@mcglinchey.com, crico@mcglinchey.com, mhegel@mcglinchey.com, selizondo@mcglinchey.com


Dhruv Mohan Sharma     dsharma@mcglinchey.com, crico@mcglinchey.com, mhegel@mcglinchey.com, selizondo@mcglinchey.com


Annick Marie Persinger     apersinger@tzlegal.com, chnoh@tzlegal.com


Katherine Marie Aizpuru     kaizpuru@tzlegal.com, aabate@tzlegal.com, mcoban@tzlegal.com


Jonathan K. Tycko     jtycko@tzlegal.com


Geoffrey Bestor     gbesq@bestorlaw.com


**3:16-cv-02519-GPC-BLM Electronically filed documents must be served conventionally by the filer to:**
The following document(s) are associated with this transaction:
**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=2/8/2018] [FileNumber=11559454-0
] [91d5d814db632c01cb35e1b0805ef3062d589cee6927a671504f8fa1a677c03fb6b
717877ae9c67e0753d3b74c1221e0917654fd14ccd80cfc8f83e11cb4ba08]]

**EXHIBIT 13**

## Re: Activity in Case 3:16-cv-02519-GPC-BLM Smith v. Specialized Loan Servicing, LLC Order on Motion for Extension of Time to File

### Annick Persinger

Mon 2/12/2018 4:34 PM

Sent Items

To:Paino, Brian <bpaino@mcglinchey.com>;

Cc:Katherine Aizpuru <kaizpuru@tzlegal.com>; Jon Tycko <jtycko@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>;

Hi Brian,

We have not heard back from you on the below. Is there a good day this week to discuss?

Annick M. Persinger
Partner
**Tycko & Zavareei LLP**
apersinger@tzlegal.com
Office: (510) 254-6807
Cell: (310) 245-5489

---

**From:** Annick Persinger
**Sent:** Thursday, February 8, 2018 1:34:30 PM
**To:** Paino, Brian
**Cc:** Katherine Aizpuru; Jon Tycko; Geoffrey G. Bestor (gbesq@bestorlaw.com)
**Subject:** Fw: Activity in Case 3:16-cv-02519-GPC-BLM Smith v. Specialized Loan Servicing, LLC Order on Motion for Extension of Time to File

Hi Brian,

Glad she gave us the time to work on these issues.

I do think that we should set aside some time to check in soon regarding some of the issues we discussed talking to our respective clients about when we last spoke.

Do you have time Tuesday or Wednesday of next week?

Please let us know.

Thank you,

Annick M. Persinger
Partner
**Tycko & Zavareei LLP**
apersinger@tzlegal.com
Office: (510) 254-6807
Cell: (310) 245-5489

---

**From:** efile_information@casd.uscourts.gov <efile_information@casd.uscourts.gov>

**Sent:** Thursday, February 8, 2018 7:19 AM
**To:** efile_information@casd.uscourts.gov
**Subject:** Activity in Case 3:16-cv-02519-GPC-BLM Smith v. Specialized Loan Servicing, LLC Order on Motion for Extension of Time to File

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

<div align="center">

**U.S. District Court**
**Southern District of California**

</div>

**Notice of Electronic Filing**

The following transaction was entered on 2/8/2018 at 7:19 AM PST and filed on 2/7/2018
**Case Name:**        Smith v. Specialized Loan Servicing, LLC
**Case Number:**      3:16-cv-02519-GPC-BLM
**Filer:**
**Document Number:** 49

**Docket Text:**
**ORDER Granting Joint [48] Motion for Extension of Time to File Motions to Compel. Signed by Magistrate Judge Barbara Lynn Major on 2/7/18. (dlg)**

**3:16-cv-02519-GPC-BLM Notice has been electronically mailed to:**

Brian Andrew Paino     bpaino@mcglinchey.com, crico@mcglinchey.com, mhegel@mcglinchey.com, selizondo@mcglinchey.com

Dhruv Mohan Sharma     dsharma@mcglinchey.com, crico@mcglinchey.com, mhegel@mcglinchey.com, selizondo@mcglinchey.com

Annick Marie Persinger     apersinger@tzlegal.com, chnoh@tzlegal.com

Katherine Marie Aizpuru     kaizpuru@tzlegal.com, aabate@tzlegal.com, mcoban@tzlegal.com

Jonathan K. Tycko     jtycko@tzlegal.com

Geoffrey Bestor     gbesq@bestorlaw.com

**3:16-cv-02519-GPC-BLM Electronically filed documents must be served conventionally by the filer to:**
The following document(s) are associated with this transaction:
**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=2/8/2018] [FileNumber=11559454-0
] [91d5d814db632c01cb35e1b0805ef3062d589cee6927a671504f8fa1a677c03fb6b
717877ae9c67e0753d3b74c1221e0917654fd14ccd80cfc8f83e11cb4ba08]]

**EXHIBIT 14**

# RE: Activity in Case 3:16-cv-02519-GPC-BLM Smith v. Specialized Loan Servicing, LLC Order on Motion for Extension of Time to File

### Paino, Brian <bpaino@mcglinchey.com>

Tue 2/13/2018 8:46 AM

To:Annick Persinger <apersinger@tzlegal.com>;

Cc:Katherine Aizpuru <kaizpuru@tzlegal.com>; Jon Tycko <jtycko@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>;

Annick,

We have a call scheduled with our client on Thursday to discuss the matter, so I think it would be more productive to have a call on Friday. Also, I would like to get you the nursing home records in advance of our follow up call. I'll work with my legal assistant today to get the records out to you. On a related note, you mentioned during our call that you would be sending a CD with additional documents. To date, we do not have a record of receiving the CD.

**Brian A. Paino**

| | |
|---|---|
| **direct:** | (949) 381-5914 |
| **fax:** | (949) 861-6316 |
| **email:** | bpaino@mcglinchey.com |
| **office:** | 18201 Von Karman Ave, Ste 350 | Irvine, CA 92612 |



bio | vcard | www.mcglinchey.com | www.cafalawblog.com

Alabama    California    Florida    Louisiana    Mississippi    New York    Ohio    Texas    Washington, DC

**From:** Annick Persinger [mailto:apersinger@tzlegal.com]
**Sent:** Monday, February 12, 2018 4:34 PM
**To:** Paino, Brian <bpaino@mcglinchey.com>
**Cc:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Jon Tycko <jtycko@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>
**Subject:** Re: Activity in Case 3:16-cv-02519-GPC-BLM Smith v. Specialized Loan Servicing, LLC Order on Motion for Extension of Time to File

Hi Brian,

We have not heard back from you on the below. Is there a good day this week to discuss?

Annick M. Persinger
Partner
**Tycko & Zavareei LLP**
apersinger@tzlegal.com
Office: (510) 254-6807
Cell: (310) 245-5489

**From:** Annick Persinger
**Sent:** Thursday, February 8, 2018 1:34:30 PM
**To:** Paino, Brian

**Cc:** Katherine Aizpuru; Jon Tycko; Geoffrey G. Bestor (gbesq@bestorlaw.com)
**Subject:** Fw: Activity in Case 3:16-cv-02519-GPC-BLM Smith v. Specialized Loan Servicing, LLC Order on Motion for Extension of Time to File

Hi Brian,

Glad she gave us the time to work on these issues.

I do think that we should set aside some time to check in soon regarding some of the issues we discussed talking to our respective clients about when we last spoke.

Do you have time Tuesday or Wednesday of next week?

Please let us know.

Thank you,


Annick M. Persinger
Partner
**Tycko & Zavareei LLP**
apersinger@tzlegal.com
Office: (510) 254-6807
Cell: (310) 245-5489

---

**From:** efile_information@casd.uscourts.gov <efile_information@casd.uscourts.gov>
**Sent:** Thursday, February 8, 2018 7:19 AM
**To:** efile_information@casd.uscourts.gov
**Subject:** Activity in Case 3:16-cv-02519-GPC-BLM Smith v. Specialized Loan Servicing, LLC Order on Motion for Extension of Time to File

<span style="color:red">**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**</span>
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

<div align="center">

**U.S. District Court**
**Southern District of California**

</div>

**Notice of Electronic Filing**

The following transaction was entered on 2/8/2018 at 7:19 AM PST and filed on 2/7/2018
**Case Name:**         Smith v. Specialized Loan Servicing, LLC
**Case Number:**     3:16-cv-02519-GPC-BLM
**Filer:**
**Document Number:** 49
**Docket Text:**
<span style="color:blue">**ORDER Granting Joint [48] Motion for Extension of Time to File Motions to Compel. Signed by Magistrate Judge Barbara Lynn Major on 2/7/18. (dlg)**</span>


**3:16-cv-02519-GPC-BLM Notice has been electronically mailed to:**

Brian Andrew Paino     bpaino@mcglinchey.com, crico@mcglinchey.com, mhegel@mcglinchey.com,

selizondo@mcglinchey.com

Dhruv Mohan Sharma    dsharma@mcglinchey.com, crico@mcglinchey.com, mhegel@mcglinchey.com, selizondo@mcglinchey.com

Annick Marie Persinger    apersinger@tzlegal.com, chnoh@tzlegal.com

Katherine Marie Aizpuru    kaizpuru@tzlegal.com, aabate@tzlegal.com, mcoban@tzlegal.com

Jonathan K. Tycko    jtycko@tzlegal.com

Geoffrey Bestor    gbesq@bestorlaw.com

**3:16-cv-02519-GPC-BLM Electronically filed documents must be served conventionally by the filer to:**
The following document(s) are associated with this transaction:
**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=2/8/2018] [FileNumber=11559454-0
] [91d5d814db632c01cb35e1b0805ef3062d589cee6927a671504f8fa1a677c03fb6b
717877ae9c67e0753d3b74c1221e0917654fd14ccd80cfc8f83e11cb4ba08]]

---

www.mcglinchey.com | www.CafaLawBlog.com

McGlinchey Stafford, PLLC in Alabama, Florida, Louisiana, Mississippi, New York, Ohio, Texas, and Washington DC and McGlinchey Stafford, LLP in California.

Confidentiality Statement: This email may contain attorney-client privileged or confidential information. It is for the sole use of the intended recipient(s). If you have received this transmission in error, immediately notify us by telephone at 504-586-1200 and return the original message to us at McGlinchey Stafford, 12th Floor, 601 Poydras Street, New Orleans, LA, 70130 via the United States Postal Service.

We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

See McGlinchey Stafford Disclaimer/Privacy Policy http://www.mcglinchey.com/disclaimer/

**EXHIBIT 15**

Re: Activity in Case 3:16-cv-02519-GPC-BLM Smith v. Specialized Loan Servicing, LLC Order on Motion for Extension of Time to File

### Annick Persinger

Tue 2/13/2018 10:36 AM

Sent Items

To:Paino, Brian <bpaino@mcglinchey.com>;

Cc:Katherine Aizpuru <kaizpuru@tzlegal.com>; Jon Tycko <jtycko@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>;

Brian,

Thanks, we will keep an eye out for those records. I will also check on the CD.

I am traveling on Friday. Are you available early next week?

Annick M. Persinger
Partner
**Tycko & Zavareei LLP**
apersinger@tzlegal.com
Office: (510) 254-6807
Cell: (310) 245-5489

---

**From:** Paino, Brian <bpaino@mcglinchey.com>
**Sent:** Tuesday, February 13, 2018 8:46:44 AM
**To:** Annick Persinger
**Cc:** Katherine Aizpuru; Jon Tycko; Geoffrey G. Bestor (gbesq@bestorlaw.com)
**Subject:** RE: Activity in Case 3:16-cv-02519-GPC-BLM Smith v. Specialized Loan Servicing, LLC Order on Motion for Extension of Time to File

Annick,

We have a call scheduled with our client on Thursday to discuss the matter, so I think it would be more productive to have a call on Friday. Also, I would like to get you the nursing home records in advance of our follow up call. I'll work with my legal assistant today to get the records out to you. On a related note, you mentioned during our call that you would be sending a CD with additional documents. To date, we do not have a record of receiving the CD.

**Brian A. Paino**

**direct:**   (949) 381-5914
**fax:**       (949) 861-6316
**email:**    bpaino@mcglinchey.com
**office:**    18201 Von Karman Ave, Ste 350 | Irvine, CA 92612



bio | vcard | www.mcglinchey.com | www.cafalawblog.com

Alabama   California   Florida   Louisiana   Mississippi   New York   Ohio   Texas   Washington, DC

---

**From:** Annick Persinger [mailto:apersinger@tzlegal.com]
**Sent:** Monday, February 12, 2018 4:34 PM

**To:** Paino, Brian <bpaino@mcglinchey.com>
**Cc:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Jon Tycko <jtycko@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com)
<gbesq@bestorlaw.com>
**Subject:** Re: Activity in Case 3:16-cv-02519-GPC-BLM Smith v. Specialized Loan Servicing, LLC Order on Motion for Extension of Time to
File

Hi Brian,

We have not heard back from you on the below. Is there a good day this week to discuss?

Annick M. Persinger
Partner
**Tycko & Zavareei LLP**
apersinger@tzlegal.com
Office: (510) 254-6807
Cell: (310) 245-5489

---

**From:** Annick Persinger
**Sent:** Thursday, February 8, 2018 1:34:30 PM
**To:** Paino, Brian
**Cc:** Katherine Aizpuru; Jon Tycko; Geoffrey G. Bestor (gbesq@bestorlaw.com)
**Subject:** Fw: Activity in Case 3:16-cv-02519-GPC-BLM Smith v. Specialized Loan Servicing, LLC Order on Motion for Extension of Time to
File

Hi Brian,

Glad she gave us the time to work on these issues.

I do think that we should set aside some time to check in soon regarding some of the issues we discussed talking to our
respective clients about when we last spoke.

Do you have time Tuesday or Wednesday of next week?

Please let us know.

Thank you,

Annick M. Persinger
Partner
**Tycko & Zavareei LLP**
apersinger@tzlegal.com
Office: (510) 254-6807
Cell: (310) 245-5489

---

**From:** efile_information@casd.uscourts.gov <efile_information@casd.uscourts.gov>
**Sent:** Thursday, February 8, 2018 7:19 AM
**To:** efile_information@casd.uscourts.gov
**Subject:** Activity in Case 3:16-cv-02519-GPC-BLM Smith v. Specialized Loan Servicing, LLC Order on Motion for Extension of Time to File

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the
mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and
parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt**

is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court
### Southern District of California

## Notice of Electronic Filing

The following transaction was entered on 2/8/2018 at 7:19 AM PST and filed on 2/7/2018
**Case Name:**          Smith v. Specialized Loan Servicing, LLC
**Case Number:**        3:16-cv-02519-GPC-BLM
**Filer:**
**Document Number:** 49
**Docket Text:**
**ORDER Granting Joint [48] Motion for Extension of Time to File Motions to Compel. Signed by Magistrate Judge Barbara Lynn Major on 2/7/18. (dlg)**


**3:16-cv-02519-GPC-BLM Notice has been electronically mailed to:**

Brian Andrew Paino     bpaino@mcglinchey.com, crico@mcglinchey.com, mhegel@mcglinchey.com, selizondo@mcglinchey.com

Dhruv Mohan Sharma     dsharma@mcglinchey.com, crico@mcglinchey.com, mhegel@mcglinchey.com, selizondo@mcglinchey.com

Annick Marie Persinger     apersinger@tzlegal.com, chnoh@tzlegal.com

Katherine Marie Aizpuru     kaizpuru@tzlegal.com, aabate@tzlegal.com, mcoban@tzlegal.com

Jonathan K. Tycko     jtycko@tzlegal.com

Geoffrey Bestor     gbesq@bestorlaw.com


**3:16-cv-02519-GPC-BLM Electronically filed documents must be served conventionally by the filer to:**
The following document(s) are associated with this transaction:
**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=2/8/2018] [FileNumber=11559454-0
] [91d5d814db632c01cb35e1b0805ef3062d589cee6927a671504f8fa1a677c03fb6b
717877ae9c67e0753d3b74c1221e0917654fd14ccd80cfc8f83e11cb4ba08]]

---

www.mcglinchey.com | www.CafaLawBlog.com

McGlinchey Stafford, PLLC in Alabama, Florida, Louisiana, Mississippi, New York, Ohio, Texas, and Washington DC and McGlinchey Stafford, LLP in California.

Confidentiality Statement: This email may contain attorney-client privileged or confidential information. It is for the sole use of the intended recipient(s). If you have received this transmission in error, immediately notify us by telephone at 504-586-1200 and return the original message to us at McGlinchey Stafford, 12th Floor, 601 Poydras Street, New Orleans, LA, 70130 via the United States Postal Service.

We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

See McGlinchey Stafford Disclaimer/Privacy Policy http://www.mcglinchey.com/disclaimer/

**EXHIBIT 16**

# Monday Call and Proposed Joint Motion to Amend the Scheduling Order

### Katherine Aizpuru

Fri 2/23/2018 3:17 PM

To: Paino, Brian <bpaino@mcglinchey.com>; Sharma, Dhruv <dsharma@mcglinchey.com>;

Cc: Annick Persinger <apersinger@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>; Jon Tycko <jtycko@tzlegal.com>; Melis Coban <mcoban@tzlegal.com>; Chloe Noh <chnoh@tzlegal.com>;

📎   2 attachments (187 KB)

2018.02.23 Joint Motion to Amend the Scheduling Order.doc; 2018.02.23 Proposed Order on Joint Motion.doc;

Hi Brian,

Nice talking with you just now, and thanks again for the heads up about the costs to obtain the documents from the nursing home. As discussed, attached is our proposed joint motion to amend the scheduling order and proposed order regarding the same. Take a look and let us know if you and your client are amenable.

Even if you aren't able to discuss the proposed motion with SLS in advance of our call, we're looking forward to our follow-up conversation with you on Monday, February 26, 2018 at 1pm PST/4pm EST regarding the outstanding discovery issues. We can use my dial-in: **1-800-750-8756** with access code **759194#**.

Please feel free to reach out if you have any questions. Have a good weekend.

Best,

Kate



**Katherine M. Aizpuru** ■ Associate ■ Tʏᴄᴋᴏ & Zᴀᴠᴀʀᴇᴇɪ LLP ■ www.tzlegal.com
1828 L Street, NW ■ Suite 1000 ■ Washington, DC 20036
p 202.417.3667 ■ f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.*

**EXHIBIT 17**

# RE: Monday Call and Proposed Joint Motion to Amend the Scheduling Order

Katherine Aizpuru

Mon 2/26/2018 1:29 PM

To: Paino, Brian <bpaino@mcglinchey.com>; Sharma, Dhruv <dsharma@mcglinchey.com>;

Cc: Annick Persinger <apersinger@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>; Jon Tycko <jtycko@tzlegal.com>; Melis Coban <mcoban@tzlegal.com>; Chloe Noh <chnoh@tzlegal.com>;

Hi Brian,

Thanks for the call this afternoon. We are generally available on Thursday, except for 11-12 PT/2-3 ET. Let us know when you are free and we will set something up.

Looking forward to speaking with you then.

Best,



**Katherine M. Aizpuru** ▪ Associate ▪ TYCKO & ZAVAREEI LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.417.3667 ▪ f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.*

**From:** Katherine Aizpuru
**Sent:** Friday, February 23, 2018 6:18 PM
**To:** Paino, Brian <bpaino@mcglinchey.com>; Sharma, Dhruv <dsharma@mcglinchey.com>
**Cc:** Annick Persinger <apersinger@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>; Jon Tycko <jtycko@tzlegal.com>; Melis Coban <mcoban@tzlegal.com>; Chloe Noh <chnoh@tzlegal.com>
**Subject:** Monday Call and Proposed Joint Motion to Amend the Scheduling Order

Hi Brian,

Nice talking with you just now, and thanks again for the heads up about the costs to obtain the documents from the nursing home. As discussed, attached is our proposed joint motion to amend the scheduling order and proposed order regarding the same. Take a look and let us know if you and your client are amenable.

Even if you aren't able to discuss the proposed motion with SLS in advance of our call, we're looking forward to our follow-up conversation with you on Monday, February 26, 2018 at 1pm PST/4pm EST regarding the outstanding discovery issues. We can use my dial-in: **1-800-750-8756** with access code **759194#**.

Please feel free to reach out if you have any questions. Have a good weekend.

Best,

Kate



**Katherine M. Aizpuru** ■ Associate ■ Tᴦᴄᴋᴏ & Zᴀᴠᴀʀᴇᴇɪ LLP ■ www.tzlegal.com
1828 L Street, NW ■ Suite 1000 ■ Washington, DC 20036
p 202.417.3667 ■ f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.*

**EXHIBIT 18**

# RE: Monday Call and Proposed Joint Motion to Amend the Scheduling Order

### Katherine Aizpuru

Wed 2/28/2018 7:38 AM

To: Paino, Brian <bpaino@mcglinchey.com>; Sharma, Dhruv <dsharma@mcglinchey.com>;

Cc: Annick Persinger <apersinger@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>; Jon Tycko <jtycko@tzlegal.com>; Melis Coban <mcoban@tzlegal.com>; Chloe Noh <chnoh@tzlegal.com>;

Hi Brian,

Following up on the below, have you had a chance to check your availability for a call tomorrow? Let us know. Thanks!

Best,

Kate



**Katherine M. Aizpuru** ■ Associate ■ Tʏᴄᴋᴏ & Zᴀᴠᴀʀᴇᴇɪ LLP ■ www.tzlegal.com
1828 L Street, NW ■ Suite 1000 ■ Washington, DC 20036
p 202.417.3667 ■ f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.*

---

**From:** Katherine Aizpuru
**Sent:** Monday, February 26, 2018 4:30 PM
**To:** 'Paino, Brian' <bpaino@mcglinchey.com>; 'Sharma, Dhruv' <dsharma@mcglinchey.com>
**Cc:** Annick Persinger <apersinger@tzlegal.com>; 'Geoffrey G. Bestor (gbesq@bestorlaw.com)' <gbesq@bestorlaw.com>; Jon Tycko <jtycko@tzlegal.com>; Melis Coban <mcoban@tzlegal.com>; Chloe Noh <chnoh@tzlegal.com>
**Subject:** RE: Monday Call and Proposed Joint Motion to Amend the Scheduling Order

Hi Brian,

Thanks for the call this afternoon. We are generally available on Thursday, except for 11-12 PT/2-3 ET. Let us know when you are free and we will set something up.

Looking forward to speaking with you then.

Best,



**Katherine M. Aizpuru** ■ Associate ■ Tʏᴄᴋᴏ & Zᴀᴠᴀʀᴇᴇɪ LLP ■ www.tzlegal.com
1828 L Street, NW ■ Suite 1000 ■ Washington, DC 20036
p 202.417.3667 ■ f 202.973.0950

apersinger@tzlegal.com

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.*

**From:** Katherine Aizpuru
**Sent:** Friday, February 23, 2018 6:18 PM
**To:** Paino, Brian <bpaino@mcglinchey.com>; Sharma, Dhruv <dsharma@mcglinchey.com>
**Cc:** Annick Persinger <apersinger@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>; Jon Tycko <jtycko@tzlegal.com>; Melis Coban <mcoban@tzlegal.com>; Chloe Noh <chnoh@tzlegal.com>
**Subject:** Monday Call and Proposed Joint Motion to Amend the Scheduling Order

Hi Brian,

Nice talking with you just now, and thanks again for the heads up about the costs to obtain the documents from the nursing home. As discussed, attached is our proposed joint motion to amend the scheduling order and proposed order regarding the same. Take a look and let us know if you and your client are amenable.

Even if you aren't able to discuss the proposed motion with SLS in advance of our call, we're looking forward to our follow-up conversation with you on Monday, February 26, 2018 at 1pm PST/4pm EST regarding the outstanding discovery issues. We can use my dial-in: **1-800-750-8756** with access code **759194#.**

Please feel free to reach out if you have any questions. Have a good weekend.

Best,

Kate



**Katherine M. Aizpuru**  ▪  Associate  ▪  TYCKO & ZAVAREEI LLP  ▪  www.tzlegal.com
1828 L Street, NW  ▪  Suite 1000  ▪  Washington, DC 20036
p 202.417.3667  ▪  f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.*

**EXHIBIT 19**

# RE: Monday Call and Proposed Joint Motion to Amend the Scheduling Order

### Paino, Brian <bpaino@mcglinchey.com>

Wed 2/28/2018 4:38 PM

To: Katherine Aizpuru <kaizpuru@tzlegal.com>; Sharma, Dhruv <dsharma@mcglinchey.com>;

Cc: Annick Persinger <apersinger@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>; Jon Tycko <jtycko@tzlegal.com>; Melis Coban <mcoban@tzlegal.com>; Chloe Noh <chnoh@tzlegal.com>;

How about 1:30 p.m. tomorrow?

**Brian A. Paino**

| | |
|---|---|
| **direct:** | (949) 381-5914 |
| **fax:** | (949) 861-6316 |
| **email:** | bpaino@mcglinchey.com |
| **office:** | 18201 Von Karman Ave, Ste 350 | Irvine, CA 92612 |



bio | vcard | www.mcglinchey.com | www.cafalawblog.com

Alabama    California    Florida    Louisiana    Mississippi    New York    Ohio    Texas    Washington, DC

**From:** Katherine Aizpuru [mailto:kaizpuru@tzlegal.com]
**Sent:** Wednesday, February 28, 2018 7:39 AM
**To:** Paino, Brian <bpaino@mcglinchey.com>; Sharma, Dhruv <dsharma@mcglinchey.com>
**Cc:** Annick Persinger <apersinger@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>; Jon Tycko <jtycko@tzlegal.com>; Melis Coban <mcoban@tzlegal.com>; Chloe Noh <chnoh@tzlegal.com>
**Subject:** RE: Monday Call and Proposed Joint Motion to Amend the Scheduling Order

Hi Brian,

Following up on the below, have you had a chance to check your availability for a call tomorrow? Let us know. Thanks!

Best,

Kate



**Katherine M. Aizpuru** ■ Associate ■ Tycko & Zavareei LLP ■ www.tzlegal.com
1828 L Street, NW ■ Suite 1000 ■ Washington, DC 20036
p 202.417.3667 ■ f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.*

**From:** Katherine Aizpuru
**Sent:** Monday, February 26, 2018 4:30 PM
**To:** 'Paino, Brian' <bpaino@mcglinchey.com>; 'Sharma, Dhruv' <dsharma@mcglinchey.com>
**Cc:** Annick Persinger <apersinger@tzlegal.com>; 'Geoffrey G. Bestor (gbesq@bestorlaw.com)' <gbesq@bestorlaw.com>; Jon Tycko <jtycko@tzlegal.com>; Melis Coban <mcoban@tzlegal.com>; Chloe Noh <chnoh@tzlegal.com>
**Subject:** RE: Monday Call and Proposed Joint Motion to Amend the Scheduling Order

Hi Brian,

Thanks for the call this afternoon. We are generally available on Thursday, except for 11-12 PT/2-3 ET. Let us know when you are free and we will set something up.

Looking forward to speaking with you then.

Best,



**Katherine M. Aizpuru** ■ Associate ■ TYCKO & ZAVAREEI LLP ■ www.tzlegal.com
1828 L Street, NW ■ Suite 1000 ■ Washington, DC 20036
p 202.417.3667 ■ f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.*

---

**From:** Katherine Aizpuru
**Sent:** Friday, February 23, 2018 6:18 PM
**To:** Paino, Brian <bpaino@mcglinchey.com>; Sharma, Dhruv <dsharma@mcglinchey.com>
**Cc:** Annick Persinger <apersinger@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>; Jon Tycko <jtycko@tzlegal.com>; Melis Coban <mcoban@tzlegal.com>; Chloe Noh <chnoh@tzlegal.com>
**Subject:** Monday Call and Proposed Joint Motion to Amend the Scheduling Order

Hi Brian,

Nice talking with you just now, and thanks again for the heads up about the costs to obtain the documents from the nursing home. As discussed, attached is our proposed joint motion to amend the scheduling order and proposed order regarding the same. Take a look and let us know if you and your client are amenable.

Even if you aren't able to discuss the proposed motion with SLS in advance of our call, we're looking forward to our follow-up conversation with you on Monday, February 26, 2018 at 1pm PST/4pm EST regarding the outstanding discovery issues. We can use my dial-in: **1-800-750-8756** with access code **759194#**.

Please feel free to reach out if you have any questions. Have a good weekend.

Best,

Kate



**Katherine M. Aizpuru** ■ Associate ■ TYCKO & ZAVAREEI LLP ■ www.tzlegal.com
1828 L Street, NW ■ Suite 1000 ■ Washington, DC 20036
p 202.417.3667 ■ f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information.  If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way.  If you have received this message by mistake, please call us immediately and destroy the email message.*

---

www.mcglinchey.com | www.CafaLawBlog.com

McGlinchey Stafford, PLLC in Alabama, Florida, Louisiana, Mississippi, New York, Ohio, Texas, and Washington DC and McGlinchey Stafford, LLP in California.

Confidentiality Statement: This email may contain attorney-client privileged or confidential information. It is for the sole use of the intended recipient(s). If you have received this transmission in error, immediately notify us by telephone at 504-586-1200 and return the original message to us at McGlinchey Stafford, 12th Floor, 601 Poydras Street, New Orleans, LA, 70130 via the United States Postal Service.

We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

See McGlinchey Stafford Disclaimer/Privacy Policy http://www.mcglinchey.com/disclaimer/

**EXHIBIT 20**

# RE: Monday Call and Proposed Joint Motion to Amend the Scheduling Order

## Katherine Aizpuru

Thu 3/1/2018 7:54 AM

To: Paino, Brian <bpaino@mcglinchey.com>; Sharma, Dhruv <dsharma@mcglinchey.com>;

Cc: Annick Persinger <apersinger@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>; Jon Tycko <jtycko@tzlegal.com>; Melis Coban <mcoban@tzlegal.com>; Chloe Noh <chnoh@tzlegal.com>;

That works for us. We can use my dial-in again. **1-800-750-8756** with access code **759194#.**

Talk to you then.



**Katherine M. Aizpuru** ▪ Associate ▪ Tʏᴄᴋᴏ & Zᴀᴠᴀʀᴇᴇɪ LLP ▪ www.tzlegal.com
1828 L Street, NW ▪ Suite 1000 ▪ Washington, DC 20036
p 202.417.3667 ▪ f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.*

**From:** Paino, Brian [mailto:bpaino@mcglinchey.com]
**Sent:** Wednesday, February 28, 2018 7:39 PM
**To:** Katherine Aizpuru <kaizpuru@tzlegal.com>; Sharma, Dhruv <dsharma@mcglinchey.com>
**Cc:** Annick Persinger <apersinger@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>; Jon Tycko <jtycko@tzlegal.com>; Melis Coban <mcoban@tzlegal.com>; Chloe Noh <chnoh@tzlegal.com>
**Subject:** RE: Monday Call and Proposed Joint Motion to Amend the Scheduling Order

How about 1:30 p.m. tomorrow?

**Brian A. Paino**

**direct:** (949) 381-5914
**fax:** (949) 861-6316
**email:** bpaino@mcglinchey.com
**office:** 18201 Von Karman Ave, Ste 350 | Irvine, CA 92612



bio | vcard | www.mcglinchey.com | www.cafalawblog.com

Alabama    California    Florida    Louisiana    Mississippi    New York    Ohio    Texas    Washington, DC

**From:** Katherine Aizpuru [mailto:kaizpuru@tzlegal.com]
**Sent:** Wednesday, February 28, 2018 7:39 AM
**To:** Paino, Brian <bpaino@mcglinchey.com>; Sharma, Dhruv <dsharma@mcglinchey.com>
**Cc:** Annick Persinger <apersinger@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>; Jon

Tycko <jtycko@tzlegal.com>; Melis Coban <mcoban@tzlegal.com>; Chloe Noh <chnoh@tzlegal.com>
**Subject:** RE: Monday Call and Proposed Joint Motion to Amend the Scheduling Order

Hi Brian,

Following up on the below, have you had a chance to check your availability for a call tomorrow? Let us know. Thanks!

Best,

Kate



**Katherine M. Aizpuru**  ■  Associate  ■  Tʏᴄᴋᴏ & Zᴀᴠᴀʀᴇᴇɪ LLP  ■  www.tzlegal.com
1828 L Street, NW  ■  Suite 1000  ■  Washington, DC 20036
p 202.417.3667  ■  f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.*

---

**From:** Katherine Aizpuru
**Sent:** Monday, February 26, 2018 4:30 PM
**To:** 'Paino, Brian' <bpaino@mcglinchey.com>; 'Sharma, Dhruv' <dsharma@mcglinchey.com>
**Cc:** Annick Persinger <apersinger@tzlegal.com>; 'Geoffrey G. Bestor (gbesq@bestorlaw.com)' <gbesq@bestorlaw.com>; Jon Tycko <jtycko@tzlegal.com>; Melis Coban <mcoban@tzlegal.com>; Chloe Noh <chnoh@tzlegal.com>
**Subject:** RE: Monday Call and Proposed Joint Motion to Amend the Scheduling Order

Hi Brian,

Thanks for the call this afternoon. We are generally available on Thursday, except for 11-12 PT/2-3 ET. Let us know when you are free and we will set something up.

Looking forward to speaking with you then.

Best,

**Katherine M. Aizpuru**  ■  Associate  ■  Tʏᴄᴋᴏ & Zᴀᴠᴀʀᴇᴇɪ LLP  ■  www.tzlegal.com
1828 L Street, NW  ■  Suite 1000  ■  Washington, DC 20036
p 202.417.3667  ■  f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.*

---

**From:** Katherine Aizpuru
**Sent:** Friday, February 23, 2018 6:18 PM
**To:** Paino, Brian <bpaino@mcglinchey.com>; Sharma, Dhruv <dsharma@mcglinchey.com>
**Cc:** Annick Persinger <apersinger@tzlegal.com>; Geoffrey G. Bestor (gbesq@bestorlaw.com) <gbesq@bestorlaw.com>; Jon Tycko <jtycko@tzlegal.com>; Melis Coban <mcoban@tzlegal.com>; Chloe Noh <chnoh@tzlegal.com>
**Subject:** Monday Call and Proposed Joint Motion to Amend the Scheduling Order

Hi Brian,

Nice talking with you just now, and thanks again for the heads up about the costs to obtain the documents from the nursing home. As discussed, attached is our proposed joint motion to amend the scheduling order and proposed order regarding the same. Take a look and let us know if you and your client are amenable.

Even if you aren't able to discuss the proposed motion with SLS in advance of our call, we're looking forward to our follow-up conversation with you on Monday, February 26, 2018 at 1pm PST/4pm EST regarding the outstanding discovery issues. We can use my dial-in: **1-800-750-8756** with access code **759194#.**

Please feel free to reach out if you have any questions. Have a good weekend.

Best,

Kate



**Katherine M. Aizpuru** ■ Associate ■ Tᴄᴏ & Zᴀᴠᴀʀᴇᴇɪ LLP ■ www.tzlegal.com
1828 L Street, NW ■ Suite 1000 ■ Washington, DC 20036
p 202.417.3667 ■ f 202.973.0950

*This message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, the recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the email message.*

---

www.mcglinchey.com | www.CafaLawBlog.com

McGlinchey Stafford, PLLC in Alabama, Florida, Louisiana, Mississippi, New York, Ohio, Texas, and Washington DC and McGlinchey Stafford, LLP in California.

Confidentiality Statement: This email may contain attorney-client privileged or confidential information. It is for the sole use of the intended recipient(s). If you have received this transmission in error, immediately notify us by telephone at 504-586-1200 and return the original message to us at McGlinchey Stafford, 12th Floor, 601 Poydras Street, New Orleans, LA, 70130 via the United States Postal Service.

We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

See McGlinchey Stafford Disclaimer/Privacy Policy http://www.mcglinchey.com/disclaimer/

**EXHIBIT 21**



| WASHINGTON DC | CALIFORNIA |
|---|---|
| 1828 L Street, NW \| Suite 1000 | 483 Ninth Street \| Suite 200 |
| Washington, DC 20036 | Oakland, CA 94607 |
| 202.973.0900 | 510.254.6808 |
| www.tzlegal.com | |

**<u>VIA FIRST CLASS MAIL AND ELECTRONIC MAIL</u>**

March 2, 2018                                                    Our File No. 319-04C

Brian A. Paino
18201 Von Karman Avenue,
Suite 350
Irvine, California 92612

**Re: *Kimble et al. v. Specialized Loan Servicing, LLC*, Case No. 3:16-cv-02519-GPC-BLM (S.D. Cal.)**

Dear Brian:

This letter is to follow up on and memorialize the contents of our meet-and-confer conference yesterday, March 1, 2018. If you disagree with my recollection of the call, as memorialized in this letter, please advise me of the points of disagreement as soon as possible.

During the call, we discussed our proposal that the parties move jointly to amend the scheduling order. You stated that your client, Defendant Specialized Loan Servicing ("SLS"), was unwilling to jointly move to extend the deadlines in the scheduling order. You explained that SLS's position is that the scheduling order should be stayed, not extended, because of SLS's view that Former Plaintiff Margarette Smith did not have standing to bring a claim under RESPA. You advised us of SLS's intent to file a motion to stay discovery to allow briefing on the issues of Ms. Smith's residency and standing.

We also discussed Plaintiffs' proposal to engage in a sampling methodology as a method of streamlining discovery pre-certification. You advised that SLS is unwilling to agree to a sampling methodology at this time because of its position that Ms. Smith did not have standing to bring a RESPA claim in the first place, and because of SLS's intent to move to stay discovery. For the same reason, SLS is unwilling to produce documents and data from within its databases, and is unwilling to schedule a 30(b)(6) deposition regarding its databases. You also stated that SLS is taking the position that the burden of locating and producing documents responsive to RFP No. 3, which requests communications with the CFPB regarding SLS's processing of loan modifications, is unwarranted in light of its view that discovery should be stayed.

Despite SLS's objections, you did agree that SLS would produce some documents. You agreed that SLS would produce a "Job Aid" showing "Transaction Codes" for the platform that it uses to service mortgages. SLS also agreed to produce its policies and procedures governing the



**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
483 Ninth Street | Suite 200
Oakland, CA 94607
510.254.6808

processing of loss mitigation applications, as well as some quality control and quality assurance materials. You also agreed that SLS would provide information about the vendors that it uses to conduct property valuations and appraisals. You stated that you believed SLS could produce those materials to us today, March 2. SLS is also searching for training materials.

Finally, we agreed that we would resolve questions about the confidentiality of documents produced by Plaintiffs on an as-needed basis. We also agreed that the parties would stipulate to a narrow correction to the Second Amended Complaint to state that Ms. Smith entered long-term nursing care in 2012, and you agreed that with that change your client would have no basis to file its proposed Rule 11 motion.

We are looking forward to speaking with you next week during our call with Magistrate Judge Major's Chambers on Tuesday, March 6, 2018, at 9:30 a.m.

Regards,

Katherine Aizpuru

**EXHIBIT 22**

<u>Plaintiffs' Proposed Production Protocol for the Production of Electronically Stored Information</u>
<u>("ESI")</u>

1. **TIFF Format:**  Documents should be produced in TIFF format.  The underlying text of each document should be produced in a computer-readable format through the use of Optical Character Recognition ("OCR").  With TIFFS, we find that the simplest way to produce OCR'd text is to produce it in separate text files (in TXT format), one per document, each labeled with the Bates number(s) of the document to which it corresponds.

2. **Documents that warrant a format other than TIFF:**  When a document is to be produced in native format, its file name should reflect the Bates number it has been assigned.  Preliminarily, Microsoft Excel documents and database files should be produced in native format, though PowerPoint presentations and emails should be printed to TIFF and produced according to the above-referenced procedures.  We agree to confer in good faith if there are any questions whether certain documents should be produced in native format.

3. **Preservation of Metadata:**  Metadata should be preserved.  Specifically, to the extent that such metadata is available for a given type of document, we propose that the following fields should be preserved:  (i) the full name of the document, including the file extension, (ii) the user or person who created the document, (iii) the user or person who last modified the document, (iv) the date the document was created, (v) the date the document was last modified, and (vi) the file size of the document.  We propose that these metadata be produced in Microsoft Excel or CSV format, with each row corresponding to one document.  For emails, we propose the production of the following MIME headers: (i) the sender, (ii) everyone copied on the email, including CC's and BCC's, (iii) the date the email was sent, and (iv) the subject of the message.  If there are attachments, each attachment should be produced immediately following the email, pursuant to the above-referenced procedures.  When emails are printed to TIFF for production, they should be printed in a manner that also displays the MIME headers discussed above.

4. **Privilege Log:**  Pursuant to Federal Rule of Civil Procedure 26(b)(5), we propose that privilege logs must be produced within 30 days of a document production.  When all or part of an email is withheld on the basis of privilege, each entry on the privilege log should identify every person to whom the message was sent. Additionally, to the extent that a portion of a document has been withheld on the basis of privilege, that segment should be redacted and the rest of the document should be produced if at all possible.

5. **De-duping:**  A global de-duping of the ESI documents must be conducted.  In that regard, an "additional custodian" metadata field indicating the names of everyone who possessed a copy of the document/email that is being de-duped should be created.