UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZARAH KIMBLE, SEHER BASAK, SARAH SAKINAH GROZA O'LOUGHLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br><br>Defendant. | Case No.: 16cv2519-GPC (BLM)<br><br>**ORDER REGARDING DEFENDANT'S MOTION FOR PROTECTIVE ORDER [ECF No. 58];**<br><br>**ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES [ECF No. 59]** |

On March 6, 2018 the parties called the court regarding a discovery dispute. The court issued a briefing schedule, and the parties timely filed their respective motions [ECF Nos. 58, 59], oppositions [ECF Nos. 64, 67], and replies [ECF Nos. 68, 69]. For the reasons set forth below, Plaintiffs' Motion to Compel is **GRANTED** and Defendant's Motion for a Protective Order is **DENIED**.

**I.    FACTUAL BACKGROUND**

Plaintiff Margarette Smith ("Plaintiff" or "Smith") filed a purported first amended class action complaint against Defendant Specialized Loan Servicing, LLC ("Defendant" or "SLS") for alleged violations of Regulation X of the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. § 1024.41; and California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code 17200 *et seq*. ECF No. 17. Prior to the filing of the FAC, Smith died on April 18, 2017. Id. at ¶ 8. On September 13, 2017, the Court granted movants Zarah Kimble, Seher Basak, and Sarah Sakinah Groza O'Loughlin's motion to substitute in as plaintiffs. ECF No. 30. A second

1

16cv2519-GPC (BLM)

amended class action complaint was filed on September 21, 2017. ECF No. 32. Plaintiffs seek to represent the following classes: "(1) <u>Nationwide Class:</u> All persons in the United States that submitted a loss mitigation application to SLS on or after January 10, 2014; (2) <u>California Class:</u> All California residents that submitted a loss mitigation application to SLS on or after January 10, 2014." ECF Nos. 32 at 37. On March 15, 2018, Plaintiffs filed a motion to withdraw as named plaintiffs and substitute Nick Nikki as the named plaintiff. ECF No. 63. On March 16, 2018, the District Judge issued a briefing schedule for the pending motion to withdraw and scheduled a hearing on April 20, 2018 at 1:30 p.m. ECF No. 66.

## II. **LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. <u>See</u> <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. <u>See</u> Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

## III. **DISCUSSION**

### A. **Plaintiffs' Motion to Compel**

Plaintiffs move to compel Defendant to produce all documents and information in

response to Plaintiffs' First Set of Requests for Production and First Set of Interrogatories. ECF No. 59 (hereinafter "Pl.'s MTC").  Plaintiffs explain that Defendant "has refused to produce any of the documents or information that Plaintiffs require in order to move for class certification." Id. at 8. Plaintiffs state that "SLS has not even responded to a single interrogatory" and [t]he only documents [Defendant] has produced are the documents related to [the named] Plaintiffs and an incomplete set of policies and procedures." Id. Plaintiffs contend that their "requests seek information to determine, among other things, the size, scope, and membership of the class, as well as SLS's conduct towards the class and damages suffered by class members." Id. at 9.

Specifically, Plaintiffs seek a court order compelling Defendant to: (1) provide electronic data in response to RFP Nos. 1, 2, 3, 8, 9 10, 13, 26 and Interrogatory No. 4 [Pl.'s MTC at 15-22]; (2) produce a witness for a 30(b)(6) deposition regarding its databases [Pl.'s MTC at 22]; (3) produce documents and data necessary for class-wide discovery [Pl.'s MTC at 23-26]; (4) describe how it processes loan modification applications in response to Interrogatory Nos. 5-8 [Pl.'s MTC at 26-27]; (5) produce internal compliance documents in response to RFP No. 4; (6) produce training materials in response to RFP No. 28 [Pl.'s MTC at 29]; and (7) produce communications with the CFPB in response to RFP No. 3 [Pl.'s MTC at 29].

Defendant responds that "Plaintiffs are not entitled to class discovery at this stage of the case." ECF No. 64 at 12 (hereinafter "Def.'s Oppo."). Defendant argues that "Plaintiffs' requests are disproportionate to the needs of this case, especially when considering that their standing to maintain their individual claims, much less their class claims,[1] is untenable at best." Id. at 14.  Defendant further argues that Plaintiffs' discovery requests are objectionable

---

[1] Defendant argues that "the protections of Regulation X apply only to loans secured by property that is a borrower's principal residence." Def.'s Oppo. at 5. Defendant contends that "[s]ince the outset of this case, SLS has questioned the standing of the original plaintiff, Margarette Smith ("Smith") (and, by extension, Plaintiffs, as her purported successors), to maintain this action." Id. Defendant argues that "[t]o the extent Plaintiffs lack standing under Regulation X, they are not adequate class representatives." Def.'s Oppo. at 14 n.10 (internal citations omitted).

on their face. Id. at 14-15. For example, Defendant argues that the requests are "worded too broadly" and "they contain no temporal limitation whatsoever or seek documents for an excessive time period." Id. at 15. Finally, Defendant argues that Plaintiffs' deposition notice, which seeks to depose an SLS employee on class-related issues, is "disproportionate to the needs of this case to the same extent as the Discovery Requests." Id. at 16.

Plaintiffs argue in their reply that Defendant's argument regarding Plaintiffs' standing lacks merit "because SLS has never actually proven that Plaintiffs lacked standing." ECF No. 68 at 7 (hereinafter "Pl.'s Reply"). Plaintiffs concede that as a result of new documents and information Defendant recently submitted, the current named Plaintiffs do not have the required personal knowledge of relevant events as required under the applicable statute; accordingly, Plaintiffs seek to withdraw and substitute another named plaintiff, Nick Nikki. Id. (citing ECF No. 63 (hereinafter "Pl.'s Mot. to Withdraw and Substitute"). Plaintiffs argue that Defendant's argument against the current named Plaintiffs are now moot. Pl.'s Reply at 7.

The scope of pre-class certification discovery lies within the sound discretion of the trial court. Coleman v. Jenny Craig, Inc., 2013 WL 2896884, at *4 (S.D. Cal. June 12, 2013) (citing Kamm v. Cal. City Dev. Co., 509 F.2d 205 (9th Cir.1975)). In seeking discovery before class certification, Plaintiffs bear the burden of making a prima facie showing that the Federal Rule of Civil Procedure 23 requirements are satisfied or that discovery is likely to substantiate the class allegations (Mantolete Burden). Salgado v. O'Lakes, 2014 WL 7272784, at *4 (E.D. Cal. Dec. 18, 2014); see also Coleman, 2013 WL 2896884, at *4 (citing Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985) ("Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion.")).

Federal Rule of Civil Procedure 23(a) permits a class action to proceed where

(1) the class is so numerous that joinder of all members is

4

> impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Additionally, a class action will only be certified if

> (1) there is a risk of substantial prejudice from separate actions; or (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) "the questions of law and fact common to class members predominate over any questions affecting only individual members and … a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Coleman, 2013 WL 2896884, at *4. "In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination" of whether a class action is maintainable. Id. (citing Kamm, 509 F.2d at 210) (stating that "[t]he propriety of a class action cannot be determined in some cases without discovery, as, for example, where discovery is necessary to determine the existence of a class or set of subclasses. To deny discovery in a case of that nature would be an abuse of discretion. Where the necessary factual issues may be resolved without discovery, it is not required.").

The Court has carefully reviewed and considered all of the briefing, supporting declarations and exhibits. The Court will address each category of disputed discovery requests below.

### 1. **Plaintiffs Seek Electronic Data in Response to RFP Nos. 1, 2, 3, 8, 9, 10, 13, 26 and Interrogatory No. 4.**

Defendant's primary objection to all of Plaintiffs' discovery requests is Plaintiffs' alleged lack of standing. ECF No. 59-1 at 35, 36, 37, 41-42, 44, and 55 (hereinafter Decl. and Supporting Exhibits in support of Pl.'s MTC"); see also Def.'s Oppo. at 12, 14. Defendant argues that "[Plaintiffs' discovery requests] are not proportional to the needs of this case" under Rule 26 because the applicable statute "does not apply to Borrower (and, by extension, Plaintiffs) insofar as the subject property was not her principal residence." Decl. and

5

16cv2519-GPC (BLM)

Supporting Exhibits in support of Pl.'s MTC at 41-42; see also Def.'s Oppo at 12, 14 ("Plaintiffs' requests are disproportionate to the needs of this case, especially when considering that their standing to maintain their individual claims, much less their class claims, is untenable at best.").

Plaintiffs respond that Defendant's opposition ignores that Plaintiffs have sought to substitute an adequate class representative. Pl.'s Reply at 5. Plaintiffs argue that Defendant's proportionality arguments, which are premised on the position that the named plaintiffs are not adequate class representatives, "completely ignores that another class member subject to *the same misconduct* by SLS, Mr. Nikki, is ready and willing to step forward as class plaintiff." Id. 5-7 (emphasis in original). Plaintiffs further argue in their reply that "disallowing class discovery would cause massive delay and would be highly prejudicial to Plaintiffs," particularly in light of the upcoming deadline to file a motion for class certification on May 7, 2018. Id. at 5-6.

The Court finds Defendant's refusal to provide discovery on this basis to be without merit and an inappropriate effort to stymie Plaintiffs' efforts to comply with the Court's scheduling order. Defendant provides no legal authority for its position that a standing objection relieves Defendant of its discovery obligations. As Plaintiffs point out, Defendant's "merits objections do not relieve it of its burden to produce relevant, discoverable materials – particularly where discovery has not been stayed." Pl.'s MTC at 30. Moreover, Defendant continues to refuse to provide discovery even though it has not filed a motion challenging Plaintiffs' standing, Plaintiffs have filed a motion to substitute in a new named Plaintiff, and this Court has not bifurcated or stayed discovery. Defendant also fails to provide an individualized analysis of why a specific discovery request is not proportional given the facts of this case and, instead, merely repeats its claim that it will not produce any discovery because it believes the named Plaintiffs lack standing. Defendant's objection to Plaintiffs' discovery requests on the basis that they are not proportional due to Plaintiffs' alleged lack of standing is without legal or factual support and accordingly, the Court **OVERRULES** this objection.

Defendant provides minimal individualized challenges to Plaintiffs' remaining discovery

requests, but the Court will address the requests and objections below.

### a. RFP Nos. 8-10 and Interrogatory No. 4

RFP Nos. 8 and 10 seek relevant documents and data stored in the electronic databases that SLS uses to service mortgages and process loss mitigation applications. ECF No. 59-1 at 15 (hereinafter "Decl. and Supporting Exhibits in support of Pl.'s MTC"). RFP No. 9 seeks database dictionaries for all such databases. Id. Interrogatory No. 4 requests that SLS describe each database, program, software or system used to process loan modification applications submitted to SLS from October 7, 2012 through the present. Id. at 28. Plaintiffs request that the documents responsive to these requests be produced in the format in which they are kept in the ordinary course of business (not hard copy, pdf, or tiff). Id. at 16. Plaintiffs argue that "[t]he core issue in this case is whether SLS complied with RESPA, and the data contained in SLS's loan servicing databases will reveal—and is necessary to prove—whether and to what extent SLS complied with 12 C.F.R. §1024.41." Pl.'s MTC at 16. Plaintiffs assert that these requests are also necessary to prove the elements of Rule 23 at class certification, including "the number of borrowers in the putative class (numerosity), SLS's uniform treatment of the class members (commonality), the predominance of the class wide RESPA violations over individual issues (predominance), and the similarity of the class treatment to Plaintiffs' individual claims (typicality)." Id. at 17. Plaintiffs further argue that these requests are related to Plaintiffs' burden of showing damages on a class wide basis, and contend Plaintiffs will be prejudiced if the requested discovery is not produced. Id. at 17-18.

In addition to its proportionality objection based on Plaintiffs' standing, which the Court has denied, Defendant objected to these requests on the basis that they are "overly-broad in that [they] contain no temporal limitation and describe[] a scope of documents using omnibus terms." Decl. and Supporting Exhibits in support of Pl.'s MTC at 41-42. Finally, Defendant objected to the requests to the extent they seek "privileged documents." Id.

Plaintiffs argue that Defendant's objections to the temporal scope of the requests fail because Plaintiffs have agreed to negotiate the temporal scope of the requests. Decl. and

Supporting Exhibits in support of Pl.'s MTC at 78 (letter to SLS from Plaintiffs' counsel noting requests for which Plaintiffs are willing to limit the temporal scope). For example, Plaintiffs agreed "to limit the scope of RFP Nos. 8 and 10 to documents, data, and information dating to October 7, 2012 (reflecting the statute of limitations under the UCL)." Id. Notably, Defendant does not address Plaintiffs' agreement to limit the scope of these requests in the Opposition or supporting declaration. See Def.'s Oppo and Declaration in support of Oppo. of Brian A. Paino. Defendant also does not provide any guidance or legal authority regarding an appropriate time frame for each discovery response.[2] Id.

Plaintiffs' Motion to Compel further responses to RFP Nos. 8-10 and Interrogatory No. 4 is **GRANTED**. First, contrary to the requirements of Fed. R. Civ. P. 34(b)(2)(C), Defendant has not identified which responsive materials are being withheld on the basis of its objections and has not described the responsive materials that it will produce. Defendant also has not complied with Fed. R. Civ. P. 34(b)(2)(B) by producing the non-objectionable responsive documents in the required time frame. Second, to the extent that Defendant is withholding documents based upon concerns regarding the personal and private information of third parties, the withholding is improper as a protective order governing the disclosure of confidential information has been entered by this Court [see ECF No. 44]. If the withholding is based upon a privilege, than Defendant must provide Plaintiff with a privilege log. Third, Defendant does not provide a response to the temporal limitations proposed by Plaintiffs and the single argument articulated by Defendant is incomplete and not tied to any specific discovery request [see supra n. 2 and Oppo. at 11] so the Court accepts Plaintiffs' dates. Fourth, Defendant also fails to tie its objection to Plaintiffs' use of omnibus terms to any specific discovery requests and fails to articulate why the terms prevent Defendant from

---

[2] Defendant sets forth an argument that Plaintiff's unfair competition law claim is premised on violations of 12 C.F.R. § 1024.41, which did not go into effect until January 10, 2014, so any conduct prior to January 10, 2014 is irrelevant. Oppo. at 15. However, Defendant does not tie this argument to a specific discovery request or requests. Defendant also does not discuss the relevant time frame for any of Plaintiffs' other legal claims. Accordingly, the Court will utilize the dates proposed by Plaintiffs.

producing any responsive documents. While terms such as "related to" or "reflecting" may render a request unreasonably overbroad, Defendant has not presented any argument supporting such a finding as to any specific request in this case so the Court overrules this objection. See e.g. S.D. Cal. Civ. R. 7.1(f)(3)(c) ("[t]he opposition must contain a brief and complete statement of all reasons in opposition to the position taken by the movant, an answering memorandum of points and authorities, and copies of all documentary evidence upon which the party in opposition relies"); see also See Montgomery v. Wal-Mart Stores, Inc., 2013 U.S. Dist. LEXIS 133754, *25-26 (S.D. Cal. July 17, 2015) (held that a document request "seek[ing] production of all deposition transcripts and exhibits from other case(s) or claim(s) related to the incident" was not overbroad because it was "narrowly tailored.") Finally, the Court has not bifurcated discovery so Defendant's argument that the requested discovery must wait until after the class certification motion is decided, fails. Defendant is **ORDERED** to produce additional responses to RFP Nos. 8-10 and Interrogatory No. 4 (using the temporal limitations proposed by Plaintiffs) on or before **April 20, 2018**.

In their moving papers, Plaintiffs propose using the sampling methodology[3] set forth in Ms. Persinger's January 31, 2018 letter, rather than requiring Defendant to analyze and produce all of its loan data. Decl. and Supporting Exhibits in support of Pl.'s MTC at 111. Defendant fails to address this suggestion in its opposition. See Oppo. Plaintiffs' sampling proposal appears reasonable and given Defendant's lack of opposition, the Court **ORDERS**

---

[3] Plaintiffs proposed that, rather than conduct an analysis of all loan data possessed by SLS, the parties utilize a sampling method. Persinger Decl., ¶¶ 17-18. Plaintiffs proposed sampling is summarized below:

1. SLS will provide a spreadsheet of loans from January 1, 2014 to the present for which the borrower submitted a loan modification application.
2. Plaintiffs will provide the spreadsheet to their statistics expert, Dr. Abraham J. Wyner. Dr. Wyner will produce a statistically robust sample of loans.
3. Plaintiffs will provide the sample to SLS, along with an explanation of Dr. Wyner's methodology.
4. SLS will then provide the complete electronic loan records for the sample, as those records are maintained in the ordinary course of business.

See Persinger Decl., ¶¶ 17-18.

Defendant to produce responsive information and documents consistent with Plaintiffs' sampling proposal for the disputed requests identified by Plaintiffs.

### b. **RFP Nos. 1-3, 13 and 26**

RFP Nos. 1, 2, 3, 13 and 26 seek documents, including internal documents, related to SLS's compliance or non-compliance with RESPA's loss mitigation procedures, including but not limited to training materials and relevant communications with the Consumer Financial Protection Bureau. Decl. and Supporting Exhibits in support of Pl.'s MTC at 14, 16, 26. In addition to the proportionality objection, which the Court has denied, Defendant objected to these requests on the grounds that they are "overly-broad in that [they] contain no temporal limitation and describe[] a scope of documents using omnibus terms." Decl. and Supporting Exhibits in support of Pl.'s MTC at 35, 36, 37, 44, and 55. Defendant also objected to the requests to the extent they seek "privileged documents." Id. With respect to RFP Nos. 1, 2, and 13, Defendant agreed to produce, subject to its objections, "all relevant, non-privileged documents in its possession that are responsive to this request." Id. at 35-36. With respect to RFP Nos. 3 and 26, Defendant failed to provide any specific objections other than overbreadth. Decl. and Supporting Exhibits in support of Pl.'s MTC at 44, and 55.

Plaintiffs argue that these documents are relevant to Plaintiffs' motion for class certification, which will "rest on the ability to show through common evidence that SLS did not make a reasonable effort to comply with RESPA in 2013 during the grace period before RESPA became effective in 2014, as well as after it became effective." Pl.'s MTC at 21. Plaintiffs contend that the requested discovery is "proportional to the needs of this case, and SLS should be ordered to meet and confer to develop search terms and then to produce electronically stored information in such a manner that Plaintiffs can search it. . ." Id. (internal citation omitted). Plaintiffs agree to limit the scope of RFP No. 26 to correspondence from January 10, 2014 to the present. Id. at 81-83. Defendant's Opposition fails to address or expand on its basis for withholding the requested discovery and fails to address Plaintiff's proposed temporal limitation or to propose a more appropriate limitation. See Def.'s Oppo..

For the reasons set forth above, the Court finds that the requested documents are relevant at this stage, Defendant's general objections are inappropriate and without support, and Defendant's refusal to provide any responsive discovery is improper and without merit. Plaintiffs' Motion to Compel further responses to RFP Nos. 1, 2, 3 and 13 and 26 is **GRANTED**, adding the temporal limitations suggested by Plaintiffs, and Defendant is **ORDERED** to produce responsive documents to RFP Nos. 1, 2, 3, 13 and 26 on or before **April 20, 2018**. For electronically stored information (ESI) responsive to these requests, the Court **ORDERS** Defendant to meet and confer with Plaintiffs and agree on search terms on or before **April 13, 2018.**

2. **Plaintiffs Request a Witness for a 30(b)(6) Deposition Regarding Defendant's Databases.**

Plaintiffs move to compel the testimony of a 30(b)(6) witness knowledgeable about "electronic databases, systems, and software used by [Defendant] to service mortgages, including, but not limited to, any activities relating to RESPA, foreclosure, loss mitigation applications, or compliance." Pl.'s MTC at 22; see also Decl. and Supporting Exhibits in support of Pl.'s MTC at 87-89. Plaintiffs contend that this is necessary "to understand the data that [Defendant] will eventually need to provide from its databases, and to confirm that the production is complete and includes data from *all* relevant platforms and databases." Pl.'s MTC at 22. Plaintiffs also claim that access to the data in Defendant's databases "is essential for Plaintiffs to carry their burden at class certification and prove the merits of their case." Id. at 23. Plaintiffs claim they served Defendant with notice of the deposition on January 24, 2018 and that Defendant did not object in writing to the notice. Id. at 22; Decl. and Supporting Exhibits in support of Pl.'s MTC at 3, 87-90. Plaintiffs further claim that Defendant orally objected to the proposed location of the deposition during a meet-and-confer on February 1, 2018, and that Plaintiffs agreed to hold the deposition in Colorado where Defendant is headquartered or another mutually agreeable location at a mutually agreeable time, and that Defendant agreed to consider it. Pl.'s Mot. at 22; Decl. and Supporting Exhibits

in support of Pl.'s MTC at 4-5. Plaintiffs contend that it was not until a meet-and-confer on March 1, 2018 that Defendant asserted its objection to the 30(b)(6) request based on Plaintiffs' standing. Pl.'s Mot. at 22; Decl. and Supporting Exhibits in support of Pl.'s MTC at 7. Plaintiffs argue that Defendant waived its objections to this deposition by failing to serve Plaintiffs with any written objections. Pl.'s Mot. at 22. Additionally, Plaintiffs argue that because Defendant has not objected that a deposition in Colorado at a mutually agreeable time is "inconvenient, burdensome, or expensive," Defendant must produce a 30(b)(6) witness as requested. Id. at 22-23 (internal citation omitted).

Defendant responds that "SLS notified Plaintiffs in writing of its objection to the location of the proposed deposition." Def.'s Oppo. at 16 (citing ECF No. 65 at 2, ¶ 6 (hereinafter "Amended Decl. and Supporting Exhibits in support of Def.'s Oppo.") Defendant further argues that "at most, a failure to object to the Deposition Notice in writing would have constituted a waiver of errors or irregularities with the notice." Id. (citing Fed. R. Civ. P. 32(d)(1)). Notwithstanding this, Defendant argues broadly "[b]ecause the Deposition Notice sought class-related discovery, it is disproportionate to the needs of the case to the same extent as the Discovery Requests." Id. Plaintiffs argue in their reply that Defendant's position on this issue is confusing. Pl.'s Reply at 8. "SLS complains that Plaintiffs sought to schedule the deposition in Oakland, but Plaintiffs agreed that the deposition could be held in Colorado at a date and time that was mutually agreeable." Id. (citing Persinger Decl. ¶ 18). Plaintiffs note that the offer to hold the deposition in Colorado still stands. Id.

An organization may be deposed in the following manner:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6).

Because the Court has denied Defendant's proportionality objection based on the standing issue, the only remaining dispute in connection with Plaintiffs' request for a 30(b)(6) deposition regarding Defendant's databases appears to be in connection with the timing and location of the deposition. Accordingly, Plaintiffs' Motion to Compel the testimony of a 30(b)(6) witness knowledgeable about "[t]he electronic databases, systems, and software used by [Defendant] to service mortgages, including, but not limited to, any activities relating to RESPA, foreclosure, loss mitigation applications, or compliance" is **GRANTED**. The Court **ORDERS** the noticed deposition to occur in Colorado on or before **April 20, 2018** unless the parties agree on another time or place.

### 3. Plaintiffs' Remaining Discovery Requests-RFP Nos. 3-4, 6, 15-17, 19, 21-23, 25-28 and Interrogatory Nos. 1-3, 5-8

Plaintiffs move to compel responses to Requests for Production Nos. 3-4, 6, 15-17, 19, 21-23, and 25-28 and Interrogatories 1-3 and 5-8. Pl.'s MTC at 23-30; see also Decl. and Supporting Exhibits in support of Pl.'s MTC at 33-58. Plaintiffs explain in detail in their Motion to Compel about the categories of documents and information they seek and why they are relevant, and make legal and factual arguments in support of production. Pl.'s MTC at 23-30. Defendant objected to these requests for various reasons in their original responses served on January 9, 2018, but Defendant failed to respond to Plaintiffs' arguments regarding these requests. See Decl. and Supporting Exhibits in support of Pl.'s MTC at 33-58; see also Def.'s Oppo. at 14-15. Instead, Defendant merely argued broadly and apparently as to all discovery requests that "these discovery requests are objectionable" because they are "worded too broadly" and "contain either no temporal limitation" or "seek documents for an excessive time period." Def.'s Oppo. at 14-15. For the reasons discussed above, the Court adopts the temporal limitations proposed by Plaintiff, overrules Defendant's general objections, and finds Defendant's failure to produce documents and provide substantive responses improper.

Interestingly, in its opposition, Defendant includes a statement that "the Discovery

Requests seek information for borrowers without regard for the exemptions under 1024.41." Id. at 15. Defendant fails to connect this statement or objection to any of Plaintiffs' specific requests. Instead, Defendant simply cites the following code sections "12 C.F.R. § 1024.41(c)(1) (requiring submission of application at least 37 days prior to scheduled foreclosure sale) [and] 12 C.F.R. § 1024.41(i) (limiting rights to first complete application)" without any explanation of why or how these code sections apply to the disputed requests. Id. Because Defendant fails to provide legal authority and analysis explaining its objection or statement and tying it/them to specific discovery requests, the Court overrules this objection. See S.D. Cal. Civ. R. 7.1(f)(3)(c).

Plaintiffs' Motion to Compel further responses to Requests for Production Nos. 3-4, 6, 15-17, 19, 21-23, and 25-28 and Interrogatories 1-3 and 5-8 is **GRANTED**. Defendant is **ORDERED** to produce responsive information and documents to these requests on or before **April 20, 2018**. For electronically stored information (ESI) responsive to these requests, the Court **ORDERS** Defendant to meet and confer with Plaintiffs and agree on search terms on or before **April 13, 2018.** For the disputed requests where Plaintiffs seek a sampling, Defendant is **ORDERED** to produce responsive information and documents consistent with Plaintiffs' sampling proposal. See Persinger Decl., ¶¶ 17-18.

## B. **Defendant's Motion for a Protective Order Requesting a Stay of Discovery.**

Defendant filed a Motion for Protective Order on the basis that good cause exists to stay class discovery in this case because of "(1) Plaintiffs' factual misrepresentations in the SAC; and (2) the possibility that they lack standing under Regulation X." ECF No. 59-1 at 11-15 (hereinafter "Def.'s Mot. for PO"). Defendant contends "[b]ecause Plaintiffs have not yet addressed the misstatements in the SAC, SLS submits that class discovery should be stayed for a minimum of 60 days[4] to allow SLS to pursue the Rule 11 Motion, as necessary, and

---

[4] Defendant's reply in support of its Motion for Protective Order seeks class discovery in this case should be stayed indefinitely. ECF No. 69 at 7.

14

separately move for a determination on Plaintiffs' standing under Regulation X to the extent the issue is not resolved through the Rule 11 Motion." Id. at 16.  Plaintiffs oppose on the grounds that Defendant's Motion is an "attempt to distract the Court from SLS's reprehensible conduct." ECF No. 67 at 6 (hereinafter "Pl.'s Oppo.").   Plaintiffs argue that "(1) the Court has already concluded that Plaintiffs' substantive allegations against SLS state a claim for violations of RESPA, and (2) a substitute named plaintiff, Mr. Nikki, who suffered the same kinds of violations as Plaintiffs, stands ready to assume the role of named plaintiff in this case." Id. Plaintiffs further argue that "[Defendant's] positions on the merits of the individual Plaintiffs' claims have never warranted staying class discovery" and that "Plaintiffs are entitled to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (citing Pershing Pac. West, LLC v. MarineMax, Inc., 2013 WL 941617, at *2 (S.D. Cal. Mar. 11, 2013)).

      The Court finds no basis to stay discovery. Defendant has not established that Plaintiff made material factual representations in the SAC which affect the validity of the claim(s) nor has it filed a motion for Rule 11 sanctions, the two articulated bases for this motion.  In addition, as discussed above with regards to Plaintiffs' motion to compel, the Court finds that it is appropriate and important for discovery to continue.  For these reasons, and in light of the upcoming hearing before the District Court Judge regarding Plaintiffs' Motion to Withdraw as Named Plaintiffs and Substitute Nick Nikki as Named Plaintiff on April 20, 2018 [ECF No. 66] and the quickly approaching class certification deadline on May 7, 2018 [ECF No. 61], the Court **DENIES** Defendant's Motion for Protective Order staying discovery.

      **IT IS SO ORDERED**.

Dated: 4/6/2018

Hon. Barbara L. Major
United States Magistrate Judge